**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **SEA ISLAND COMPANY,** | ) | **Case No. 10-21034** |
| **SEA ISLAND COASTAL PROPERTIES LLC,** | ) | **Case No. 10-21035** |
| **SEA ISLAND SERVICES, INC.,** | ) | **Case No. 10-21036** |
| **SEA ISLAND RESORT RESIDENCES, LLC,** | ) | **Case No. 10-21037** |
| **SEA ISLAND APPAREL, LLC,** | ) | **Case No. 10-21038** |
| **FIRST SEA ISLAND, LLC,** | ) | **Case No. 10-21039** |
| **and SICAL, LLC,** | ) | **Case No. 10-21040** |
| | ) | |
| Debtors. | ) | |
| | ) | |

**APPLICATION FOR AUTHORITY TO RETAIN GILBERT, HARRELL,
SUMERFORD & MARTIN, P.C. AS CO-COUNSEL TO THE DEBTORS
<u>NUNC PRO TUNC TO THE PETITION DATE</u>**

Sea Island Company; Sea Island Coastal Properties LLC; Sea Island Services, Inc.; Sea Island Resort Residences, LLC; Sea Island Apparel, LLC; First Sea Island, LLC; and SICAL, LLC (collectively, the "<u>Debtors</u>") file this Application for Authority to Retain Gilbert, Harrell, Sumerford & Martin, P.C. as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date (the "<u>Application</u>"). In support of the Application, the Debtors respectfully represent as follows:

**<u>JURISDICTION AND VENUE</u>**

1.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>") and Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## BACKGROUND

3. On August 10, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.

4. On the Petition Date, each Debtor filed a substantially similar motion with this Court seeking to have its bankruptcy case jointly administered with the other Debtors' cases pursuant to Bankruptcy Rule 1015(b).

5. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of David Bansmer in Support of First Day Motions and Applications* filed on the Petition Date and incorporated herein by reference.

6. The Debtors have continued in possession of their properties and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. As of the date of this filing, no official committee of unsecured creditors has been appointed in any of these cases, and no request has been made for the appointment of a trustee or examiner.

## RELIEF REQUESTED

8. By this Application, the Debtors respectfully request the entry of an order, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing them to employ Gilbert, Harrell, Sumerford & Martin, P.C. ("Gilbert Harrell") as their counsel in these chapter 11 cases and any related proceedings.  Gilbert Harrell shall represent the Debtors with co-counsel King and Spalding.

## BASIS FOR RELIEF

9. Pursuant to section 327(a), the Debtors request that the Court approve their retention of Gilbert Harrell as their attorneys *nunc pro tunc* to the Petition Date to perform the

legal services that will be necessary during their chapter 11 cases in accordance with Gilbert Harrell's normal hourly rates and disbursement policies.

10.    Gilbert Harrell has served as the Debtors attorneys since 1926.  Since this time, Gilbert Harrell has developed a great deal of institutional knowledge regarding the Debtors' operations, capital structure, and systems.  Such experience will be valuable to the Debtors throughout these chapter 11 cases.

11.    The Debtors have selected Gilbert Harrell as their attorneys because of the firm's extensive experience and knowledge of the Debtors and their affairs and its recognized expertise in the field of debtors' protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code, as well as in other areas of law related directly or indirectly to these chapter 11 cases.  Gilbert Harrell has the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of the Debtors' bankruptcy cases.  The Debtors believe that Gilbert Harrell is both well qualified and uniquely able to represent them in these cases and in other matters in a most efficient and timely manner.

12.    The employment of Gilbert Harrell is appropriate and necessary to enable the Debtors to execute faithfully their duties as Debtors and debtors-in-possession and to implement the reorganization of the Debtors' financial affairs.  Subject to further order of this Court, it is proposed that Gilbert Harrell be employed for the following purposes:

> (a)    to advise the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their business;

> (b)    to take all necessary action to protect and preserve the estates of the Debtors, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

(c)  to prepare on behalf of the Debtors all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

(d)  to negotiate and prepare on behalf of the Debtors a plan, a disclosure statement, and all related documents;

(e)  to negotiate and prepare documents relating to the disposition of assets, as requested by the Debtors;

(f)  to advise the Debtors, when appropriate, with respect to federal and state regulatory matters;

(g)  to advise the Debtors on finance, and finance-related matters and transactions, and matters relating to the sale of the Debtors' assets; and

(h)  to perform such other legal services for the Debtors as may be necessary and appropriate, including services as a title insurance agency relative to real estate owned by Debtors.

