## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **SEA ISLAND COMPANY,** | ) | **Case No. 10-21034** |
| **SEA ISLAND COASTAL PROPERTIES LLC,** | ) | **Case No. 10-21035** |
| **SEA ISLAND SERVICES, INC.,** | ) | **Case No. 10-21036** |
| **SEA ISLAND RESORT RESIDENCES, LLC,** | ) | **Case No. 10-21037** |
| **SEA ISLAND APPAREL, LLC,** | ) | **Case No. 10-21038** |
| **FIRST SEA ISLAND, LLC,** | ) | **Case No. 10-21039** |
| **and SICAL, LLC,** | ) | **Case No. 10-21040** |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

## APPLICATION FOR AUTHORITY TO RETAIN KING & SPALDING LLP AS COUNSEL TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE

Sea Island Company; Sea Island Coastal Properties LLC; Sea Island Services, Inc.; Sea Island Resort Residences, LLC; Sea Island Apparel, LLC; First Sea Island, LLC; and SICAL, LLC (collectively, the "Debtors") file this Application for Authority to Retain King & Spalding LLP as Counsel to the Debtors Nunc Pro Tunc to the Petition Date (the "Application"). In support of the Application, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested herein are section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.     On August 10, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.

4.     On the Petition Date, each Debtor filed a substantially similar motion with this Court seeking to have its bankruptcy case jointly administered with the other Debtors' cases pursuant to Bankruptcy Rule 1015(b).

5.     The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of David Bansmer in Support of First Day Motions and Applications* filed on the Petition Date and incorporated herein by reference.

6.     The Debtors have continued in possession of their properties and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.     As of the date of this filing, no official committee of unsecured creditors has been appointed in any of these cases, and no request has been made for the appointment of a trustee or examiner.

## RELIEF REQUESTED

8.     By this Application, the Debtors respectfully request the entry of an order, pursuant to section 327(a) and Bankruptcy Rule 2014, authorizing them to employ King & Spalding LLP ("K&S") as their counsel in these chapter 11 cases and any related proceedings.

## BASIS FOR RELIEF

9.     Pursuant to section 327(a), the Debtors request that the Court approve their retention of K&S as their attorneys on and as of the Petition Date to perform the legal services that will be necessary during their chapter 11 cases in accordance with K&S' normal hourly rates and disbursement policies.

10.     The Debtors have selected K&S as their attorneys because of the firm's extensive experience and knowledge and its recognized expertise in the field of debtors' protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code, as well as in other areas of law related directly or indirectly to these chapter 11 cases.  K&S has the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of the Debtors' bankruptcy cases.  The Debtors believe that K&S is both well qualified and uniquely able to represent them in these cases and in other matters in a most efficient and timely manner.

11.     In assisting with the filing of these chapter 11 cases and as a result of K&S' pre-petition representation of the Debtors in negotiations with the pre-petition lenders and prospective purchasers, K&S' attorneys have become familiar with the complex factual and legal issues that have to be addressed in these chapter 11 cases.  The retention of K&S, with its knowledge of and experience with the Debtors, will assist in the efficient administration of the Debtors' estates, thereby minimizing the expense to the estates.

12.     The employment of K&S is appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors-in-possession.  Subject to further order of this Court, it is proposed that K&S be employed for the following purposes:

(a)     to advise the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their business;

(b)     to take all necessary action to protect and preserve the estates of the Debtors, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

(c)     to prepare on behalf of the Debtors all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

(d)     to negotiate and prepare on behalf of the Debtors a plan, a disclosure statement, and all related documents;

(e)     to negotiate and prepare documents relating to the disposition of assets, as requested by the Debtors;

(f)     to advise the Debtors, when appropriate, with respect to federal and state regulatory matters;

(g)     to advise the Debtors on finance, finance-related matters and transactions, and matters relating to the sale of the Debtors' assets;

(h)     to advise the Debtors regarding intellectual property rights and licensing strategies; and

(i)     to perform such other legal services for the Debtors as may be necessary and appropriate.

13.    It is necessary for the Debtors to employ attorneys to render the foregoing services.

14.    K&S has stated its desire and willingness to act in these cases and to render the necessary professional services as attorneys for the Debtors.

