OFFICE OF THE UNITED STATES TRUSTEE
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SEA ISLAND COMPANY, | § | Case Number 10-21034 |
| SEA ISLAND COASTAL PROPERTIES, LLC, | § | Case Number 10-21035 |
| SEA ISLAND SERVICES, INC., | § | Case Number 10-21036 |
| SEA ISLAND RESORT RESIDENCES, LLC, | § | Case Number 10-21037 |
| SEA ISLAND APPAREL, LLC | § | Case Number 10-21038 |
| FIRST SEA ISLAND, LLC, | § | Case Number 10-21039 |
| and SICAL, LLC, | § | Case Number 10-21040 |
| | § | |
| Debtors. | § | Joint Administration Pending |

**OBJECTION TO DEBTORS' MOTION FOR ENTRY OF
AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, 365, 1123 AND 1129
(A) AUTHORIZING AND SCHEDULING AN AUCTION AT WHICH
DEBTORS WILL SOLICIT THE HIGHEST OR BEST BID FOR THE
SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS, (B) APPROVING
PROCEDURES RELATED TO CONDUCT OF AUCTION, (C) APPROVING
BREAK-UP FEE, (D) FIXING THE MANNER AND EXTENT OF NOTICE, AND
(E) GRANTING RELATED RELIEF**

COME NOW Robert Stolz, Gordin Martin, and Malinda Mortin, by and through their undersigned counsel, and file their limited objection (the "Objection") to Debtor's Motion for Entry of An Order Pursuant to 11 U.S.C. §§ 105, 363, 365, 1123 and 1129 (A) Authorizing and Scheduling an Auction at Which Debtors Will Solicit the Highest or Best Bid for the Sale of Substantially All of the Debtors' Assets, (B) Approving Procedures Related to Conduct of Auction, (C) Approving Break-up Fee, (D) Fixing the Manner and Extent of Notice, and (E) Granting Related Relief [Docket No. 24] (the "Motion"), and respectfully represent as follows:

**PRELIMINARY STATEMENT**

Movants are existing members of the Sea Island Club. Movants object to Debtors' Motion because the Stalking Horse Bid of Sea Island Acquisition, LP, the putative approval of which is sought by Debtor's Motion, affords inadequate information to permit existing Sea

Island Club and Ocean Forest Golf Club Members to reasonably ascertain the terms upon which they will be offered memberships in the Sea Island Club and Ocean Forest Golf Club. Should the Court approve the auction process and sale without requiring any prospective purchaser to disclose such information, then the existing members will be placed in the untenable position of having to choose between a rejection claim against the Debtor or to accept the as yet undefined terms on which membership will be offered by the Purchaser.

## RELEVANT FACTS AND ARGUMENT

The Asset Purchase Agreement, wherein the terms of the Stalking Horse Bid are memorialized, provides in Section 11 for the Purchaser to offer membership ( referred to in the Agreement as the "New Membership Programs") to existing club members "with certain modifications, including, but not limited to, those specified in Schedule 11.1(b)."(Doc. 26-3 @ p. 44 of 64). While Schedule 11.1(b)[1] provides that "[T]he New Membership Programs will be generally consistent with the existing Sea Island Club and Ocean Forest Golf Club Membership Programs…" the Purchaser refuses to provide the most critical piece of information relevant to an existing member's evaluation of his or her options in this bankruptcy case; namely, the dues to be charged under the New Membership Programs. The document states, "A determination will have to be made concerning what categories of membership will be offered following the closing, the timing of the offerings and the pricing thereof so as to be responsive to the marketplace and grow the membership, while being sensitive to the interests of existing members."

Meanwhile, the Plan submitted by Debtor with its Motion to Approve Disclosure Statement in this case provides for all existing Club Membership Agreements to be rejected as executory contracts, and affords the Club Members the option of either filing a rejection claim in

---

[1] A copy of Schedule 11.1(b) is filed herewith as Exhibit I.

the bankruptcy, or accepting membership in the Club on terms to be offered by the Purchaser. Doc. #26-3. (Section 6.06 – Reorganization Plan).

As presently drafted, the Stalking Horse Bid requires the Club Members to make their choice between a rejection claim against the Debtor and membership with the Purchaser in a vacuum, without the benefit of knowing even a range within which the Membership dues and any other applicable fees will be set.

While the Agreement does provide that the terms of the New Membership Agreements will be "generally consistent" with the old ones, in the one place where some financial guidance is provided, the terms will be radically different. There are some Club Members who, as an incentive to purchase condominiums which were developed by the Debtor, were offered lifetime memberships with no dues payments. They were further afforded the right to confer two lifetime memberships with no deposit requirement upon two persons of their choosing. Yet, the Agreement states in Schedule 11.1(b), "Those members who presently do not pay dues as a result of an agreement arising from or in connection with a prior real estate transaction with the Sea Island Company will be obligated to commence paying dues, but at a rate equal to seventy-five percent (75%) of the applicable dues for their particular category." Yet these Club Members, who as an inducement to make a substantial real estate investment, have been paying no dues, and now will be paying dues, are as in the dark as to the rest of the Club Members in trying to determine what this means in terms of the actual dollars and cents cost of the New Membership Program. Some existing Club Members will be paying 75% of something, others 100%, but in neither case is there any way to tell what that something will be. Moreover, there is no guidance as to whether the right to confer memberships with the deposit waived is preserved.

In the pre-petition sales process described in the Disclosure Statement, there can be little doubt that the Purchasers have had access to virtually an unlimited amount of due diligence. What's more, in literature sent to the existing Club Members concerning the sale and the New Membership Agreements, the Debtor announced that the Purchaser will be retaining A. W. Jones, III, as the CEO of the new entity. It is difficult to imagine what information relevant to the setting of membership dues the Purchaser will have at its disposal upon the consummation of the Stalking Horse Bid that it does not already have.

The existing Club Membership is a critical constituency to the Debtor, and will be a critical constituency to any purchaser of the Debtor's Assets. Movants request that the Court require any Stalking Horse Bid pursuant to which the Debtor here seeks to have this Court approve auction and bidding procedures, or any competing bid to the Stalking Horse Bid, set forth at a minimum the terms, including the financial terms, upon which the purchaser will offer membership to the Debtor's existing members, and new members. Movants therefore request that the Court deny Debtor's Motion until a Stalking Horse Bid compliant with the foregoing requirements is tendered to the Court, and that Debtor's Motion be re-noticed to provide interested parties adequate time to review the revised motion and bid.  All parties involved, and indeed the community of Brunswick and St. Simons as a whole, have a critical interest in seeing that the sale process to be accomplished in this bankruptcy proceeding be as seamless as possible to the existing and prospective club members. An indispensable part of achieving that goal is for the club members to be afforded adequate information as to the terms on which memberships shall be offered by any purchaser of this venerable and historic facility. They should not be required to cast their vote in the dark between the relatively stark options they are afforded under the Debtor's Proposed Plan.

Respectfully submitted, this 17th day of April, 2008.

[signature on following page]

                BRENNAN AND WASDEN, LLP

                /s/ William E. Dillard
                WILEY A. WASDEN, III
                Georgia Bar No. 738750
                WILLIAM E. DILLARD
                Georgia Bar No. 222030

                Attorneys for Movants

P.O. Box 8047
Savannah, Georgia  31412
(912) 232-6700