FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By cking at 4:46 pm, Sep 20, 2010

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | Number <u>10-21034</u> |
| SEA ISLAND COMPANY, | ) | |
| SEA ISLAND COASTAL PROPERTIES LLC, | ) | |
| SEA ISLAND SERVICES, INC., | ) | Jointly Administered |
| SEA ISLAND RESORT RESIDENCES, LLC, | ) | |
| SEA ISLAND APPAREL, LLC, | ) | |
| FIRST SEA ISLAND, LLC, | ) | |
| and SICAL, LLC | ) | |
| | ) | |
| Debtors | ) | |

## <u>ORDER AUTHORIZING DEBTORS TO RETAIN GILBERT, HARRELL, SUMERFORD & MARTIN, P.C. AS CO-COUNSEL TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE</u>

This matter is before me on the Debtors' unopposed Application for Authority to Retain Gilbert, Harrell, Sumerford & Martin, P.C. as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date ("Application"). The Application is granted, provided that Gilbert, Harrell, Sumerford & Martin, P.C. ("Gilbert Harrell") maintains an adequate ethical screen as to Gilbert Harrell shareholders, associates, and/or of counsel who are creditors in this case.

### BACKGROUND

The basis for the requested relief is set forth in the Application and its Exhibit A, the Declaration of Rees M.

AO 72A
(Rev. 8/82)

Sumerford and Disclosure of Compensation ("Sumerford Declaration"). In relevant part, the Sumerford Declaration states that Gilbert Harrell is a "disinterested person," as that term is defined in 11 U.S.C. § 101(14).[1] (Sumerford Declaration ¶ 3, ECF No. 7.) The Sumerford Declaration also states specifically that Gilbert Harrell is not a creditor of the Debtors. (Id. ¶ 5.)

Ten of Gilbert Harrell's shareholders, associates, and/or of counsel, however, are creditors of the Debtors and thus are not disinterested persons under § 101(14)(A). The Sumerford Declaration discloses that the following individuals are members of the Debtors' Ocean Forest Golf Club, Frederica Golf Club and/or Sea Island Club:

| | |
|---|---|
| Wallace E. Harrell | Joseph F. Strength |
| Rees M. Sumerford | J.T. Johnson |
| M.F. Martin, III | Abney H. Whitehead |
| Mark D. Johnson | Charles M. LeRoux, III |
| J. Benedict Hartman | K. Martin Worthy |

(collectively, the "Firm Club Members")(Id. ¶ 6.) Under the Debtors' proposed joint chapter 11 plan ("Plan"), membership agreements in the Debtors' clubs are treated as executory contracts that are rejected under Section 6.01 of the Plan. (See

---

[1] A "disinterested person" is a person that
    (A) is not a creditor, an equity security holder, or an insider;
    (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
    (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reasons of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason[.]
11 U.S.C. § 101(14)(A)-(C).

Plan 33-34, ECF No. 25.) The Firm Club Members thus hold claims in these bankruptcy cases.

Gilbert Harrell proposes that the Firm Club Members be allowed to work on the Debtors' cases under the following conditions:

> (1) Firm members and employees holding membership rights to the aforementioned clubs . . . agree to not participate in the bankruptcy proceedings relative to such interests, agreeing that their membership interests would simply be affected just as all other memberships in this case; and (2) Gilbert Harrell assures that all work done by the firm would be done "by committee," i.e. in concert with King & Spalding, LLP [co-counsel in these caes] and/or multiple members of Gilbert Harrell who do not hold any interest in any Sea Island Club memberships, avoiding situations in which attorneys holding memberships would ever be in a position of advising Debtors without non-Firm Club Member attorneys also being involved.

(Sumerford Declaration ¶ 6 (footnote omitted).)

In the alternative, Gilbert Harrell would permit work on these cases only by non-club member attorneys and Firm Club Members who have waived their status as creditors. (<u>Id.</u>) Further, Gilbert Harrell has established the following protocol to screen Firm Club Members who do not waive their creditor status:

> No Gilbert Harrell attorney working on these chapter 11 cases will discuss these chapter 11 cases with Firm Club Members who do not waive their creditor status. Firm Club Members who do not waive their creditor status will not work on any matter involving

3

> the Debtors and will not have access to any documents relating to these chapter 11 cases. The existence of this ethical screen has been communicated to all Gilbert Harrell attorneys and paralegals and they have been instructed not to discuss matters related to these companies with Firm club Members who do not wish to waive their creditor status.

(Id.)

## DISCUSSION

The Application raises two questions. The first question is whether a law firm is per se disqualified from representing a debtor when one or more lawyers in the firm are not disinterested persons under § 101(14)(A). The second question is whether a non-disinterested lawyer creates for the firm a disqualifying interest under § 101(14)(C).

I. **Gilbert Harrell May Represent the Debtors Under § 101(14)(A).**

The Eleventh Circuit Court of Appeals has not addressed the question of whether one lawyer's non-disterestedness under § 101(14)(A) or (B) is imputed to the lawyer's firm so as to disqualify the firm itself from the representation. The majority of courts that have considered this question have rejected a per se rule of disqualification under the Bankruptcy Code. I agree with this view.

The Bankruptcy Code authorizes debtors in possession, with the court's approval, to employ one or more attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a).[2] A "person" under the Bankruptcy Code includes a partnership or corporation. 11 U.S.C. § 101(41).

Accordingly, a law firm is a person and may also be a disinterested person if it meets the requirements under 11 U.S.C. § 101(14). Here, Gilbert Harrell is the person the Debtors seek to employ. It is undisputed that Gilbert Harrell is a disinterested person under § 101(14) and more specifically that Gilbert Harrell is not a creditor under § 101(14)(A).

