IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Brunswick, Georgia
*By cking at 5:04 pm, Sep 24, 2010*

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **SEA ISLAND COMPANY,** *et al.*, | ) | **Case No. 10-21034** |
| | ) | **Jointly Administered** |
| | ) | |
| Debtors. | ) | **Judge John S. Dalis** |
| | ) | |

## ORDER APPROVING: (I) THE DISCLOSURE STATEMENT; (II) PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; AND (III) RELATED NOTICE AND OBJECTION PROCEDURES

This matter is before the Court on the Motion for Order Approving: (I) the Disclosure Statement; (II) Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Plan; and (III) Related Notice and Objection Procedures (the "Motion") of Sea Island Company; Sea Island Coastal Properties LLC; Sea Island Services, Inc.; Sea Island Resort Residences, LLC; Sea Island Apparel, LLC; First Sea Island, LLC; and SICAL, LLC (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Upon the Motion of the Debtors, it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and other parties in interest; the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Debtors having filed with the Court the Disclosure Statement and the Plan; the Disclosure Statement Hearing Notice having been served on the Debtors' creditors and equity security holders; the Court having reviewed the Disclosure Statement, the Motion, the papers in

7327567.2

support thereof and the responses thereto, if any; and upon such documents and the record established at the Disclosure Statement hearing, the Court having found and determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY FOUND THAT:**

A.      The Disclosure Statement Hearing Notice was properly served upon the Debtors' creditors and equity security holders

B.      The objections filed by the Official Committee of Unsecured Creditors, Pension Benefit Guaranty Corporation, and various members are hereby overruled or resolved as set forth herein.

C.      The Disclosure Statement filed in the Chapter 11 Cases as Docket Number 26 (as the same may have been amended and/or revised from time to time, including in connection with the Disclosure Statement hearing) contains "adequate information" within the meaning of section 1125 of title 11 of the Bankruptcy Code.

D.      The form of notice of non-voting status ("Notice of Non-Voting Status") to be sent to holders of claims and interests in Classes 1, 3 and 7, substantially in the form annexed hereto as Exhibit 1, complies with Bankruptcy Rule 3017, and adequately addresses the particular needs of the Chapter 11 Cases.

E.      The forms of the Ballots annexed hereto as Exhibit 2 are substantially consistent with Official Form No. 14, adequately address the particular needs of the Chapter 11 Cases, and are appropriate for each Class of Claims entitled to vote to accept or reject the Plan.

F.      The Ballots require the furnishing of sufficient information to assure that duplicate Ballots are not submitted and tabulated and that Ballots reflect the votes of creditors.

G.      Ballots need not be provided to the Holders of Claims in Classes 1 and 3 because the Plan provides that such Classes are unimpaired and, therefore, deemed to accept the Plan.

H.      Ballots need not be provided to the Holders of Interests in Class 7 because the Plan provides that such Holders will not receive or retain any property under the Plan on account of such Interests and, therefore, are deemed to reject the Plan on account of such Interests.

I.      The period set forth below during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time for creditors to make an informed decision to accept or reject the Plan.

J.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

K.      The Confirmation Hearing Notice substantially in the form annexed hereto as Exhibit 3, the procedures set forth below for providing notice to all creditors and equity security holders of the time, date and place of the Confirmation Hearing, and the contents of the Solicitation Packages comply with rules 2002 and 3017 of the Bankruptcy Rules and constitute sufficient notice to all interested parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      The Disclosure Statement is approved.

3.      September 23, 2010 is established as the Voting Record Date for purposes of this Order and determining the creditors who are entitled to vote for or against the Plan.

