**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **SEA ISLAND COMPANY,** *et al.*, | ) | **Case No. 10-21034** |
| | ) | **Jointly Administered** |
| | ) | |
| Debtors. | ) | Judge John S. Dalis |
| | ) | |

**NOTICE OF CONFIRMATION OF PLAN,
PERMANENT INJUNCTION, AND VARIOUS DEADLINES**

**PLEASE TAKE NOTICE** that on November 8, 2010, the United States Bankruptcy Court for the Southern District of Georgia entered the Findings of Fact, Conclusions of Law and Order (the "Confirmation Order") confirming the Amended and restated Joint Chapter 11 as of August 10, 2010 (the "Plan") filed by Sea Island Company; Sea Island Coastal Properties LLC; Sea Island Services, Inc.; Sea Island Resort Residences, LLC; Sea Island Apparel, LLC; First Sea Island, LLC; and SICAL, LLC (collectively, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order and the Plan may be obtained at http://dm.epiq11.com/SeaIsland;

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Plan, the automatic stay of Section 362 of the United States Bankruptcy Code and in existence on the date of the confirmation of the Plan shall continue in full force and effect until the Effective Date of the Plan and the Debtors and the Estates shall be entitled to all of the protections afforded thereby, all in accordance with the Plan;

**PLEASE TAKE FURTHER NOTICE** the Confirmation Order contains the following permanent injunction:

**(a)** **Claims and Interests.** **Except as otherwise expressly provided for in the Plan or this Order and to the fullest extent authorized or provided by the Bankruptcy Code, including sections 524 and 1141 thereof, the entry of this Order shall, provided that the Effective Date occurs, permanently enjoin all Persons that have held, currently hold or may hold a Claim or other debt or liability or an Interest or other right of an equity security holder that is Impaired or terminated pursuant to the terms of the Plan from taking any of the following actions against the Debtors, the Liquidating Trust, the Liquidation Trustee, the Purchaser, or the Property of any of the foregoing on account of any such Claims, debts or liabilities or such terminated Interests or rights: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind; (b) enforcing, levying, attaching, collecting or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree or order; (c)**

**creating, perfecting or enforcing in any manner, directly or indirectly, any Lien or encumbrance of any kind; (d) asserting any setoff, offset, right of subrogation or recoupment of any kind, directly or indirectly, against any debt, liability or obligation due to the Debtors; and (e) proceeding in any manner in any place whatsoever, including employing any process, that does not conform to or comply with or is inconsistent with the provisions of the Plan.**

**(b)** <u>**Released Claims**</u>**.  As of the Effective Date, this Order shall constitute an injunction permanently enjoining any Person that has held, currently holds or may hold a Claim, demand, debt, right, Cause of Action or liability that is released pursuant to pursuant to paragraph 30 of the Confirmation Order from enforcing or attempting to enforce any such Claim, demand, debt, right, Cause of Action or liability against (i) any Debtor, (ii) the Liquidating Trust, (iii) any Releasee, (iv) any D&O Releasee, or (v) any Exculpated Person, or any of their respective Property, based on, arising from or relating to, in whole or in part, any act, omission, or other occurrence taking place on or prior to the Effective Date with respect to or in any way relating to the Chapter 11 Cases, all of which claims, demands, debts, rights, Causes of Action or liabilities shall be deemed released on and as of the Effective Date; *provided*, *however*, that this injunction shall not apply to (a) any claims Creditors may assert under the Plan to enforce their rights thereunder to the extent permitted by the Bankruptcy Code or (b) any claims Creditors or other third parties may have against each other, which claims are not related to the Debtors, it being understood, however, that any defenses, offsets or counterclaims of any kind or nature whatsoever which the Debtors may have or assert in respect of any of the claims of the type described in (a) or (b) of this proviso are fully preserved.**

**NOTICE IS FURTHER GIVEN THAT** the Confirmation Order provides, among other things, the following deadlines:

a.     <u>**Administrative Claim Bar Date (General)**</u>:  Except for Administrative Claims of Professionals for Professional Fee Claims, which are addressed in Section 3.03(c)(ii) of the Plan and paragraph 36 of the Confirmation Order, and except as otherwise provided in the Plan, requests for payment of Administrative Claims must be Filed and served on counsel for the Debtors no later than (x) the Administrative Claim Bar Date, or (y) such later date, if any, as the Bankruptcy Court shall order upon application made prior to the end of the Administrative Claim Bar Date.  Holders of Administrative Claims (including, without limitation, the holders of any Claims for federal, state or local taxes) that are required to File a request for payment of such Claims and that do not File such requests by the applicable bar date shall be forever barred from asserting such Claims against any of the Debtors, the Liquidation Trustee or any of their respective properties.  The Plan defines the "Administrative Claim Bar Date" as the first Business Day that is thirty (30) days following the Effective Date, except as specifically set forth in the Plan or the Confirmation Order.  The Debtors anticipate the Effective Date to be on or about December 15, 2010.  Accordingly, the Administrative Claim Bar Date will be on or about January 14, 2010.  Soon after the Effective Date, the Debtors will file a notice of the Effective Date on the main case docket, which can be accessed through the website maintained by the United States Bankruptcy Court for the Southern District of Georgia www.gasb.uscourts.gov or

