UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| SEA ISLAND COMPANY, *et al*., | ) | |
| | ) | Case No. 10-21034 - JSD |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Judge John S. Dalis |
| | ) | |

**LIQUIDATION TRUSTEE'S MOTION FOR A RULE 2004
EXAMINATION OF AND DOCUMENT PRODUCTION BY DENNIE MCCRARY**

Robert H. Barnett as the Liquidation Trustee (the "Liquidation Trustee") under the Sea Island Company Liquidation Trust moves the Court to enter an order authorizing the issuance of a subpoena directing Dennie McCrary to produce documents and to testify pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  In support of this Motion, the Liquidation Trustee shows the Court the following:

**JURISDICTION & PROCEDURAL BACKGROUND**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of, among other things, 28 U.S.C. § 157(b)(2)(A), (B), and (H).

2.      The above-referenced debtors (the "Debtors") filed with the Court their voluntary petitions for relief under Chapter 11 Title 11 of the Bankruptcy Code on August 10, 2010 (the "Petition Date").

3.      On September 24, 2010, the Debtors filed their Amended and Restated Joint Chapter 11 Plan as of August 10, 2010 [Bankr. Docket No. 217], which was confirmed pursuant

to an order entered on or about November 8, 2010 [Bankr. Docket No. 372] (the "Confirmation Order").

4.      The Trust Agreement of Sea Island Company Creditors Liquidation Trust dated December 15, 2010 [Bankr. Docket No. 449-1], incorporated by reference in the Confirmation Order, approved Robert H. Barnett as the Liquidation Trustee.

## BACKGROUND INFORMATION ON MCCRARY

5.      Through counsel, McCrary has advised the Liquidation Trustee that he may object to the Court exercising post-confirmation jurisdiction in connection with entering a Rule 2004 order with respect to him.  Given that McCrary has raised numerous procedural issues in the past and has raised questions about the Court's post-confirmation jurisdiction, the Liquidation Trustee sets forth below more detail than is typically contained in a Rule 2004 motion to show that "cause" not only exists to enter the requested order but also to show that the Court has post-confirmation jurisdiction.

6.      With that predicate, the Liquidation Trustee shows the following.  The Debtors' records reflect that McCrary began working for the Debtors in 1975.  *See* Exhibit 1 (Amended and Restated Executive Retirement Agreement with Dennie L. McCrary) (reflecting that McCrary "has been employed by the Company since 1975").

7.      The Debtors' records further show that McCrary was promoted from vice president to president of the Debtors in approximately 1998.  *See* Exhibit 2 (correspondence addressed to Dennie McCrary dated September 4, 1997 and September 9, 1998) (reflecting a change in McCrary's title from vice president to president of Sea Island Company between September 4, 1997 and September 9, 1998).

8.      The Debtors' records also reflect that McCrary served on the Debtors' board of directors for over ten (10) years, beginning at least as early as 1998.  *See* Exhibit 3 (Minutes of the Meeting of the Finance Committee of the Board of Directors of Sea Island Company Held on Wednesday, July 29, 1998).

9.      According to the Debtors' records, McCrary retired from his position as president in 2003 but remained on the board of directors thereafter.  Additionally, McCrary served on every committee of the board during this time.  *See* Exhibit 4.

10.     The Debtors' records indicate that McCrary resigned from the board on or about February 2, 2009.  *See* Exhibit 5 (correspondence from Dennie McCrary dated February 2, 2009).

11.     As of January 31, 2009, immediately prior to McCrary's resignation from the board, the Debtors' consolidated balance sheet reflects that the Debtors had total assets of $792,347,005 and total liabilities of $913,474,677.  *See* Exhibit 6 (Sea Island Companies Consolidated Balance Sheet January 31, 2009).

12.     Furthermore, the Debtors' historical financial statements reflect that the Debtors' liabilities had exceeded its assets for many years.  For example, on October 31, 2006, the Debtors' consolidated balance sheet reflected that the Debtors had total assets of $725,512,194 and total liabilities of $799,153,172.  *See* Exhibit 7 (Sea Island Companies Consolidated Balance Sheet October 31, 2006).

