UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| SEA ISLAND COMPANY, *et al.*, ) | |
| ) | Case No. 10-21034 - JSD |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Judge John S. Dalis |
| ) | |

### PRELIMINARY RESPONSE TO THE MOTION TO CLARIFY PROVISIONS RELATING TO IMPLEMENTATION OF THE CONFIRMED PLAN AND MOTION FOR ENTRY OF AN ORDER DIRECTING THE APPLICATION OF RULE 7016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Robert H. Barnett as the Liquidation Trustee under the Sea Island Company Liquidation Trust (the "Liquidation Trustee") files his preliminary response[1] to the Motion to Clarify Provisions Relating to Implementation of the Confirmed Plan [Doc. 1102] (the "Motion to Clarify"), moves the Court for the entry of an order directing the application of Rule 7016 of the Federal Rules of Bankruptcy Procedure to this contested matter, and shows the Court the following:

Sea Island Acquisition LLC ("SIA") filed a five (5) page, single spaced purportedly simple motion to "clarify" the Debtors' Amended and Restated Joint Chapter 11 Plan as of August 10, 2010 [Doc. 217] (the "Plan"). But ruling on the Motion to Clarify—or responding to it—is anything but simple.

---

[1] This response is only intended to be preliminary. Accordingly, the Liquidation Trustee reserves all of his rights with respect to the Motion to Clarify including, but not limited to, (i) challenging any factual and legal assertions contained in the motion, (ii) responding to any supplemental briefing by Sea Island Acquisition LLC, (iii) elaborating on arguments made in this response, and (iv) raising any other or further issue, argument, or the like.

6344747.1

As to the facts, the Motion to Clarify refers to numerous real estate transactions that were consummated over more than a ten (10) year period involving numerous parties in various counties. Indeed, the Motion to Clarify refers to over thirty (30) transactions. *See* Motion to Clarify at Exhibit 2 (the exhibit alone identifies thirty-four (34) real estate deeds, agreements, and other documents). It is entirely possible that SIA considers these real estate transactions to be simple because it is intimately familiar with them: (i) SIA's general counsel was general counsel for the above-referenced debtors (the "Debtors") and executed many of the documents implicated by this contested matter, and (ii) counsel of record for SIA in this contested matter was counsel of record for the Debtors earlier in these cases. To the Liquidation Trustee—who was not involved in the real estate transactions, however, they are anything but simple.

As to the law, the Motion to Clarify contains various unsubstantiated and sweeping legal conclusions.[2] While it is impossible to know the basis for such conclusions until SIA explains them, they appear to be at odds with Georgia law and the Plan. The Liquidation Trustee offers two (2) examples of such conclusions.

*First*, SIA argues that "[d]etermining post-Closing that items were not specifically identified in the APA or were not adequately transferred at Closing does not affect the import or complete consummation of the Plan." *See* Motion to Clarify at p. 5. This unsupported argument is contrary to Georgia law on at least two (2) bases. As an initial matter, unless an asset purchase agreement contains information about the "size, shape or location" of real property to be transferred, it is unenforceable under the statute of frauds. *Compare* Motion to Clarify at p. 2 (acknowledging real estate interests were not "specifically scheduled in the APA or transferred

---

[2] In fact, the motion does not contain any legal authority. *See* LR 7.1(b) ("Unless the assigned Judge prescribes otherwise, every motion filed in civil proceedings shall cite to supporting legal authorities.") This district court local rule is incorporated into the Court's local rules under the Uniformity of Practice provision of such rules.

2

6344747.1

to SIA at the Closing") *with* O.C.G.A. 13-5-30(4) & *Plantation Land Co. v. Bradshaw*, 207 S.E.2d 49, 53, 232 Ga. 435 (1974) (holding that the contract in question is unenforceable under the statute of frauds because it does not identify the "size, shape or location" of the real property). Moreover, if the reason that SIA contends that real property interests "were not adequately transferred at Closing," *see* Motion to Clarify at p. 5, is that such interests were not included in the deeds, then the doctrine of merger would apply, *see Tallahassee State Bank v. Macon*, 730 S.E.2d 646, 649, 317 Ga. App. 128, 132 (2012) ("'When a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed" rendering such terms "eliminated, abandoned or discarded.") (citations omitted).