13.  It is necessary for the Debtors to employ attorneys to render the foregoing services.

14.  Gilbert Harrell has stated its desire and willingness to act in these cases and to render the necessary professional services as attorneys for the Debtors.

15.  To the best of the Debtors' knowledge: (a) Gilbert Harrell neither holds nor represents any interest adverse to the Debtors' estates; (b) Gilbert Harrell is not a creditor, an equity security holder, or an insider of the Debtors; (c) Gilbert Harrell is not and was not a director, officer, or employee of any of the Debtors; and (d) except as specifically disclosed more fully in the *Declaration of Rees M. Sumerford and Disclosure of Compensation* (the "Sumerford Declaration" attached hereto as Exhibit A), Gilbert Harrell has had no connection with the Debtors, their creditors, any party-in-interest (or their respective attorneys and accountants), the United States Trustee, the Bankruptcy Judge presiding in these cases, or any person employed in the office of the United States Trustee.  The Debtors believe that Gilbert Harrell is a

"disinterested person" within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code.

16.    As noted in the Sumerford Declaration, Gilbert Harrell has over the course of many years represented parties who now are, or may have been, shareholders, members, officers and/or directors of Debtors; members of the Sea Island Club, Ocean Forest Club, and/or Frederica Golf Club; and/or, potential holders of claims against Debtors in these chapter 11 cases.  John J. Gilbert, deceased, a former shareholder of Gilbert Harrell, was an officer and director of Sea Island Company up to the time of his death, not less than 15 years ago.  James B. Gilbert, Jr., a former shareholder of Gilbert Harrell, is a Senior Vice President and General Counsel for Sea Island Company.  Some shareholders, associates and/or of counsel of Gilbert Harrell currently hold membership interests in the Sea Island Club, Ocean Forest Club, and/or Frederica Golf Club.  Specifically, the following shareholders, associates, and/or of counsel of Gilbert Harrell are members of the Sea Island Club, the Ocean Forest Club, and/or the Frederica Golf Club:

| | |
|---|---|
| Wallace E. Harrell | Sea Island, Ocean Forest |
| Rees M. Sumerford | Sea Island, Frederica Golf Club |
| M. F. Martin, III | Sea Island |
| Mark D. Johnson | Sea Island; Frederica Golf Club (inactive) |
| J. Benedict Hartman | Sea Island |
| Joseph F. Strength | Sea Island |
| J. T. Johnson | Sea Island |
| Abney H. Whitehead | Sea Island |
| Charles M. LeRoux, III | Sea Island |
| K. Martin Worthy | Sea Island (inactive) |

These individuals may hold an interest adverse to Debtors' estates.  In light of the foregoing, Gilbert Harrell has represented the following to the Debtors: (1) firm members and employees holding membership rights to the aforementioned clubs (hereinafter referred to as "Firm Club Members") agree to not participate in the bankruptcy proceedings relative to such interests,

agreeing that their membership interests would simply be affected just as all other memberships in this case;[1] and (2) Gilbert Harrell assures that all work done by the firm would be done "by committee", i.e. in concert with King & Spalding, LLP and/or multiple members of Gilbert Harrell who do not hold any interest in any Sea Island Club memberships, avoiding situations in which attorneys holding memberships would ever be in a position of advising Debtors without non-Firm Club Member attorneys also being involved.

17.     In the alternative, should this court reject the foregoing proposals from Gilbert Harrell, Gilbert Harrell agrees to allow only non-club member attorneys and club member attorneys who have waived their creditor status to engage in the representation of Debtors. *See In re: Pica Systems, Inc.,* 124 Bankr. 30, 33 (E.D. Mich.  1991) (finding creditors may be employed by the estate if they waive their pre-petition claim).   Gilbert Harrell represents to the Debtors that with respect to those Firm Club Members who are not willing to waive their creditor status, Gilbert Harrell has established effective screening devices, more fully described in the Sumerford Declaration, to insulate those Firm Club Members from this matter. *Vergos v. Timber Creek, Inc.*, 200 B.R. 624, 626 (W.D. Tenn.) (affirming bankruptcy court's holding that ethical screening mechanism effectively quarantined a partner that was both a director and an equity holder of the debtor); *see also In re Chicago South Shore and South Bend RR*, 101 B.R. 10, 14-15 (Bankr. N.D. Ill. 1989) (finding that proposed counsel could effectively implement an ethical screening wall around a partner that had previously represented a company with an interest adverse to debtor).