15.    To the best of the Debtors' knowledge: (a) K&S neither holds nor represents any interest adverse to the Debtors' estates; (b) K&S is not a creditor, an equity security holder, or an insider of the Debtors; (c) K&S is not and was not a director, officer, or employee of any of the Debtors; and (d) except as specifically disclosed more fully in the *Declaration of Sarah R. Borders and Disclosure of Compensation* (the "Borders Declaration" attached hereto as Exhibit A), K&S has had no connection with the Debtors, their creditors, any party-in-interest (or their respective attorneys and accountants), the United States Trustee, the Bankruptcy Judge presiding in these cases, or any person employed in the office of the United States Trustee. The Debtors believe that K&S is a "disinterested person" within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code.

16.     Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain K&S on any reasonable terms and conditions.  The Debtors and K&S have agreed that K&S will be compensated for services at hourly rates and reimbursed for reasonable and necessary expenses, subject to approval of the Court under section 330 of the Bankruptcy Code.  The current standard hourly rates of attorneys resident in K&S' Atlanta office range from a low of $265 per hour for the Firm's most junior associates to as much as $990 per hour for certain of the Firm's most senior partners, and the current standard hourly rates of paralegals and legal assistants resident in K&S' Atlanta office range from a low of $185 to a high of $285.  The K&S professionals and paraprofessionals expected to be most active in the Debtors' chapter 11 cases and their current hourly rates include:

Sarah R. Borders, Partner, Financial Restructuring, Atlanta          $710 per hour

Harris Winsberg, Partner, Financial Restructuring, Atlanta          $550 per hour

Sarah Taub, Associate, Financial Restructuring, Atlanta          $455 per hour

Jeff Dutson, Associate, Financial Restructuring, Atlanta          $360 per hour

Missy Heinz, Senior Paralegal, Financial Restructuring, Atlanta          $260 per hour

Other K&S attorneys and paraprofessionals may from time to time participate in the representation of the Debtors.  The firm's standard hourly rates are subject to adjustment annually as of January 1 of each year.

17.     K&S will file fee applications with the Court in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Southern District of Georgia, Brunswick Division, and orders of this Court.

5

18.    As disclosed in the Borders Declaration, Paul Quiros, one of K&S' partners, is a member of the Ocean Forest Golf Club and the Sea Island Club.  K&S has established effective prophylactic screening devices, more fully described in the Borders Declaration, to insulate Mr. Quiros from this matter.  Ethical screening walls are appropriate in situations like this where an individual partner may hold an interest adverse to the Debtors.  *Vergos v. Timber Creek, Inc.*, 200 B.R. 624, 626 (W.D. Tenn. 1996) (affirming bankruptcy court's holding that ethical screening mechanism effectively quarantined a partner that was both a director and an equity holder of the debtor); *see also In re Chicago South Shore and South Bend RR*, 101 B.R. 10, 14–15 (Bankr. N.D. Ill. 1989) (finding that proposed counsel could effectively implement an ethical screening wall around a partner that had previously represented a company with an interest adverse to the debtor).  As further discussed in the Borders Declaration, immediate family members of one other K&S partner are members of either the Sea Island Club or the Ocean Forest Golf Club.  K&S has established ethical screening walls for this partner as well.

19.    Prior to the Petition Date, K&S received certain amounts, as set forth in the Borders Declaration, from the Debtors as compensation for professional services performed, for the reimbursement of reasonable and necessary expenses incurred in connection therewith, and as a general retainer.

## NOTICE

20.    Notice of this Application has been provided to the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, and the Debtors' thirty (30) largest unsecured creditors on a consolidated basis.  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court:

(a)    enter an order in the form attached hereto as <u>Exhibit B</u> authorizing the retention of

K&S as counsel to the Debtors *nunc pro tunc* to the Petition Date; and

(b)    grant the Debtors such other and further relief as is just and proper.