"The [Bankruptcy] Code does not provide for disqualification of an entire law firm based on the non-disinterestedness of one of its attorneys." U.S. Trustee v. S.S. Retail Stores Corp. (In re S.S. Retail Stores Corp.), 211 B.R. 699, 703 (B.A.P. 9th Cir. 1997). Accord Vergos v. Timber Creek, Inc., 200 B.R. 624, 627 (W.D. Tenn. 1996); Capen Wholesale, Inc. v. Michel (In re Capen Wholesale, Inc.), 184 B.R. 547, 551 (N.D. Ill. 1995); In re Cygnus Oil & Gas Corp., No. 07-32417, 2007 WL 1580111, at *3, (Bankr. S.D. Tex. May 29, 2007); In re Creative

---

[2] Section 327(a) ostensibly gives only the trustee the power to employ an attorney, but this power also is extended to a debtor in possession. See 11 U.S.C. § 1107(a) (authorizing debtor in possession to exercise the statutory rights and powers of an estate trustee).

5

Rest. Mgmt., Inc., 139 B.R. 902, 913 (Bankr. W.D. Mo. 1992). The applicable Code sections are silent on the question of imputed disqualification, and I will not infer what Congress did not supply. See Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."). Gilbert Harrell thus is not disqualified from representing the Debtors under § 101(14)(A) by the fact that individual Gilbert Harrell attorneys are disqualified as creditors under § 101(14)(A).

## II. Gilbert Harrell May Represent the Debtors Under § 101(14)(C).

Once a law firm has established that it is not disqualified from representing the debtor under § 101(14)(A) or (B), the inquiry becomes whether the firm is disqualified by having:

> an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason[.]

11 U.S.C. § 101(14)(C). Under this Code provision, one lawyer's direct connection with a debtor creates an indirect and potentially disqualifying connection for the lawyer's firm. Thus only under § 101(14)(C) may an entire firm be non-disinterested

due to one lawyer's involvement with a debtor. In re Cygnus Oil & Gas, 2007 WL 1580111, at *3.

Under § 101(14)(C), the standard for disqualifying Gilbert Harrell is whether the Firm Club Members' status as creditors of the Debtors creates for the firm an interest that is "materially adverse" to the interest of either the estates, a creditor class, or the equity security holders. The term "materially adverse" means possessing:

> either an economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant . . . or . . . a predisposition under the circumstances that render such a bias against the estate.

Electro-Wire Prods., Inc. v. Sirote & Permutt, P.C. (In re Prince), 40 F.3d 356, 361 (11th Cir. 1994) (internal quotation marks omitted).

There is no evidence that the Firm Club Members' status as creditors has caused or will cause Gilbert Harrell to have an interest that is materially adverse to either the estates, a creditor class, or the equity security holders. Gilbert Harrell disclosed the Firm Club Members' connection with the Debtors at the time the case was filed. Moreover, Gilbert Harrell has established two alternative protocols designed to protect the interests of all parties.

Under no circumstances may any Firm Club Member work on any of these cases. If, however, Gilbert Harrell maintains an effective ethical screen, Gilbert Harrell is not disqualified from representing the Debtors under § 101(14)(C).

### III. The Non-Disinterested Lawyer Must Be Adequately Screened.

An ethical screen "can only be deemed adequate if it includes specific institutional mechanisms designed to insure segregation of the screened attorneys from the work and from those performing the work." In re Chicago South Shore and South Bend R.R., 101 B.R. 10, 14 (Bankr. N.D. Ill. 1989) (internal quotation marks omitted). Adequacy of screening is determined on a case-by-case basis. Vergos v. Timber Creek, 200 B.R. 624, 630 (W.D. Tenn. 1996). Specific mechanisms include:

> (1) denial of access to the files or documents relating to the case in question;
>
> (2) prohibition of any discussion of the case in the presence of the disqualified attorneys;
>
> (3) the disqualified attorneys receive no fees or share of the fees derived from the case; and
>
> (4) the screening mechanisms were established at the time the firm took the case.

In re Chicago South Shore, 101 B.R. at 14.

Here, in accord with <u>Chicago South Shore</u>, the ethical screen must include the following features, all of which Gilbert Harrell has agreed to implement:

>   (1) Firm Club Members may not provide services or bill for services in connection with the Debtors' cases.
>
>   (2) Firm Club Members must be denied access to all files and documents relating the Debtors' cases.
>
>   (3) There must be no discussion of the cases in the presence of Firm Club Members.

Alternatively, Firm Club Members may participate in the representation of the Debtors if they submit affirmative declarations waiving any claim they may have in these cases. See <u>Frank v. Pica Sys., Inc. (In re Pica Sys., Inc.)</u>, 124 B.R. 30, 33 (E.D. Mich. 1991).

## CONCLUSION

The disqualifying interests of individual Gilbert Harrell shareholders, associates, and/or of counsel do not disqualify Gilbert Harrell from representing the Debtors, provided that Gilbert Harrell maintains an ethical screen with the features I have described.

**IT IS THEREFORE ORDERED** as follows:

1. The Application is **GRANTED**.

2. The Debtors are authorized to retain Gilbert, Harrell, Sumerford & Martin, P.C. as their attorneys, pursuant to

11 U.S.C. § 327(a) nunc pro tunc to the date of the filing of the bankruptcy petition on the terms set forth in the Application and the Sumerford Declaration.

3. Gilbert, Harrell, Sumerford & Martin, P.C. shall be compensated upon appropriate application in accordance with 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of Georgia, and the orders of this Court.

4. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5. Counsel for the Debtors is directed to serve a copy of this Order on all parties on the Master Service List within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of Court.

John S. Dalis
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
This 20 day of September, 2010.