3

4.      The Debtors are directed to distribute or cause to be distributed Solicitation Packages to all Holders of Claims in Classes 2, 4, 5 and 6 (collectively, the "Voting Classes"), including: (a) all persons or entities identified in the Debtors' Schedules as holding liquidated, noncontingent and undisputed Claims in an amount greater than zero dollars, excluding scheduled Claims that have been paid in full or superseded by filed proofs of claim, (b) all persons or entities identified in the Debtors' Schedules as holding unliquidated, contingent and disputed Claims in an amount greater than zero dollars, (c) all parties having timely filed proofs of claim, as reflected in the official claims register maintained by Epiq Bankruptcy Solutions, LLC (the "Voting Agent") (i) in an amount greater than zero and (ii) that have not been disallowed or expunged prior to the Solicitation Date (as defined below), (d) the assignee of a transferred and assigned Claim (whether a filed or scheduled Claim) whose transfer and assignment has been properly noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date and whose claims have not been disallowed or expunged prior to the Solicitation Date (as defined below), and (e) any other known Holders of Claims as of the Voting Record Date.

5.      The Solicitation Packages shall contain copies of: (a) a cover letter describing the contents of the Solicitation Package; (b) the Approval Order (without exhibits); (c) the Confirmation Hearing Notice (as defined below); (d) an appropriate form of Ballot together with a pre-addressed, postage prepaid return envelope addressed to Sea Island Company, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, F.D.R. Station, P.O. Box 5014, New York, New York 10150-5014; and (e) the Disclosure Statement (together with the Plan annexed thereto and all other appendices).

4

6.      The form of Notice of Non-Voting Status, substantially in the form annexed hereto as Exhibit 1 is approved and shall be distributed to Holders, as of the Voting Record Date, of: (a) unimpaired Claims and Interests in Classes 1 and 3, which classes are deemed to accept the Plan, and (b) Interests in Class 7, which is deemed to reject the Plan.

7.      The Confirmation Hearing Notice substantially in the form annexed hereto as Exhibit 3 is approved and (together with a copy of this Order without exhibits) shall be transmitted to all creditors and equity security holders of the Debtors.

8.      With respect to addresses from which notices of the hearing to approve the Disclosure Statement were returned as undeliverable by the United States Postal Service: (a) the Debtors are excused from distributing Solicitation Packages and/or Notices of Non-Voting Status to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities prior to the Voting Record Date; and (b) failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline (as defined below) or violation of Bankruptcy Rule 3017(d).

9.      Except as otherwise provided herein, to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed and the original thereof delivered to the Voting Agent so as to be actually received by the Voting Agent no later than 5:00 p.m. (prevailing Eastern time) on October 29, 2010 (the "Voting Deadline").

10.      The Debtors may extend the Voting Deadline, if necessary, without further order of this Court, to a date that is no later than two days before the Confirmation Hearing by publishing on http://dm.epiq11.com/seaisland an announcement of such extension.

11.      Solely for purposes of voting to accept or reject the Plan, not for the purposes of the allowance of or distribution on account of a Claim, and without prejudice to the rights of the

Debtors in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be entitled to vote the amount of such Claim as set forth in the Schedules (as may be amended from time to time) unless such Holder has timely filed a proof of claim, in which event such Holder would be entitled to vote the amount of such Claim as set forth in such proof of claim:

a.  if a Claim is deemed "Allowed" under the Plan or an order of the Court, such Claim shall be Allowed for voting purposes in the deemed "Allowed" amount set forth in the Plan or the Court's order;

b.  if a Claim for which a proof of claim has been timely filed is contingent, unliquidated or disputed (as determined by the Debtors after a reasonable review of the Claim and its supporting documentation), such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the Holder of such Claim shall be marked as voting at $1.00;

c.  if a Claim is partially liquidated and partially unliquidated, the Claim shall be Allowed for voting purposes only in the liquidated amount;

d.  if a Claim has been estimated or otherwise Allowed for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

e.  if a Claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, then, unless the Debtors have consented in writing to Allow such Claim for voting purposes, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the Holder of such Claim shall be marked as voting at $1.00;

f.  if the Debtors have filed an objection to a Claim before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection;

g.   notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims (whether against the same or multiple Debtors) that are classified under the Plan in the same Class, shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

h.   for voting purposes only, unless a party-in-interest objects, a holder of a SAR or UAR claim shall be entitled to vote his or her claim as a General Unsecured Claim.

12.   If any claimant seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, such claimant is directed to serve on counsel for Debtors and file with the Court no later than the later of (a) the Voting Record Date and (b) 5:00 p.m. (Eastern time) on the seventh day after the date of service of an objection, if any, to such Claim, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan.