through an account obtained from PACER Service Center at 1-800-676-6856 or http://pacer.psc.uscourts.gov/. Notice of the Effective Date will also be posted at http://dm.epiq11.com/SeaIsland. At that time, please refer to the Notice of the Effective Date to determine the Administrative Claim Bar Date.

Any such person who fails to file a timely request for payment of Administrative Claim with the counsel for the Debtors will be **FOREVER BARRED** from seeking payment of such Administrative Claim by the Debtors, their estates, or the Liquidating Trust.

b.  **Administrative Claim Bar Date (Professionals)**: Applications for compensation for services rendered and reimbursement of expenses incurred by Professionals from the Petition Date through the Effective Date shall be Filed no later than ninety (90) days after the Effective Date or such later date as the Court approves. Such applications shall be served on: (a) the Debtors; (b) Sarah Robinson Borders, King & Spalding LLP, 1180 Peachtree Street NE, Atlanta, Georgia 30309, counsel to the Debtors; (c) Robert M. Cunningham, Gilbert, Harrell, Sumerford & Martin, P.C., 777 Gloucester Street, Suite 200, PO Box 190, Brunswick, Georgia 31521-0190, co-counsel to the Debtors; (d) the Office of the United States Trustee; (e) Jason H. Watson, Alston & Bird, LLP, 1201 West Peachtree Street NE, Atlanta, Georgia 30309, counsel for the Secured Lenders; and (f) Jordi Guso, Berger Singerman, P.A., 200 South Biscayne Boulevard, Miami, Florida 33131-5308, counsel to the Committee. Applications that are not timely Filed will not be considered by the Court. The Debtors or Liquidation Trustee, as the case may be, may pay any Professional fees and expenses incurred after the Effective Date without any application to the Bankruptcy Court.

c.  **Rejection Damage Claims Bar Date**: Claims arising out of the rejection of any executory contract or unexpired lease pursuant to Article VI of the Plan must be filed with the Bankruptcy Court no later than the later of (a) thirty (30) days after the Effective Date, or (b) thirty (30) days after the entry of an order rejecting such executory contract or unexpired lease. If a rejection claim is timely filed, the claimholder will have thirty (30) days after filing such claim to opt in to the Accepting Unsecured Creditors Fund by filing an election of Class 4 treatment. If such a claimholder timely elects to have its claim treated as a Class 4 Accepting Unsecured Claim, the claimholder (1) shall be bound by the releases described in paragraph 30(b) of this Order; (2) shall be entitled to its Pro Rata share of the Accepting Unsecured Creditors Fund; and (3) shall be entitled to its Pro Rata Distribution of the General Unsecured Creditors Fund to the extent that its claim is not satisfied through the distribution of the Accepting Unsecured Creditors Fund. If such claimholder does not timely elect Class 4 treatment, the Claim shall be treated as an Other General Unsecured Claim pursuant to section 3.10 of the Plan. Any Claim not filed within such time period shall be forever barred. The Debtors and the Liquidation Trustee shall have the right to object to any Claim arising out of the rejection of an executory contract or unexpired lease pursuant to the terms of Section 8.04 of the Plan.

        GILBERT, HARRELL, SUMERFORD &
        MARTIN, P.C.

        /s/ Robert M. Cunningham
        Robert M. Cunningham
        Georgia Bar No. 202228
        rcunningham@gilbertharrelllaw.com
        777 Gloucester Street, Suite 200
        P.O. Box 190
        Brunswick, Georgia 31521-0190
        Telephone:    (912) 265-6700
        Facsimile:    (912) 264-3917

            and

        KING & SPALDING LLP
        Sarah R. Borders
        Georgia Bar No. 610649
        sborders@kslaw.com
        Harris Winsberg
        Georgia Bar No. 770892
        hwinsberg@kslaw.com
        Sarah L. Taub
        Georgia Bar No. 556919
        staub@kslaw.com
        Jeffrey R. Dutson
        Georgia Bar No. 637106
        jdutson@kslaw.com
        1180 Peachtree Street
        Atlanta, Georgia 30309-3521
        Telephone:    (404) 572-4600
        Facsimile:    (404) 572-5128

        COUNSEL FOR THE
        DEBTORS-IN-POSSESSION

Date of service: November 18, 2010