13.     According to the Debtors' business records, on or about October 10, 2007, McCrary received transfers from the Debtors totaling $4,206,583.84 on account of certain claimed stock appreciation rights.  This transfer and other transfers to McCrary are summarized in the attached Exhibit 8, which was compiled from the Debtors' business records.

14.     According to McCrary's objection to confirmation, McCrary's alleged stock appreciation rights are valued "based on the value of stock or unit awards at a designated point in time."  *See* Objection of Retirement Creditors to Debtors' Amended and Restated Joint Chapter 11 Plan as of August 10, 2010 [Bankr. Docket No. 319] ("McCrary Plan Obj.").

15.     While the Liquidation Trustee is still conducting his investigation, McCrary's protestations notwithstanding, it would appear that, at the very least, it is possible that McCrary's alleged stock appreciation rights are subject to recharacterization.  *Compare* McCrary Plan Obj. (McCrary's alleged stock appreciation rights are valued "based on the value of stock or unit awards at a designated point in time.") *with Searls v. Glasser*, 64 F.3d 1061, 1064-65 (7th Cir. 1995) (Stock appreciation rights are "not unlike stock options in that they entitled the holder to a cash or stock payment in an amount representing the difference between the market price and the strike price specified on the face of the SAR.") & *Menotte v. NLC Holding Corp.* (*In re First NLC Fin. Servs., LLC*), 415 B.R. 874, 881 (Bankr. S.D. Fla. 2009) (To be considered debt, "a reasonable expectation of repayment must exist which does not depend solely on the success of the borrower's business.") (citation omitted).

16.     Assuming that McCrary's claimed stock appreciation rights are subject to recharacterization, if the Debtors were insolvent at the time of the transfer, the Debtors may not have received reasonably equivalent value for the $4,206,583.84 transfer.  *See Miller v. Dow* (*In re Lexington Oil & Gas Ltd.*), 423 B.R. 353, 374 & 378 (Bankr. E.D. Okla. 2010) (recharacterization case finding constructive fraudulent transfer because alleged debt for which defendant were paid proceeds was "nothing more than equity").

17.     Of course, if the Debtors did not receive reasonably equivalent value and the Debtors were insolvent at the time of the transfer or became insolvent on account of it, *see, e.g.,*

O.C.G.A. § 18-2-75(a), then McCrary may have fraudulent transfer exposure because the transfer occurred within four (4) years of the Petition Date, *see* O.C.G.A. § 18-2-79(2).

18.     And, if such transfer amounts to a fraudulent transfer, then all of McCrary's asserted claims, which in the aggregate amount to more than $29,000,000.00, *see* Claim Nos. 0000000717, 0000000718, 0000000719, 0000000720, 0000000721, 0000000722, 0000000723, are subject to disallowance under section 502(d) of the Bankruptcy Code unless he disgorges the transfer, *see* 11 U.S.C. § 502(d); *Ambassador Factors v. Topgallant Lines, Inc.* (*In re Topgallant Lines, Inc.*), 1993 WL 13004125, at *2 (Bankr. S.D. Ga. Feb. 8, 1993).

19.     Upon information and belief, McCrary never disclosed such potential liability or the underlying transfer to the United States Trustee and was appointed to serve on the Official Committee of Unsecured Creditors (the "Committee").  *See In re Venturelink Holdings, Inc.*, 299 B.R. 420, 424 (Bankr. N.D. Tex. 2003) ("Creditors committee will analyze the performance of former officers and directors.  The officers and directors will have a natural tendency to steer the focus of the committee from their performance. Where officers and directors have received substantial sums of money within a state or federal law avoidance period, the officers and directors will have a natural tendency to attempt to retain the transfers and clear their names. . .. As a matter of public policy, the officer or director should not be a member of the committee.")