And of course, there is nothing about the fact that the sale occurred in bankruptcy that would change the result under the statute of frauds or the doctrine of merger. *See*, *e.g.*, *TUG Liquidation, LLC v. Atwood* (*In re: Buildnet, Inc*), 2004 WL 1534296, at *11 (Bankr. M.D.N.C. June 16, 2004) (dismissing cause of action asserted by section 363 purchaser reasoning that the "sale of these tort claims under § 363 does nothing to change the impact of North Carolina policy that prohibits the assignment of tort claims").

*Second*, SIA also argues that the "Trust was never intended to accept, hold, or administer the Reserved Interests, the King's Point Common Elements, or any interests outside the specific, Listed Excluded Assets." *See* Motion to Clarify at p. 5. But the plain and unambiguous terms of the Plan say otherwise: "[A]ll Property comprising the Estates of the Debtors . . . not conveyed to the Purchaser under the Asset Purchase Agreement shall automatically vest in the Liquidating Trust . . . ." *See* Plan § 5.04[3]; Order Confirming the Amended and Restated Joint

---

[3] According to the Confirmation Order, "each provision of the Plan shall have the same validity, binding effect, and enforceability as if fully set forth in the Order." *See* Confirmation Order ¶ 38.

Chapter 11 Plan as of August 10, 2010 [Doc. 372] (the "Confirmation Order") ¶ 14 ("[T]he property of the Debtors as set forth in the Plan, shall be transferred to the Liquidating Trust in accordance with the provisions of the Plan.")

To streamline this complex contested matter, the Liquidation Trustee requests that the Court enter an order directing that Rule 16 of the Federal Rules of Civil Procedure as incorporated by Rule 7016 of the Federal Rules of Bankruptcy Procedure apply. Rule 9014(c) of the Federal Rules of Bankruptcy Procedure provides that the Court may "direct that one or more" of the rules set forth in Part VII of the Federal Rules of Bankruptcy Procedure apply. When a contested matter is complex like this one, it is appropriate for courts to exercise such discretion. *See* 10 COLLIERS ON BANKRUPTCY ¶ 9014.06 (Alan N. Resnick & Henry J. Summer eds., 16th ed.) ("Should the issues in a contested matter become complex, or should other aspects of the matter so dictate, the court may direct that one or more (or even in some instances, all) of the other rules in Part VII be applied.") This is particularly so for Rule 16 of the Federal Rules of Civil Procedure. *See* COLLIERS ¶ 9014.06 ("Rule 16(a) contemplates a process of judicial management that embraces the entire pretrial phase, especially motions and discovery, and encourages thorough preparation in the sifting of issues and evidence with a view toward simplifying, shortening and possibly avoiding a trial."); *see also* Fed. R. Bankr. P. 1001 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding.").

For all of the foregoing reasons, given the legal and factual complexity of this contested matter, the Liquidation Trustee submits that this contested matter is a good candidate for the application of Rule 7016. It should help streamline the complex facts and legal issues raised by

4

6344747.1

this contested matter thereby promoting judicial economy and saving the parties time and expense.

WHEREFORE, Robert H. Barnett as the Liquidation Trustee under the Sea Island Company Liquidation Trust requests that the Court enter an order (i) directing the application for Rule 7016 of the Federal Rules of Bankruptcy Procedure to this contested matter and (ii) granting such other and further relief as is just.

Dated: March 20, 2014.

        */s/ Robert M.D. Mercer*
Robert M.D. Mercer
Georgia Bar No. 502317
BRYAN CAVE LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3488
(404) 572-6600 Telephone

*Counsel for Robert H. Barnett as the Liquidation Trustee Under the Sea Island Company Liquidation Trust*

6344747.1