---

[1] Firm Club Members retain the right to file a claim and would receive whatever treatment or post-confirmation status is afforded other membership holders, but would not take part in any efforts of club members to affect the course of the case, including not casting ballots on a plan.

18.     Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain Gilbert Harrell on any reasonable terms and conditions.  The Debtors and Gilbert Harrell have agreed that Gilbert Harrell will be compensated for services at hourly rates and reimbursed for reasonable and necessary expenses, subject to approval of the Court under section 330 of the Bankruptcy Code.  The current standard hourly rates of Gilbert Harrell's attorneys range from a low of $200 per hour to as much as $375 per hour for certain senior shareholders, and the current standard hourly rates of Gilbert Harrell's support staff range from a low of $50 to a high of $75.  Gilbert Harrell's standard hourly rates are subject to adjustment annually as of January 1 of each year.  Gilbert Harrell will file fee applications with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the Southern District of Georgia, and orders of this Court.

19.     Prior to the Petition Date, Gilbert Harrell received certain amounts (as set forth in the Sumerford Declaration) from the Debtors as compensation for professional services performed, for the reimbursement of reasonable and necessary expenses incurred in connection therewith, and as a general retainer.

## NOTICE

20.     Notice of this Application has been provided to the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, and the Debtors' thirty (30) largest unsecured creditors on a consolidated basis.  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court:

(a)     enter an order in the form attached hereto as Exhibit B appointing Gilbert Harrell as the Debtors' co-counsel *nunc pro tunc* to Date; and

(b)      grant the Debtors such other and further relief as is just and proper.

This 10th day of August, 2010.
Brunswick, Georgia

                                          Respectfully submitted,

                                          Sea Island Company


                                          By: /s/ David Bansmer
                                                David Bansmer
                                                President and Chief Operating Officer of
                                                Sea Island Company

## <u>EXHIBIT A</u>

**Declaration of Rees M. Sumerford and Disclosure of Compensation**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **SEA ISLAND COMPANY,** | ) | **Case No. 10-21034** |
| **SEA ISLAND COASTAL PROPERTIES LLC,** | ) | **Case No. 10-21035** |
| **SEA ISLAND SERVICES, INC.,** | ) | **Case No. 10-21036** |
| **SEA ISLAND RESORT RESIDENCES, LLC,** | ) | **Case No. 10-21037** |
| **SEA ISLAND APPAREL, LLC,** | ) | **Case No. 10-21038** |
| **FIRST SEA ISLAND, LLC,** | ) | **Case No. 10-21039** |
| **and SICAL, LLC,** | ) | **Case No. 10-21040** |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

### DECLARATION OF REES M. SUMERFORD
### AND DISCLOSURE OF COMPENSATION

I, Rees M. Sumerford, hereby state and declare as follows:

1.      I am a shareholder in the firm of Gilbert, Harrell, Sumerford & Martin, P.C. ("Gilbert Harrell"), a law firm that maintains an office at 777 Gloucester Street, Suite 200, Brunswick, Georgia 31521-0190.  I am duly authorized to make this Declaration on behalf of Gilbert Harrell, and I make this Declaration in support of the Application for Authority to Retain Gilbert, Harrell, Sumerford & Martin, P.C. as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date (the "Application") of Sea Island Company; Sea Island Coastal Properties LLC; Sea Island Services, Inc.; Sea Island Resort Residences, LLC; Sea Island Apparel, LLC; First Sea Island, LLC; and SICAL, LLC (collectively, the "Debtors").  The facts set forth in this Declaration are personally known to me, and, if called as a witness, I could and would testify thereto.  Unless otherwise defined, all capitalized terms used herein have the meanings given to them in the Application.

2.  Neither Gilbert Harrell, nor any shareholder of, associate of, or counsel to Gilbert Harrell represents any entity other than the Debtors in, or in connection with, the Debtors' chapter 11 cases.