This 10th day of August, 2010.
Brunswick, Georgia

Respectfully submitted,

Sea Island Company

By: <u>/s/ David Bansmer</u>
    David Bansmer
    President and Chief Operating Officer of
    Sea Island Company

## EXHIBIT A

**Declaration of Sarah R. Borders and Disclosure of Compensation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **SEA ISLAND COMPANY,** | ) | **Case No. 10-21034** |
| **SEA ISLAND COASTAL PROPERTIES LLC,** | ) | **Case No. 10-21035** |
| **SEA ISLAND SERVICES, INC.,** | ) | **Case No. 10-21036** |
| **SEA ISLAND RESORT RESIDENCES, LLC,** | ) | **Case No. 10-21037** |
| **SEA ISLAND APPAREL, LLC,** | ) | **Case No. 10-21038** |
| **FIRST SEA ISLAND, LLC,** | ) | **Case No. 10-21039** |
| **and SICAL, LLC,** | ) | **Case No. 10-21040** |
| | ) | |
| Debtors. | ) | |
| | ) | |

**DECLARATION OF SARAH R. BORDERS**
**AND DISCLOSURE OF COMPENSATION**

I, Sarah R. Borders, hereby state and declare as follows:

1.      I am a partner in the firm of King & Spalding LLP ("K&S"), a law firm that maintains an office at 1180 Peachtree Street, Atlanta, Georgia 30309-3521.  I am duly authorized to make this Declaration on behalf of K&S, and I make this Declaration in support of the Application for Authority to Retain King & Spalding LLP as Counsel to the Debtors Nunc Pro Tunc to the Petition Date (the "Application") of Sea Island Company; Sea Island Coastal Properties LLC; Sea Island Services, Inc.; Sea Island Resort Residences, LLC; Sea Island Apparel, LLC; First Sea Island, LLC; and SICAL, LLC (collectively, the "Debtors").  The facts set forth in this Declaration are personally known to me, and, if called as a witness, I could and would testify thereto.  All capitalized terms used but not defined herein shall have the meanings given to them in the Application.

2.      K&S has represented the Debtors on a variety of matters since 1979.

3.      Neither K&S, nor any partner of, associate of, or counsel to K&S represents any entity other than the Debtors in, or in connection with, the Debtors' chapter 11 cases.

4.      K&S is a "disinterested person," as that term is defined in section 101(14) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>"), in that, except as otherwise disclosed herein, K&S, its partners, counsel, and associates:

  (a)  are not creditors, equity holders, or insiders of the Debtors;

  (b)  are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of any of the Debtors; and

  (c)  do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

5.      K&S is not a creditor of the Debtors.  In the ninety days prior to the Petition Date, the Debtors have paid K&S approximately $1,528,000 for services rendered and as reimbursement for expenses incurred, and $340,000 as a retainer.  Immediately prior to the filing of the Debtors' bankruptcy cases, K&S offset unpaid fees and expenses against the retainer.  All amounts remaining in the retainer after application of such retainer to pre-filing fees and expenses shall be retained by K&S and applied pursuant to orders of this Court.

6.      To the best of my knowledge, information, and belief formed after reasonable inquiry, other than in connection with these cases and other than disclosed in this declaration, neither I nor K&S has any connection with the Debtors, their creditors, the United States Trustee, the Bankruptcy Judge presiding in these cases, or any other party with an actual or potential interest in these chapter 11 cases (or its respective attorneys or accountants), except that: (a) K&S may have appeared from time to time in the past, and may appear in the future, in other cases or matters in which one or more of such parties may have been or may be involved; and (b) K&S may have been retained by certain creditors and other parties-in-interest or their

2

attorneys, accountants, or professionals in other cases or matters unrelated to the Debtors or their chapter 11 cases.

   7. K&S has researched its client database to determine whether it has any relationships with the following entities (collectively, the "Interested Parties"):

     (a) the Debtors;

     (b) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis as of August 9, 2010;

     (c) the Debtors' current and past officers and directors;

     (d) the Debtors' accountants; and

     (e) those other creditors and parties in interest listed on Attachment 1 hereto.

The identities of the Interested Parties were provided to K&S by the Debtors and are listed on Attachment 1 hereto.

   8. Neither the term "connection" as used in Bankruptcy Rule 2014 nor the proper scope of a professional's search for "connection" has been defined.  Out of an abundance of caution, therefore, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under either the Bankruptcy Code or applicable standards of professional ethics.

   9. I have reviewed the results from a search of our client database with regard to the Interested Parties and I have indicated on Attachment 1 whether K&S currently represents an Interested Party or has represented an Interested Party in the past two years.  Any representation of these parties is or was in connection with matters totally unrelated to the Debtors or their chapter 11 cases.