13.   As to any creditor filing a motion pursuant to Bankruptcy Rule 3018(a), such creditor's Ballot shall not be counted unless temporarily Allowed by the Court for voting purposes after notice and a hearing.

14.   If a creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline is deemed to reflect the voter's intent and, thus, to supersede any prior Ballots.

15.   Creditors with multiple Claims within a particular Class must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their votes, and thus neither (i) any Ballot that partially rejects and partially accepts the Plan nor (ii) any Ballot filed by a creditor with multiple Claims within a Class who votes inconsistently will be counted.

16.     Any Ballot that is properly completed, executed and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan or indicates both an acceptance and a rejection of the Plan, shall not be counted.

17.     Any Ballot actually received by the Voting Agent after the Voting Deadline shall not be counted unless the Debtors granted an extension of the Voting Deadline with respect to such Ballot.

18.     Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant shall not be counted.

19.     Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan shall not be counted.

20.     Any unsigned Ballot or non-originally signed Ballot shall not be counted.

21.     Any Ballot sent directly to any of the Debtors, their agents (other than the Voting Agent), or the Debtors' financial or legal advisors or to any party other than the Voting Agent shall not be counted.

22.     Any Ballot cast for a Claim that has been disallowed (for voting purposes or otherwise) shall not be counted.

23.     Any Ballot transmitted to the Voting Agent by facsimile or other electronic means shall not be counted.

24.     The Debtors may reject any and all Ballots the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules. The Debtors may also waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; provided, however, that any such

8

waivers shall be documented in the tabulation report filed by the Voting Agent with the Bankruptcy Court.

25.    The Debtors may count a vote for Class 4 as a vote for Class 5 as well; provided, however, that a vote by any creditor holding a Secured Lender Deficiency Claim shall not be counted for purposes of determining whether Class 5 accepts the Plan.

26.    None of the Debtors, the Voting Agent or any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor shall the Debtors, the Voting Agent or any other person or entity incur any liability for failure to provide such notification.

27.    On or before October 18, 2010, the Debtors shall file and serve the Plan Supplement, which will contain the identity of the Liquidation Trustee, the Liquidating Trust Agreement, additional information on the identity of the successful purchaser, and additional information on the New Membership Agreements (including the dues schedule). The Court shall hold a hearing to address objections, if any, solely as to the additional membership information contained in the Plan Supplement on October 21, 2010 at __/__ : __oo__ p.m. (prevailing Eastern time).

28.    The Voting Agent may disregard any and all defective ballots with no further notice to any other person or entity.

29.    The Confirmation Hearing will be held at __/__ : __oo__ p.m. (prevailing Eastern time) on **November 4, 2010**; provided, however, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

30.    The Debtors shall publish the Confirmation Hearing Notice electronically on http://dm.epiq11.com/seaisland.

31.    Objections to confirmation of the Plan or proposed modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; (d) state with particularity the basis and nature of any objection to the Plan; and (e) be filed, together with proof of service, with the Court electronically in accordance with the Case Management Order and served on the parties listed in the Confirmation Hearing Notice, on or before 5:00 p.m. (prevailing Eastern time) on October 27, 2010.

32.    Objections to confirmation of the Plan not timely filed and served in the manner set forth above may not be considered and may be overruled.

33.    No later than November 2, 2010, the Debtors shall file: (a) any consolidated reply to any objections to the Plan; and (b) the vote tabulation certification.

34.    The Debtors are authorized to take or refrain from taking any action and expending such funds necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

35.    The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, Plan, Ballots, the Confirmation Hearing Notice, any other notice related to the Plan or Disclosure Statement and all exhibits and appendices to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution.