20.     After being appointed to the Committee, McCrary served as its chair and apparently did not recuse himself from at least one issue for which he was conflicted– *i.e.*, the funding of the Liquidation Trustee. *See* Declaration of Dennie McCrary at ¶¶ 4-7 attached as Exhibit 1 to Brief of Dennie McCrary in Opposition to Liquidation Trustee's Motion for Summary Judgment on the Liquidation Trustee's Motion for Express Authorization to Use Funds from the Accepting Unsecured Creditors Fund to Pay Trust Costs [Bankr. Docket No. 811].

21.     This was a conflict because at the very least McCrary knew the Liquidation Trustee was going to be investigating his claimed stock appreciation rights and unit appreciation rights claims.  C*ompare* Amended and Restated Disclosure Statement with Respect to the Amended and Restated Joint Chapter 11 Plan as of August 10, 2010 at pp. 51 of 85 [Bankr. Docket No. 216] (stating that McCrary's alleged stock appreciation right and unit appreciation right claims are subject to recharacterization and subordination) *with* McCrary Plan Obj. (taking issue with the Debtors' position) *with* Confirmation Order at ¶¶ I & 6 (stating that the issue is preserved for post-confirmation adjudication).[1]

22.     In addition to investigating, among other things, McCrary's potential avoidance action liability, the Liquidation Trustee must investigate McCrary's acts while serving on the Debtors' board of directors as well as the Committee to determine whether McCrary's claims should be equitably subordinated.  *See, e.g., In re N&D Props., Inc*., 799 F.2d 726, 731 (11th Cir. 1986) (recognizing lower standard for equitably subordinating the claims of fiduciaries and observing that, once the trustee presents "material evidence of unfair conduct," the claimant then "must prove the fairness of his transactions with the debtor or his claim will be subordinated").

**RELIEF REQUESTED & BASIS FOR SUCH RELIEF**

23.     The Liquidation Trustee requests that the Court enter an order authorizing the issuance of a subpoena directing McCrary to produce documents and to testify pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  For the reasons set forth above, "cause"

---

[1]  In "quick sale" cases like these, it was even more incumbent on McCrary to have disclosed his adverse interest to the Committee given that the Committee was presumably primarily focused on maximizing the value of the sale for the benefit of unsecured creditors.  It would have been an inappropriate imposition to have asked the Committee professionals to investigate such claims given the compressed period of time in which they were working and the numerous items they already had on their plate.

exists to grant the requested relief.  *See Moore v. Eason* (*In re Bazemore*), 216 B.R. 1020, 1023

(Bankr. S.D. Ga. 1998) (Dalis, J.) (granting Rule 2004 motion and comparing it to a "fishing

expedition").  Moreover, the Court has subject matter jurisdiction to enter an order pursuant to

Rule 2004 given that the Court has post-confirmation jurisdiction over, among other things, (i)

objections to McCrary's claims including, but not limited to, re-characterization or equitable

subordination of such claims and (ii) avoidance actions against McCrary.$^{2}$  *See also In the Matter*

*of Friedman's*, *Inc.*, 356 B.R. 779 (Bankr. S.D. Ga. 2005) (allowing post-confirmation use of

Rule 2004).

[remainder of the page intentionally left blank]

---

$^{2}$ Items (i) and (ii) shall be collectively referred to as the "Reasons for the Investigation."

WHEREFORE, Robert H. Barnett as the Liquidation Trustee respectfully requests that

the Court enter an order substantially in the form attached as Exhibit 9: (i) granting the relief

requested and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: May 8, 2012.


James L. Drake, Jr.
Georgia Bar No. 229250
James L. Drake, Jr., P.C.
7 East Congress Street, Suite 901
Savannah, GA 31412
(912) 790-1533 Telephone


        /s/ Robert M.D. Mercer
Robert M.D. Mercer
Georgia Bar No. 502317
BRYAN CAVE LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3488
(404) 572-6600 Telephone

*Counsel for Robert H. Barnett as the Liquidation Trustee Under the Sea Island Company Liquidation Trust*