3.  Gilbert Harrell is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that, except as otherwise disclosed herein, Gilbert Harrell, its shareholders, counsel, and associates:

    (a)  are not creditors, equity holders, or insiders of the Debtors;

    (b)  are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of either of the Debtors; and

    (c)  do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

4.  Gilbert Harrell has represented the Debtors on a variety of matters since 1926.

5.  Gilbert Harrell is not a creditor of the Debtors. Since July 1, 2009, the Debtors have paid Gilbert Harrell $975,237.65 for services rendered, $13,004.43 as reimbursement for expenses incurred, and $75,000.00 as a general retainer. Since its receipt of the general retainer, Gilbert Harrell has applied $8,825.00 against amounts due to it for fees and expenses. Prior to the application of the general retainer to certain pre-petition fees and expenses, there remains an unapplied balance of $66,175.00. All amounts remaining in the general retainer after application of such retainer to pre-filing fees and expenses shall be retained by Gilbert Harrell and applied pursuant to orders of this Court.

6.  To the best of my knowledge, information, and belief formed after reasonable inquiry, other than in connection with these cases, neither I nor Gilbert Harrell has any connection with the Debtors, their creditors, the United States Trustee, the Bankruptcy Judge presiding in these cases, or any other party with an actual or potential interest in these chapter 11

cases (or its respective attorneys or accountants), except that: (a) Gilbert Harrell may have appeared from time to time in the past, and may appear in the future, in other cases or matters in which one or more of such parties may have been or may be involved; (b) Gilbert Harrell may have been retained by certain creditors and other parties-in-interest or their attorneys, accountants, or professionals in other cases or matters unrelated to the Debtors or their Chapter 11 cases; and (c) Some shareholders, associates and/or of counsel of Gilbert Harrell currently hold membership interests in the Sea Island Club, Ocean Forest Club, and/or Frederica Golf Club. Specifically, the following shareholders, associates, and/or of counsel of Gilbert Harrell are members of the Sea Island Club, the Ocean Forest Club, and/or the Frederica Golf Club:

| | |
|---|---|
| Wallace E. Harrell | Sea Island, Ocean Forest |
| Rees M. Sumerford | Sea Island, Frederica Golf Club |
| M. F. Martin, III | Sea Island |
| Mark D. Johnson | Sea Island; Frederica Golf Club (inactive) |
| J. Benedict Hartman | Sea Island |
| Joseph F. Strength | Sea Island |
| J. T. Johnson | Sea Island |
| Abney H. Whitehead | Sea Island |
| Charles M. LeRoux, III | Sea Island |
| K. Martin Worthy | Sea Island (inactive) |

These individuals may hold an interest adverse to Debtors' estates. In light of the foregoing, Gilbert Harrell represents the following to the Debtors: (1) Firm members and employees holding membership rights to the aforementioned clubs (hereinafter referred to as "Firm Club Members") agree to not participate in the bankruptcy proceedings relative to such interests, agreeing that their membership interests would simply be affected just as all other memberships in this case;[1] and (2) Gilbert Harrell assures that all work done by the firm would be done "by committee", i.e. in concert with King & Spalding, LLP and/or multiple members of Gilbert

---

[1] Firm Club Members retain the right to file a claim and would receive whatever treatment or post-confirmation status is afforded other membership holders, but would not take part in any efforts of club members to affect the course of the case, including not casting ballots on a plan.

3

Harrell who do not hold any interest in any Sea Island Club memberships, avoiding situations in which attorneys holding memberships would ever be in a position of advising Debtors without non-Firm Club Member attorneys also being involved.

In the alternative, should this court reject the foregoing proposals from Gilbert Harrell, Gilbert Harrell agrees to allow only non-club member attorneys and club member attorneys who have waived their creditor status to engage in the representation of Debtors.  Gilbert Harrell represents to the Debtors that with respect to those Firm Club Members who are not willing to waive their creditor status, Gilbert Harrell has established effective screening devices to insulate Firm Club Members who do not waive their creditor status from this matter.  No Gilbert Harrell attorney working on these chapter 11 cases will discuss these chapter 11 cases with Firm Club Members who do not waive their creditor status.  Firm Club Members who do not waive their creditor status will not work on any matter involving the Debtors and will not have access to any documents relating to these chapter 11 cases.  The existence of this ethical screen has been communicated to all Gilbert Harrell attorneys and paralegals and they have been instructed not to discuss matters related to these companies with Firm Club Members who do not wish to waive their creditor status.