   10. As part of its practice, K&S appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers,

including other professionals representing the Debtors.  In certain instances, such professionals may be the client of K&S or may represent K&S.  All of the other cases, proceedings, and transactions in which K&S is involved and professionals representing the Debtors or other parties-in-interest are also involved are totally unrelated to the Debtors and their chapter 11 cases.

11.     There are hundreds of creditors and parties-in-interest in the Debtors' chapter 11 bankruptcy cases.  I anticipate that a review of K&S' client database with regard to all of the Debtors' creditors and parties-in-interest would disclose that K&S previously represented or currently represents one or more creditors or parties-in-interest (or one or more of their respective parent companies, subsidiaries, and affiliates) in addition to those of the Interested Parties who are specifically identified in Attachment 1.  My review of the results of the search of our client database indicates, however, that any and all such other representation(s) of a creditor, a party-in-interest, or an affiliate of a creditor or party-in-interest would have been or would be in connection with matters totally unrelated to the Debtors or their chapter 11 cases.

12.     As indicated in Attachment 1, K&S currently serves as counsel to Synovus Financial Corporation ("Synovus"), which is the parent company of Synovus Bank (formerly known as Columbus Bank & Trust), who is a secured creditor in these cases.  K&S' representation of Synovus is with respect to matters wholly unrelated to the Debtors or their chapter 11 cases.  In 2009, Synovus accounted for less than 1/2 of 1% of K&S' annual revenue. To date in 2010, Synovus accounts for less than 1/10 of 1% of K&S' annual revenue.

13.     K&S obtained a waiver from Synovus pursuant to which, Synovus consented to K&S' representation of the Debtors in connection with their restructuring and these Bankruptcy Cases and waived any conflict that might exist or be alleged to exist as a result of such

4

representation.  K&S agreed that it would not represent the Debtors in any adversary proceeding or civil action (state or federal court lawsuit) arising out of the representation adverse to Synovus; *provided*, *however*, Synovus has agreed that K&S may represent the Debtors in connection with contested matters arising in these Bankruptcy Cases even though the Debtors and Synovus may have differing positions or interests in such contested matters.  K&S obtained a similar conflict waiver from the Debtors, consenting to the foregoing.

14.    The Debtors also consented to the continued and future representation by K&S of persons and entities who are creditors or parties in interest in their chapter 11 cases on matters unrelated to the Debtors and these chapter 11 cases, and has waived any conflict that might otherwise exist (or be alleged to exist) as a result of such other unrelated representations.

15.    K&S has advised the Debtors that K&S would not be able to represent the Debtors in an adversary proceeding if the adverse party in that adversary proceeding is a client of K&S from whom K&S has not first obtained an appropriate waiver and consent.  The Debtors have consented to these limitations on the scope of K&S' representation in these bankruptcy cases.  If needed, the Debtors intend to employ a separate firm of lawyers to serve as "conflicts counsel" to address any such situation that might arise.  The employment of conflicts counsel is routine in bankruptcy cases of comparable size and complexity to those of the Debtors.

16.    Senator Sam Nunn, a member of the Debtors' Board of Directors, is a former partner of K&S.  Senator Nunn retired from K&S in 2003.

17.    Terence F. McGuirk is a member of the Debtors' Board of Directors.  A former partner of K&S performed trust and estate services for Mr. McGuirk while at K&S.  K&S no longer has a trust and estate practice and Mr. McGuirk is no longer a client of the firm.

5

18.     Alfred W. Jones, III is a shareholder of the Debtors Sea Island Company and Sea Island Coastal Properties, LLC and a member of the Debtors' Board of Directors.  More than two years ago, a former partner of K&S performed trust and estate services for Mr. Jones while at K&S.  K&S no longer has a trust and estate practice and Mr. Jones is no longer a client of the firm.  Notwithstanding the fact that this representation ended more than two years ago, I have disclosed the former relationship in an abundance of caution.

19.     Paul Quiros, one of K&S' partners, is a member of the Ocean Forest Golf Club and the Sea Island Club.  K&S has established effective prophylactic screening devices to insulate Mr. Quiros from this matter.  No K&S attorney working on these chapter 11 cases will discuss these chapter 11 cases with Mr. Quiros.  Mr. Quiros will not work on any matter involving the Debtors.  Mr. Quiros will not have access to any documents relating to these chapter 11 cases.  The existence of this ethical screen has been communicated to all K&S attorneys and paralegals working on this matter and they have been instructed not to discuss matters related to the Debtors with Mr. Quiros.