**SO ORDERED**, this 23rd day of September 2010.

JOHN S. DALIS
UNITED STATES BANKRUPTCY JUDGE

Prepared and presented by:

KING & SPALDING LLP
Sarah R. Borders
Georgia Bar No. 610649
sborders@kslaw.com
Harris Winsberg
Georgia Bar No. 770892
hwinsberg@kslaw.com
Sarah L. Taub
Georgia Bar No. 556919
staub@kslaw.com
Jeffrey R. Dutson
Georgia Bar No. 637106
jdutson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone:     (404) 572-4600
Facsimile:     (404) 572-5128

        and

GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.
Robert M. Cunningham
Georgia Bar No. 02228
rcunningham@gilbertharrelllaw.com
777 Gloucester Street, Suite 200
P.O. Box 190
Brunswick, Georgia 31521-0190
Telephone:     (912) 265-6700
Facsimile:     (912) 264-3917
COUNSEL FOR THE
DEBTORS-IN-POSSESSION

## **EXHIBIT 1**

### **NOTICE OF NON-VOTING STATUS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **SEA ISLAND COMPANY**, *et al.*, | ) | **Case No. 10-21034** |
| | ) | **Jointly Administered** |
| | ) | |
| **Debtors.** | ) | **Judge John S. Dalis** |
| | ) | |

**NOTICE OF NON-VOTING STATUS UNDER THE DEBTORS' JOINT CHAPTER 11
PLAN DATED AS OF AUGUST 10, 2010**

1.      On August 10, 2010 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      On September 23, 2010, the United States Bankruptcy Court for the Southern District of Georgia, Brunswick Division (the "Bankruptcy Court") entered an Order Approving (I) the Disclosure Statement; (II) Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Plan; and (III) Related Notice and Objection Procedures (Docket No. __, the "Approval Order").

3.      Among other things, the Approval Order: (a) approved the Disclosure Statement with Respect to the Joint Chapter 11 Plan Dated as of August 10, 2010 (Docket No. 26, the "Disclosure Statement"); (b) established certain procedures (collectively, the "Solicitation Procedures") for the solicitation and tabulation of votes to accept or reject the Joint Chapter 11 Plan Dated as August 10, 2010 (Docket No. 25, the "Plan"); (c) approved the contents of the proposed solicitation packages to be distributed to the Debtors' stakeholders who are entitled to vote to accept or reject the Plan (collectively, the "Solicitation Packages"); (d) approved the forms of notice to be sent to certain stakeholders who are not entitled to vote to accept or reject the Plan; and (e) approved other notice and objection procedures in connection with the hearing to confirm the Plan (the "Confirmation Hearing").

4.      Pursuant to Rule 3017(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Approval Order, the Debtors: (a) are required to provide Solicitation Packages to all creditors entitled to vote to accept or reject the Plan; and (b) are not required to provide Solicitation Packages to holders of claims or interests in classes under the Plan that are conclusively presumed to either accept or reject the Plan (collectively, the "Non-Voting Classes").

5.      The Non-Voting Classes, and their proposed treatment under the Plan, are set forth immediately below:

Class 1: Allowed Miscellaneous Secured Claims are not impaired under the Plan and will be satisfied in full. Holders of claims in Class 1 are conclusively presumed to have accepted the Plan and are not entitled to vote to accept or reject the Plan on account of such claims.

Class 3: Allowed Other Priority Claims are not impaired under the Plan and will be satisfied in full. Holders of claims in Class 3 are conclusively presumed to have accepted the Plan and are not entitled to vote to accept or reject the Plan on account of such claims

Class 7: Interests in the Debtors are impaired under the Plan. Under the Plan, holders of Class 7 Interests do not receive or retain any property on account of such interests. Holders of Class 7 Interests are conclusively presumed to reject the Plan and are not entitled to vote to accept or reject the Plan.

6.    **YOU HAVE BEEN IDENTIFIED AS THE HOLDER OF A CLAIM OR INTEREST IN A NON-VOTING CLASS UNDER THE PLAN AND THEREFORE ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN ON ACCOUNT OF SUCH CLAIM OR INTEREST**. Accordingly, pursuant to the Approval Order, you are receiving this Notice in lieu of a Solicitation Package containing, among other things, copies of the Disclosure Statement and the Plan. Should you wish to obtain a copy of either the Disclosure Statement or the Plan, copies of both documents (including any exhibits and appendices thereto) are available at no charge via the internet at: http://dm.epiq11.com/seaisland. Copies of the Disclosure Statement and the Plan (excluding any publicly-filed exhibits and appendices thereto) are also available upon a written request made to the Debtors at Sea Island Company, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, F.D.R. Station, P.O. Box 5014, New York, New York 10150-5014.