7.    John J. Gilbert, deceased, a former shareholder of Gilbert Harrell, was an officer and director of Sea Island Company up to the time of his death, not less than 15 years ago. James B. Gilbert, Jr., a former shareholder of Gilbert Harrell, is a Senior Vice President and General Counsel for Sea Island Company.

8.    Gilbert Harrell has researched its client database to determine whether it has any relationships with the following entities (collectively, the "Interested Parties"):

    (a)    the Debtors;

    (b)    the Debtors' thirty (30) largest unsecured creditors as of August 10, 2010;

4

     (c)       the Debtors' current and past officers and directors;

     (d)       the Debtors' accountants; and

     (e)       those other creditors and parties in interest listed on <u>Attachment 1</u> hereto.

The identities of the Interested Parties were provided to Gilbert Harrell by the Debtors and are listed on <u>Attachment 1</u> hereto.

     9.      My review of the results of the search of our client database with regard to the Interested Parties indicates that Gilbert Harrell currently represents the following entities or one or more of their parent companies, subsidiaries, or affiliates in connection with matters totally unrelated to the Debtors or their chapter 11 cases:

       Sea Island Company
       Sea Island Coastal Properties LLC
       Sea Island Services, Inc.
       Sea Island Resort Residences, LLC
       Sea Island Apparel, LLC
       First Sea Island, LLC
       SICAL, LLC
       Betty Jones
       Edward T. Wright
       Merrell Hawkins LLC
       C.T.Adams
       Bill Smith
       Bob Flight
       Jan Jones
       Sue M. Sayer
       J. W. Mcswiney
       Peter Capone
       Davis Love III
       Sam Nunn
       Georgia Power
       Clifford Owens, Jr.
       Merry T. Tipton
       Bill Edenfield
       Joyce McNeely
       William C. Smith
       Bank of America, N.A.
       Synovus
       Katherine J. O'Connor
       Marianna Kuntz

Estate of Alfred W. Jones, Jr.
Howard C. Jones Trust B QTIP
American International Specialty
Great American Insurance Co. of NY
Liberty Mutual Fire Insurance Company
National Casualty
Travelers
XK Insurance America, Inc.
David Bansmer
James B. Gilbert, Jr.
Charles Allen Brown
Ron Roberts
Vassa Cate
Richard Shelnutt
Alfred W. Jones, III
J. Dewey Benefield, Jr.
Richard V. Giery
Walter McNeely
J. David Everett
Dennie L. McCrary
Meg Galletti
Peter Galletti
Matt Hodgdon
Jimmy Blanchard
James F. Brown
Brian M. Young
D.McCaskill and A.B. McCaskill Friedman
Sea Marshes Development
JLV VASI, LLC
Ecolab
Emery Enterprises
GE Capital
Golden Isles Office Equipment
Hasty's Communications
John Deere Credit
IBM
Moore Stephens Tiller LLC

10.     My review of the results of the search of our client database with regard to the

Interested Parties also indicates that Gilbert Harrell previously represented the following persons

and entities or one or more of their parent companies, subsidiaries, or affiliates in the past two

(2) years in connection with matters totally unrelated to the Debtors or their chapter 11 cases:

6

Sea Island Company
Sea Island Coastal Properties LLC
Sea Island Services, Inc.
Sea Island Resort Residences, LLC
Sea Island Apparel, LLC
First Sea Island, LLC
SICAL, LLC
Betty Jones
Edward T. Wright
Merrell Hawkins LLC
C.T.Adams
Bill Smith
Bob Flight
Jan Jones
Sue M. Sayer
J. W. Mcswiney
Peter Capone
Davis Love III
Sam Nunn
Georgia Power
Clifford Owens, Jr.
Merry T. Tipton
Bill Edenfield
Joyce McNeely
William C. Smith
Bank of America, N.A.
Synovus
Katherine J. O'Connor
Marianna Kuntz
Estate of Alfred W. Jones, Jr.
Howard C. Jones Trust B QTIP
American International Specialty
Great American Insurance Co. of NY
Liberty Mutual Fire Insurance Company
National Casualty
Travelers
XK Insurance America, Inc.
David Bansmer
James B. Gilbert, Jr.
Charles Allen Brown
Ron Roberts
Vassa Cate
Richard Shelnutt
Alfred W. Jones, III
J. Dewey Benefield, Jr.
Richard V. Giery