20.     One other K&S partner, Warren Pope, has immediate family members that are members of either the Sea Island Club or the Ocean Forest Golf Club.  Out of an abundance of caution, K&S has implemented the same ethical screening procedures with respect to Mr. Pope.

21.     To the best of my knowledge, information, and belief formed after reasonable inquiry, neither I nor K&S holds or represents any interest adverse to the Debtors' estates.

22.     Subject to the Court's approval of the Application, K&S will earn and receive only those fees and other payments authorized by this Court.

23.     In consideration for services to be rendered to the Debtors in these chapter 11 cases, K&S, subject to the approval of the Court, will be compensated for such services rendered

6

at its standard hourly rates and will be reimbursed for all reasonable and necessary out-of-pocket expenses.

24.     The current standard hourly rates of attorneys resident in K&S' Atlanta office range from a low of $265 per hour for the Firm's most junior associates to as much as $990 per hour for certain of the Firm's most senior partners, and the current standard hourly rates of paralegals and legal assistants resident in K&S' Atlanta office range from a low of $185 to a high of $285. The K&S professionals and paraprofessionals expected to be most active in the Debtors' chapter 11 cases and their current hourly rates include:

| | |
|---|---|
| Sarah R. Borders, Partner, Financial Restructuring, Atlanta | $710 per hour |
| Harris Winsberg, Partner, Financial Restructuring, Atlanta | $550 per hour |
| Sarah Taub, Associate, Financial Restructuring, Atlanta | $455 per hour |
| Jeff Dutson, Associate, Financial Restructuring, Atlanta | $360 per hour |
| Missy Heinz, Senior Paralegal, Financial Restructuring, Atlanta | $260 per hour |

Other K&S attorneys and paraprofessionals may from time to time participate in the representation of the Debtors. The firm's standard hourly rates are subject to adjustment annually as of January 1 of each year.

25.     No agreement or understanding in any form or guise exists between K&S and any other person for a division of compensation for services rendered in or in connection with these cases, and no such division of compensation prohibited by section 504 of the Bankruptcy Code will be made, except among partners of K&S. K&S has not shared or agreed to share any compensation received in these cases with any entity other than its partners.

26.     Accordingly, I believe the proposed employment of K&S is appropriate under section 327(a) of the Bankruptcy Code and is not prohibited by or improper under Rule 5002 of

the Federal Rules of Bankruptcy Procedure.  K&S and the professionals it employs are qualified to represent the Debtors in the matter for which K&S is proposed to be employed.

27.    To the extent any information disclosed herein requires amendment or modification upon K&S' completion of further review or as additional party-in-interest information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on August 10, 2010, at Atlanta, Georgia.


 /s/ Sarah R. Borders_____
Sarah R. Borders

**Attachment 1**

| PARTY | Current Representation | Prior Representation |
|---|---|---|
| *Debtors* | | |
| Sea Island Company | Yes | |
| Sea Island Coastal Properties LLC | Yes | |
| Sea Island Services, Inc | Yes | |
| Sea Island Resort Residences, LLC | Yes | |
| Sea Island Apparel, LLC | Yes | |
| First Sea Island, LLC | Yes | |
| SICAL, LLC | Yes | |
| | | |
| *Top 30 Unsecured Creditors* | | |
| Dennie McCrary | | |
| Pension Benefit Guaranty Corporation | | |
| David Everett | | |
| Matt Hodgdon | | |
| Edward T. Wright | | |
| Merrell Hawkins LLC | | |
| C. T. Adams | | |
| Bill Smith | | |
| Billy Ray Gibson | | |
| Bob Flight | | |
| Fazio, Tom | | |
| Sue M. Sayer | | |
| Imperial Credit Corporation | | |
| Georgia Power | | |
| William R. Graham | | |
| William C. Smith | | |
| Merry T. Tipton | | |
| Joyce McNeely | | |
| Clifford Owens, Jr. | | |
| Bill Edenfield | | |
| Institution Food House Inc | | |
| Nancy Butler | | |
| Bill Miller | | |
| Barbara Ann Johns | | |
| Glynn Landscaping | | |
| Carl Patrick Talley | | |
| John Deere Credit | | |
| Network Services Plus Inc. | | |
| Barry's Beach Service Inc | | |
| Lesco/John Deere Landscape | | |
| | | |