7.    If you wish to challenge the Debtors' classification of your Claim, you must file a motion, pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion"), for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Plan and serve such motion on the Debtors **so that it is received by the later of (a) September 23, 2010 and (b) seven days after the date of service of a notice of an objection, if any, to your Claim or Interest**. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing on or prior to October 29, 2010 (i.e., the last date fixed for creditors to vote to accept or reject the Plan). Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above will not be considered.

8.    The Confirmation Hearing will be held before Judge John S. Dalis at the United States Bankruptcy Court for the Southern District of Georgia, 801 Gloucester Street, Brunswick, Georgia 31520 on **November 4, 2010 at 10:00 a.m., Eastern Time**. The Confirmation Hearing

may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

9.      Objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Bankruptcy Court at the address set forth in the preceding paragraph and served on the following parties by no later than 5:00 p.m. Eastern Time, on October 27, 2010:

- the Debtors, c/o Sea Island Company, 100 Salt Marsh Lane, St. Simons Island, Georgia 31522 (Attn: James B. Gilbert, Jr.);

- counsel for the Debtors, King & Spalding LLP, 1180 Peachtree Street NE, Atlanta, Georgia 30309 (Attn: Sarah R. Borders, Harris Winsberg and Sarah L. Taub);

- co-counsel for the Debtors, Gilbert, Harrell, Sumerford & Martin, P.C., 777 Gloucester Street, Suite 200, P.O. Box 190, Brunswick, Georgia 31521-0190 (Attn: Robert Cunningham);

- the Office of The United States Trustee, Southern District of Georgia, Brunswick Division, 208 Scranton Connector, Suite 113, Brunswick, Georgia 31525;

- counsel to the Official Committee of Unsecured Creditors, Berger Singerman, P.A., 200 South Biscayne Boulevard, Miami, Florida 33131-5308 (Attn: Jordi Guso); and

- counsel to Synovus Bank (formerly known as Columbus Bank & Trust), Alston & Bird LLP, One Atlantic Center, 1201 West Peachtree Street, Atlanta, GA 30309-3424 (Attn: Jason Watson).

Dated: _____, 2010

**BY ORDER OF THE COURT**

KING & SPALDING LLP
Sarah R. Borders
Georgia Bar No. 610649
sborders@kslaw.com
Harris Winsberg
Georgia Bar No. 770892
hwinsberg@kslaw.com
Sarah L. Taub
Georgia Bar No. 556919
staub@kslaw.com
Jeffrey R. Dutson
Georgia Bar No. 637106
jdutson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone:    (404) 572-4600
Facsimile:    (404) 572-5128

and

GILBERT, HARRELL, SUMERFORD &
MARTIN, P.C.
Robert M. Cunningham
Georgia Bar No. 02228
rcunningham@gilbertharrelllaw.com
777 Gloucester Street, Suite 200
P.O. Box 190
Brunswick, Georgia 31521-0190
Telephone:    (912) 265-6700
Facsimile:    (912) 264-3917

COUNSEL FOR THE
DEBTORS-IN-POSSESSION

## EXHIBIT 2

## FORMS OF BALLOTS

## Class 2 Ballot

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **SEA ISLAND COMPANY**, *et al.*, | ) | Case No. 10-21034 |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Judge John S. Dalis |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE DEBTOR'S
PLAN OF LIQUIDATION**

**CLASS 2 – ALLOWED SECURED LENDER CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE
YOUR ACCEPTANCE OR REJECTION OF THE PLAN.**

**THE DEBTORS RECOMMEND THAT YOU ACCEPT THE PLAN BY CHECKING
THE "TO ACCEPT THE PLAN" BOX IN ITEM 2.**

**Item 1.**      **Amount and Type of Claim**

The undersigned is a creditor of the Debtor holding a Claim in the amount of  $_____.