Walter McNeely
J. David Everett
Dennie L. McCrary
Meg Galletti
Peter Galletti
Matt Hodgdon
Jimmy Blanchard
James F. Brown
Brian M. Young
D.McCaskill and A.B. McCaskill Friedman
Sea Marshes Development
JLV VASI, LLC
Ecolab
Emery Enterprises
GE Capital
Golden Isles Office Equipment
Hasty's Communications
John Deere Credit
IBM
Moore Stephens Tiller LLC

11.     Gilbert Harrell may have represented other Interested Parties on matters totally unrelated to the Debtors or their chapter 11 cases during the period which is more than two (2) years prior to the Petition Date.

12.     As part of its practice, Gilbert Harrell appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, including other professionals representing the Debtors.  In certain instances, such professionals may be the client of Gilbert Harrell or may represent Gilbert Harrell.  All of the other cases, proceedings, and transactions in which Gilbert Harrell is involved and professionals representing the Debtors or other parties-in-interest are also involved are totally unrelated to the Debtors and their chapter 11 cases.

13.     There are thousands of creditors and parties-in-interest in the Debtors' chapter 11 cases.  I anticipate that a review of Gilbert Harrell's client database with regard to all of the Debtors' creditors and parties in interest would disclose that Gilbert Harrell previously

represented and/or currently represents one or more creditors or parties-in-interest (or one or more of their respective parent companies, subsidiaries, and affiliates) in addition to those of the Interested Parties who are specifically identified in paragraphs 9 and 10 of this Declaration.  My review of the results of the search of our client database indicates, however, that any and all such other representation(s) of a creditor or party-in-interest would have been or would be in connection with matters totally unrelated to the Debtors and their chapter 11 cases.

14.     To the best of my knowledge, information, and belief formed after reasonable inquiry, neither I nor Gilbert Harrell holds or represents any interest adverse to the Debtors' estates.   Some shareholders, associates, and/or of counsel of Gilbert Harrell are members of the Sea Island Club, the Ocean Forest Club, and/or the Frederica Golf Club and, as such may hold an interest adverse to Debtors' estates; provided, all such individuals consent to Gilbert Harrell's application to represent Debtors in their chapter 11 cases.

15.     The Debtors have consented to the continued and future representation by Gilbert Harrell of persons and entities who are creditors or parties-in-interest in their chapter 11 cases on matters unrelated to the Debtors and these chapter 11 cases, and has waived any conflict that might otherwise exist as a result of such other unrelated representations.

16.     Subject to the Court's approval of the Application, Gilbert Harrell will earn and receive only those fees and other payments authorized by this Court.

17.     In consideration for services to be rendered to the Debtors in these chapter 11 cases, Gilbert Harrell, subject to the approval of the Court, will be compensated for such services rendered at its standard hourly rates and will be reimbursed for all reasonable and necessary out-of-pocket expenses.

18.     The current standard hourly rates of Gilbert Harrell's attorneys range from a low of $200 per hour to as much as $375 per hour for certain senior shareholders, and the current standard hourly rates of Gilbert Harrell's support staff range from a low of $50 to a high of $75. The firm's standard hourly rates are subject to adjustment annually, effective January 1.

19.     No agreement or understanding in any form or guise exists between Gilbert Harrell and any other person for a division of compensation for services rendered in or in connection with these cases, and no such division of compensation prohibited by section 504 of the Bankruptcy Code will be made, except among employees of Gilbert Harrell.  Gilbert Harrell has not shared or agreed to share any compensation received in these cases with any entity other than its employees.

20.     Accordingly, I believe the proposed employment of Gilbert Harrell is appropriate under section 327(a) of the Bankruptcy Code and is not prohibited by or improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure.  Gilbert Harrell and the professionals it employs are qualified to represent the Debtors in the matter for which Gilbert Harrell is proposed to be employed.