| *Pre-Petition Secured Creditors* | | |
|---|---|---|
| Synovus Bank (f/k/a Columbus Bank and Trust Company) | | |
| Bank of America, N.A. | Yes | |
| Bank of Scotland PLC | | |
| Synovus Financial Corporation | Yes | |
| Katherine J. O'Connor (Altama note) | | |
| Marianna Kuntz (Altama note) | | |
| Estate Of Alfred W Jones Jr. (Altama note) | | |
| Howard C. Jones Trust B QTIP  (Altama note) | | |
| | | |
| *Insurers* | | |
| Ace Property and Casualty Insurance Company | | |
| American Bankers | | |
| American International Specialty | | |
| ARCH Insurance Co. | | |
| Aspen Insurance UK Ltd. | | |
| Aspen Specialty Insurance Company | | |
| Chartis Specialty Insurance Company (Worldsource) | | |
| Everest Reinsurance Company | | |
| Federal Insurance Co. | | |
| General Insurance Co. of India | | |
| Great American Insurance Co. of NY | | |
| Greenwich Insurance Co. (XL) | | |
| Hiscox USA | | |
| International Insurance Company of Hannover Ltd. | | |
| Ironshore Specialty Insurance Company | | |
| Lancashire Insurance Company (UK) Ltd. | | |
| Landmark American Insurance Company (RSUI) | | |
| Lexington Insurance Company | | |
| Liberty Mutual Fire Insurance Company | | |
| Lloyds of London. | | |
| Maiden Re | | |
| Max Bermuda Ltd. | | |
| Marsh USA Inc. | | |
| Munich Reinsurance Company of AG (MARP) | | |
| National Casualty | | |
| North American Specialty Insurance Company (Swiss Re) | | |

| | | |
|---|---|---|
| Partner Reinsurance Europe Ltd. | | |
| Resort Hotel Association | | |
| Scor UK Company Ltd. | | |
| Sompo Japan Insurance Co. | | |
| Steadfast Insurance Company | | |
| Swiss Reinsurance America Corporation | | |
| Tokio Marine & Fire Nichido Insurance Co. Ltd. (US) | | |
| Tokio Marine Global Ltd. | | |
| Travelers | | |
| W.R. Berkley/StarNet | | |
| XL Insurance America, Inc. | | |
| XL Re Ltd. | | |
| | | |
| ***Current Officers and Directors*** | | |
| David Bansmer | | |
| James B. Gilbert, Jr. | | |
| Charles Allen Brown | | |
| Ron Roberts | | |
| Vassa Cate | | |
| Eric Schneider | | |
| Richard Shelnutt | | |
| Alfred W. Jones III | | |
| J. Dewey Benefield, Jr. | | |
| Sir Michael F. Bonallack | | |
| Peter Capone | | |
| Richard V. Giery | | |
| Marianna Jones Kuntz | | |
| Davis Love III | | |
| Terence F. McGuirk | | Yes |
| Walter McNeely | | |
| James W. McSwiney | | |
| Sam Nunn | | |
| Katharine Jones O'Connor | | |
| James B. Williams | | |
| Jennifer A. Schwartz | | |
| | | |
| ***Former Officers and Directors*** | | |
| Shawn German | | |
| J. David Everett | | |
| Dennie L. McCrary | | |
| Meg Galletti | | |
| James K. Guglielmo | | |
| Peter Galletti | | |
| Matt Hodgdon | | |