**Item 2.**      **Class 2 – Secured Lender Claims**

The holder of the Claim(s) set forth in Item 1, votes (please check one):

☐ To Accept the Plan                    ☐ To Reject the Plan

**Item 3.**      By signing this Ballot, the undersigned creditor certifies that it has been provided with a copy of the Disclosure Statement.

**Item 4.**      By signing this Ballot, the undersigned creditor hereby certifies that it is the holder of the Claim(s) set forth in Item 1 and has full power and authority to vote to accept or reject the Plan. The undersigned also acknowledges that the solicitation is subject to all the terms and conditions set forth in the Disclosure Statement.

.

Dated:_____          Name of Voter:    _____
                                             (Print or Type)


                           Signature:         _____


                           By:                _____
                                             (If Appropriate)

                           Title:             _____
                                             (If Appropriate)

                           Address:           _____

                                              _____

<u>**Class 4 or 5 Ballot**</u>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **SEA ISLAND COMPANY,** *et al.*, | ) | **Case No. 10-21034** |
| | ) | **Jointly Administered** |
| | ) | |
| **Debtors.** | ) | **Judge John S. Dalis** |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE DEBTOR'S
PLAN OF LIQUIDATION**

**CLASS 5 – GENERAL UNSECURED CLAIMS (EXCLUDING
LENDER DEFICIENCY CLAIM)**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE
YOUR ACCEPTANCE OR REJECTION OF THE PLAN.**

**THE DEBTORS RECOMMEND THAT YOU ACCEPT THE PLAN BY CHECKING
THE "TO ACCEPT THE PLAN" BOX IN ITEM 2.**

**Item 1.**      **Amount and Type of Claim**

The undersigned is a creditor of the Debtor holding a Claim in the amount of $_____.

**Item 2.**      **General Unsecured Claims**

The holder of the Claim(s) set forth in Item 1, votes (please check one):

☐ To Accept the Plan                    ☐ To Reject the Plan

**Item 3.**      If the Claim Holder votes to accept the Plan, the Claim will be treated as a Class 4 Accepting Unsecured Claim to the extent satisfied by its Pro Rata share of the Accepting Unsecured Creditors Fund. Any remaining unsatisfied portion of the Claim will be treated as a Class 5 Other General Unsecured Claim. Such Claim Holder shall be deemed to have consented to the releases provided for in Section 10.03(b) of the Plan.

If the Claim Holder votes to reject the Plan, the entire Claim will be treated as a Class 5 Other General Unsecured Claim and such Claim Holder shall not be bound by the releases provided for in Section 10.03(b) of the Plan.

**Item 4.**     By signing this Ballot, the undersigned creditor certifies that it has been provided with a copy of the Disclosure Statement.

**Item 5.**     By signing this Ballot, the undersigned creditor hereby certifies that it is the holder of the Claim(s) set forth in Item 1 and has full power and authority to vote to accept or reject the Plan. The undersigned also acknowledges that the solicitation is subject to all the terms and conditions set forth in the Disclosure Statement.

Dated:_____     Name of Voter:     _____
                                          (Print or Type)

                      Signature:          _____


                      By:                 _____
                                          (If Appropriate)

                      Title:              _____
                                          (If Appropriate)

                      Address:            _____

                                          _____

## Class 5 Ballot for Secured Lender Deficiency Claims

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEA ISLAND COMPANY, *et al.*, | ) | Case No. 10-21034 |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Judge John S. Dalis |
| | ) | |

### BALLOT FOR ACCEPTING OR REJECTING THE DEBTOR'S PLAN OF LIQUIDATION

### CLASS 5 – SECURED LENDER DEFICIENCY CLAIMS

### PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

### PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN.

### THE DEBTORS RECOMMEND THAT YOU ACCEPT THE PLAN BY CHECKING THE "TO ACCEPT THE PLAN" BOX IN ITEM 2.

**Item 1.**      **Amount and Type of Claim**

The undersigned is a creditor of the Debtor holding a Claim in the amount of $_____.