To the extent any information disclosed herein requires amendment or modification upon Gilbert Harrell's completion of further review or as additional party-in-interest information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on August 10, 2010, at Brunswick, Georgia.


/s/ Rees M. Sumerford
Rees M. Sumerford

# Attachment 1

## List of Interested Parties

### Debtors
Sea Island Company
Sea Island Coastal Properties LLC
Sea Island Services, Inc.
Sea Island Resort Residences, LLC
First Sea Island, LLC
Sea Island Apparel, LLC
SICAL, LLC

### Top 30 Unsecured Creditors on a Consolidated Basis as of August 10, 2010
Dennie L. McCrary
Pension Benefit Guaranty Corporation
David Everett
Matt Hodgdon
Edward T. Wright
Merrell Hawkins LLC
C. T. Adams
William C. Smith
Billy Ray Gibson
Bob Flight
Fazio, Tom
Sue M. Sayer
Imperial Credit Corporation
Georgia Power
William R. Graham
Merry T. Tipton
Joyce McNeely
Clifford Owens, Jr.
Bill Edenfield
Institution Food House Inc
Nancy Butler
Bill Miller
Barbara Ann Johns
Glynn Landscaping
Carl Patrick Talley
John Deere Credit
Network Services Plus Inc.
Barry's Beach Service Inc
Lesco/John Deere Landscape
Bernd Lembcke

**Pre-Petition Secured Creditors**
Synovus Bank (formerly known as Columbus Bank and Trust Company)
Bank of America, N.A.
Bank of Scotland PLC

**Insurers**
Ace Property and Casualty Insurance Company
American Bankers
American International Specialty
ARCH Insurance Co.
Aspen Insurance UK Ltd.
Aspen Specialty Insurance Company
Chartis Specialty Insurance Company (Worldsource)
Everest Reinsurance Company
Federal Insurance Co.
General Insurance Co. of India
Great American Insurance Co. of NY
Greenwich Insurance Co. (XL)
Hiscox USA
International Insurance Company of Hannover Ltd.
Ironshore Specialty Insurance Company
Lancashire Insurance Company (UK) Ltd.
Landmark American Insurance Company (RSUI)
Lexington Insurance Company
Liberty Mutual Fire Insurance Company
Lloyds of London.
Maiden Re
Max Bermuda Ltd.
Marsh USA Inc.
Munich Reinsurance Company of AG (MARP)
National Casualty
North American Specialty Insurance Company (Swiss Re)
Partner Reinsurance Europe Ltd.
Resort Hotel Association
Scor UK Company Ltd.
Sompo Japan Insurance Co.
Steadfast Insurance Company
Swiss Reinsurance America Corporation
Tokio Marine & Fire Nichido Insurance Co. Ltd. (US)
Tokio Marine Global Ltd.
Travelers
W.R. Berkley/StarNet
XL Insurance America, Inc.
XL Re Ltd.

**<u>Current Officers and Directors</u>**
David Bansmer
James B. Gilbert, Jr.
Charles Allen Brown
Ron Roberts
Vassa Cate
Eric Schneider
Richard Shelnutt
Alfred W. Jones III
J. Dewey Benefield, Jr.
Sir Michael F. Bonallack
Peter Capone
Richard V. Giery
Marianna Jones Kuntz
Davis Love III
Terence F. McGuirk
Walter McNeely
James W. McSwiney
Sam Nunn
Katharine Jones O'Connor
James B. Williams
Jennifer A. Schwartz

**<u>Former Officers and Directors</u>**
Shawn German
J. David Everett
Dennie L. McCrary
Meg Galletti
James K. Guglielmo
Peter Galletti
Matt Hodgdon
Jimmy Blanchard
A.W. Jones, Jr.
Mike Warren
James F. Brown
Brian M. Young
Susan A. Kelly
Merry Tipton

**<u>Lessors of Real Property</u>**
D. McCaskill and A.B. McCaskill Friedman
JLV VASI, LLC

**<u>Lessors of Personal Property</u>**
Acton Mobile Industries Inc.
Quench USA (formerly Aqua Koolers)

Banctec
Con Global Industries
CSI Leasing Inc
Ecolab
Emery Enterprises
Enterprise Leasing Co
EZ Go
G & K Services-Jacksonville
GE Capital
GMAC Auto Leasing
Golden Isles Office Equipment
Hasler Financial Services
Hasty's Communications
John Deere Credit
Mailfinance
Modular Mailing Systems
National City Finance
PNC Equipment Finance
Textron Business Services Inc
Toro NSN
US Bank Tennant-Central
Williams Scotsman Inc