| | | |
|---|---|---|
| Jimmy Blanchard | | |
| A.W. Jones, Jr. | | |
| Mike Warren | | |
| James F. Brown | | |
| Brian M. Young | | |
| Susan A. Kelly | | |
| Merry Tipton | | |
| | | |
| ***Lessors of Real Property*** | | |
| D. McCaskill and A.B. McCaskill Friedman | | |
| Sea Marshes Development | | |
| JLV VASI, LLC | | |
| | | |
| ***Lessors of Personal Property*** | | |
| Acton Mobile Industries Inc. | | |
| Quench USA (formerly Aqua Koolers) | | |
| Banctec | | |
| Con Global Industries | | |
| CSI Leasing Inc | | |
| Ecolab | | |
| Emery Enterprises | | |
| Enterprise Leasing Co | | |
| EZ Go | | |
| G & K Services-Jacksonville | | |
| GE Capital | Yes | |
| GMAC Auto Leasing | Yes | |
| Golden Isles Office Equipment | | |
| Hasler Financial Services | | |
| Hasty's Communications | | |
| John Deere Credit | | |
| Mailfinance | | |
| Modular Mailing Systems | | |
| National City Finance | | |
| PNC Equipment Finance | | |
| Textron Business Services Inc | Yes | |
| Toro NSN | | |
| US Bank - Tennant-Central | Yes | |
| Williams Scotsman Inc | | |
| | | |
| ***Licensors of Intellectual Property*** | | |
| NSPI | | |
| Systems Design & Develop | | |
| Google | Yes | |
| IBM | Yes | |

| | | |
|---|---|---|
| OpenCourse | | |
| Muzak | | |
| Agilysys | | |
| Datavision | | |
| Delphi | | |
| Host Analytics | | |
| Stromberg | | |
| | | |
| ***Auditors*** | | |
| Moore Stephens Tiller LLC | | |

**EXHIBIT B**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **SEA ISLAND COMPANY,** | ) | **Case No. 10-21034** |
| **SEA ISLAND COASTAL PROPERTIES LLC,** | ) | **Case No. 10-21035** |
| **SEA ISLAND SERVICES, INC.,** | ) | **Case No. 10-21036** |
| **SEA ISLAND RESORT RESIDENCES, LLC,** | ) | **Case No. 10-21037** |
| **SEA ISLAND APPAREL, LLC,** | ) | **Case No. 10-21038** |
| **FIRST SEA ISLAND, LLC,** | ) | **Case No. 10-21039** |
| **and SICAL, LLC,** | ) | **Case No. 10-21040** |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

**ORDER AUTHORIZING DEBTORS TO RETAIN KING & SPALDING LLP AS
COUNSEL TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE**

This matter is before the Court on the Application for Authority to Retain King & Spalding LLP as Counsel to the Debtors Nunc Pro Tunc to the Petition Date (the "Application") of Sea Island Company; Sea Island Coastal Properties LLC; Sea Island Services, Inc.; Sea Island Resort Residences, LLC; Sea Island Apparel, LLC; First Sea Island, LLC; and SICAL, LLC (collectively, the "Debtors").  All capitalized terms used but not defined herein shall have the meanings given to them in the Application.

The Court has considered the Application, the *Declaration of David Bansmer in Support of First Day Applications and Motions,* the *Declaration of Sarah R. Borders and Disclosure of Compensation* (the "Borders Declaration"), and the matters reflected in the record of the hearing held on the Application.  It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Application has been given to the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, and the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; that no further notice is necessary; that the

relief sought in the Application is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1.      The Application is GRANTED.

2.      The Debtors are authorized to retain King & Spalding LLP ("K&S") as their attorneys, pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), *nunc pro tunc* to the Petition Date on the terms set forth in the Application and the Borders Declaration.

3.      K&S shall be compensated upon appropriate application in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of Georgia, and orders of this Court.

4.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5.      Counsel for the Debtors is directed to serve a copy of this Order on all parties on the Master Service List within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

**SO ORDERED**, this ___ day of _____ 2010.
Brunswick, Georgia

_____
UNITED STATES BANKRUPTCY JUDGE

Prepared and presented by:

KING & SPALDING LLP
Sarah R. Borders
Georgia Bar No. 610649
sborders@kslaw.com
Harris Winsberg
Georgia Bar No. 770892
hwinsberg@kslaw.com
Sarah L. Taub
Georgia Bar No. 556919
staub@kslaw.com
Jeffrey R. Dutson
Georgia Bar No. 637106
jdutson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone:     (404) 572-4600
Facsimile:     (404) 572-5128

    and

GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.
M. F. Martin, III
Georgia Bar No. 473500
mfmartin@gilbertharrelllaw.com
Robert M. Cunningham
Georgia Bar No. 202228
rcummingham@gilbertharrelllaw.com
777 Gloucester Street, Suite 200
P.O. Box 190
Brunswick, Georgia 31521-0190
Telephone:     (912) 265-6700
Facsimile:     (912) 264-3917

PROPOSED COUNSEL FOR THE
DEBTORS-IN-POSSESSION