**Item 2.**      **Class 5 – Secured Lender Deficiency Claims**

The holder of the Claim(s) set forth in Item 1, votes (please check one):

☐ To Accept the Plan                     ☐ To Reject the Plan

**Item 3.**      By signing this Ballot, the undersigned creditor certifies that it has been provided with a copy of the Disclosure Statement.

**Item 4.**      By signing this Ballot, the undersigned creditor hereby certifies that it is the holder of the Claim(s) set forth in Item 1 and has full power and authority to vote to accept or reject the Plan. The undersigned also acknowledges that the solicitation is subject to all the terms and conditions set forth in the Disclosure Statement.

Dated:_____        Name of Voter:        _____
                                                (Print or Type)

                         Signature:             _____


                         By:                    _____
                                                (If Appropriate)

                         Title:                 _____
                                                (If Appropriate)

                         Address:               _____

                                                _____

2

**Class 6 Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEA ISLAND COMPANY, *et al.*, | ) | Case No. 10-21034 |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Judge John S. Dalis |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE DEBTOR'S
PLAN OF LIQUIDATION**

**CLASS 6 – ALLOWED CONVENIENCE CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE
YOUR ACCEPTANCE OR REJECTION OF THE PLAN.**

**THE DEBTORS RECOMMEND THAT YOU ACCEPT THE PLAN BY CHECKING
THE "TO ACCEPT THE PLAN" BOX IN ITEM 2.**

**Item 1.**     **Amount and Type of Claim**

The undersigned is a creditor of the Debtor holding a Claim in the amount of  $_____$ .

**Item 2.**     **Class 6 – Convenience Claims**

The holder of the Claim(s) set forth in Item 1, votes (please check one):

☐ To Accept the Plan                              ☐ To Reject the Plan

| | |
|---|---|
| **Item 3.** | By signing this Ballot, the undersigned creditor certifies that it has been provided with a copy of the Disclosure Statement. |
| **Item 4.** | By signing this Ballot, the undersigned creditor hereby certifies that it is the holder of the Claim(s) set forth in Item 1 and has full power and authority to vote to accept or reject the Plan. The undersigned also acknowledges that the solicitation is subject to all the terms and conditions set forth in the Disclosure Statement. |

Dated:_____    Name of Voter: _____

                                  (Print or Type)

                         Signature: _____

                         By: _____

                                    (If Appropriate)

                         Title: _____

                                    (If Appropriate)

                         Address: _____

                                   _____

# **EXHIBIT 3**

## **CONFIRMATION HEARING NOTICE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **SEA ISLAND COMPANY**, *et al.*, | ) | **Case No. 10-21034** |
| | ) | **Jointly Administered** |
| | ) | |
| Debtors. | ) | **Judge John S. Dalis** |
| | ) | |

## NOTICE OF (A) ENTRY OF ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES; (B) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT CHAPTER 11 PLAN; (C) HEARING TO CONSIDER CONFIRMATION OF CHAPTER 11 PLAN AND (D) RELATED MATTERS

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      Pursuant to an order dated [_____], 2010 (Docket No.___, the "Approval Order"), the United States Bankruptcy Court for the Southern District of Georgia, Brunswick Division (the "Court") has (a) approved the Disclosure Statement With Respect to the Joint Chapter 11 Plan Dated as of August 10, 2010 (the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (the "Debtors") and (b) authorized the Debtors to solicit votes to accept or reject the Debtors' Joint Chapter 11 Plan Dated as of August 10, 2010 (as may be amended, the "Plan").

2.      The Approval Order establishes September 23, 2010 as the Record Date for determining the holders of prepetition claims entitled to vote to accept or reject the Plan and establishes **5:00 p.m. on October 29, 2010** as the Voting Deadline for submission of ballots to accept or reject the Plan (the "Ballots"). Holders of claims entitled to vote to accept or reject the Plan will receive the following materials: (a) this Notice, (b) a copy of the Approval Order (without exhibits) to which this Notice corresponds, (c) the Disclosure Statement, (d) the Plan, and (e) one or more Ballots (and return envelopes) to be used in voting to accept or reject the Plan (collectively, the "Solicitation Package"). Failure to follow the instructions set forth in the Ballot may disqualify that Ballot and the vote represented thereby.