**<u>Licensors of Intellectual Property</u>**
NSPI
Systems Design & Develop
Google
IBM
OpenCourse
Muzak
Agilysys
Datavision
Delphi
Host Analytics
Stromberg

**<u>Auditors</u>**
Moore Stephens Tiller LLC

# **EXHIBIT B**

## **Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **SEA ISLAND COMPANY,** | ) | **Case No. 10-21034** |
| **SEA ISLAND COASTAL PROPERTIES LLC,** | ) | **Case No. 10-21035** |
| **SEA ISLAND SERVICES, INC.,** | ) | **Case No. 10-21036** |
| **SEA ISLAND RESORT RESIDENCES, LLC,** | ) | **Case No. 10-21037** |
| **SEA ISLAND APPAREL, LLC,** | ) | **Case No. 10-21038** |
| **FIRST SEA ISLAND, LLC,** | ) | **Case No. 10-21039** |
| **and SICAL, LLC,** | ) | **Case No. 10-21040** |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

**ORDER AUTHORIZING DEBTORS TO RETAIN GILBERT, HARRELL,**
**SUMERFORD & MARTIN, P.C. AS CO-COUNSEL TO THE DEBTORS  NUNC PRO**
**TUNC TO THE PETITION DATE**

This matter is before the Court on the Application for Authority to Retain Gilbert,

Harrell, Sumerford & Martin, P.C. as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition

Date (the "Application") of Sea Island Company; Sea Island Coastal Properties LLC; Sea Island

Services, Inc.; Sea Island Resort Residences, LLC; Sea Island Apparel, LLC; First Sea Island,

LLC; and SICAL, LLC (collectively, the "Debtors").  Unless otherwise defined, all capitalized

terms used but not defined herein shall have the meaning ascribed to them in the Application

The Court has considered the Application, the *Declaration of David Bansmer in Support*

*of First Day Applications and Motion*s, the *Declaration of Rees M. Sumerford and Disclosure of*

*Compensation* (the "Sumerford Declaration"), and the matters reflected in the record of the

hearing held on the Application.  It appears that the Court has jurisdiction over this proceeding;

that this is a core proceeding; that notice of the Application has been given to the Office of the

United States Trustee, counsel for the Debtors' pre-petition secured lenders, and the Debtors'

thirty (30) largest unsecured creditors on a consolidated basis; that no further notice is necessary; that the relief sought in the Application is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1.    The Application is GRANTED.

2.    The Debtors are authorized to retain Gilbert, Harrell, Sumerford & Martin, P.C. ("Gilbert Harrell") as their attorneys, pursuant to section 327(a) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date on the terms set forth in the Application and the Sumerford Declaration.

3.    K&S shall be compensated upon appropriate application in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of Georgia, and orders of this Court.

4.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5.    Counsel for the Debtors is directed to serve a copy of this Order on all parties on the Master Service List within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

**SO ORDERED**, this ___ day of _____ 2010.
Brunswick, Georgia

_____
UNITED STATES BANKRUPTCY JUDGE

Prepared and presented by:

KING & SPALDING LLP
Sarah R. Borders
Georgia Bar No. 610649
sborders@kslaw.com
Harris Winsberg
Georgia Bar No. 770892
hwinsberg@kslaw.com
Sarah L. Taub
Georgia Bar No. 556919
staub@kslaw.com
Jeffrey R. Dutson
Georgia Bar No. 637106
jdutson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone:     (404) 572-4600
Facsimile:     (404) 572-5128

    and

GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.
M. F. Martin, III
Georgia Bar No. 473500
mfmartin@gilbertharrelllaw.com
Robert M. Cunningham
Georgia Bar No. 202228
rcunningham@gilbertharrelllaw.com
777 Gloucester Street, Suite 200
P.O. Box 190
Brunswick, Georgia 31521-0190
Telephone:     (912) 265-6700
Facsimile:     (912) 264-3917

PROPOSED COUNSEL FOR THE
DEBTORS-IN-POSSESSION