3.      Holders of (a) unimpaired claims and (b) claims or interests that will receive no distribution under the Plan are not entitled to vote on the Plan and, therefore, will receive a notice of non-voting status rather than a Ballot. If you are not entitled to vote to accept or reject the Plan but believe that you should be entitled to vote to accept or reject the Plan, then you must serve on the Notice Parties (defined below) and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan by the later of (a) September 29, 2010 and (b) seven days after the date of service of a notice of an objection, if

any, to such claim. The Ballot of any creditor filing a Rule 3018(a) Motion shall not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing.

4.      A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before Judge John S. Dalis at the Bankruptcy Court for the Southern District of Georgia, Brunswick Division, at 801 Gloucester Street, Brunswick, Georgia 31520 **on November 4, 2010 at 10:00 a.m., prevailing Eastern Time**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

5.      Objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be served on the following parties (the "Notice Parties") so as to be actually received no later than 5:00 p.m. (prevailing Eastern time) on October 27, 2010 (the "Plan Objection Deadline): (i) the Debtors, c/o Sea Island Company, 100 Salt Marsh Lane, St. Simons Island, Georgia 31522 (Attn: James B. Gilbert, Jr.); (ii) counsel for the Debtors, King & Spalding LLP, 1180 Peachtree Street NE, Atlanta, Georgia 30309 (Attn: Sarah R. Borders, Harris Winsberg and Sarah L. Taub); (iii) co-counsel for the Debtors, Gilbert, Harrell, Sumerford & Martin, P.C., 777 Gloucester Street, Suite 200, P.O. Box 190, Brunswick, Georgia 31521-0190 (Attn: M.F. Martin, III and Robert Cunningham); (iv) the Office of The United States Trustee, Southern District of Georgia, Brunswick Division, 208 Scranton Connector, Suite 113, Brunswick, Georgia 31525; (iv) counsel to the Official Committee of Unsecured Creditors, Berger Singerman, P.A., 200 South Biscayne Boulevard, Miami, Florida 33131-5308 (Attn: Jordi Guso); and (v) counsel to Synovus Bank (formerly known as Columbus Bank & Trust), Alston & Bird, One Atlantic Center, 1201 West Peachtree Street, Atlanta, GA 30309-3424 (Attn: Jason Watson).

6.      **THIS CHAPTER 11 PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. THESE PROVISIONS ARE SET FORTH IN THE CHAPTER 11 PLAN AND DESCRIBED IN THE DISCLOSURE STATEMENT.**

7.      Requests for copies of the Disclosure Statement and the Plan (excluding certain voluminous exhibits thereto) by parties in interest may be made in writing to the Sea Island Company, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, F.D.R. Station, P.O. Box 5014, New York, New York 10150-5014. In addition, any party may view and download the Plan, the Disclosure Statement and related exhibits (as they are filed) without charge at http://dm.epiq11.com/seaisland. If you have any questions regarding this Notice, please call the Voting Agent at (646) 282-2400.

**UNLESS AN OBJECTION IS TIMELY FILED AND SERVED AS PROVIDED HEREIN, IT MAY NOT BE CONSIDERED AT THE HEARING.**

**BY ORDER OF THE COURT**

KING & SPALDING LLP
Sarah R. Borders
Georgia Bar No. 610649
sborders@kslaw.com
Harris Winsberg
Georgia Bar No. 770892
hwinsberg@kslaw.com
Sarah L. Taub
Georgia Bar No. 556919
staub@kslaw.com
Jeffrey R. Dutson
Georgia Bar No. 637106
jdutson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone:    (404) 572-4600
Facsimile:    (404) 572-5128

and

GILBERT, HARRELL, SUMERFORD &
MARTIN, P.C.
Robert M. Cunningham
Georgia Bar No. 02228
rcunningham@gilbertharrelllaw.com
777 Gloucester Street, Suite 200
P.O. Box 190
Brunswick, Georgia 31521-0190
Telephone:    (912) 265-6700
Facsimile:    (912) 264-3917
COUNSEL FOR THE
DEBTORS-IN-POSSESSION

3