UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

In re:                                    )
                                          )      Chapter 11
SEA ISLAND COMPANY, *et al*.,             )
                                          )      Case No. 10-21034 - JSD
                                          )      Jointly Administered
            Debtors.                      )
                                          )      Judge John S. Dalis
                                          )

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Robert H. Barnett as the Liquidation Trustee (the "Liquidation Trustee") under the Sea Island Company Liquidation Trust files this motion to approve a compromise and settlement with J. Dan Lott (the "Claimant") pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion"). In support of this Motion, the Liquidation Trustee shows the Court the following:

**JURISDICTION**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      The legal predicate for the requested relief is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

3.      The above-referenced debtors (the "Debtors") filed with the Court their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on August 10, 2010 (the "Petition Date").

4.      On September 24, 2010, the Debtors filed their Amended and Restated Joint Chapter 11 Plan as of August 10, 2010 [Bankr. Docket No. 217] (the "Plan"), which was

6421235.3

confirmed pursuant to an order entered on or about November 8, 2010 [Bankr. Docket No. 372] (the "Confirmation Order").

5.      The Trust Agreement of Sea Island Company Creditors Liquidation Trust (the "Trust") dated December 15, 2010, incorporated by reference in the Confirmation Order, approved Robert H. Barnett as the Liquidation Trustee.  *See* Bankr. Docket No. 449-1.

## THE SETTLEMENT

6.      The Claimant asserts a class 4 claim in the amount of $169,775,00 on the basis that he entered into a Purchase and Sale Agreement with Sea Island Company (the "Agreement"), which purportedly contains, among other things, a grant of a "dues-free-for-life" membership in the Sea Island Club.  *See* Claim No. 0000000874.[1]

7.      The Claimant has agreed to resolve and release all of the claims that he holds or asserts in exchange for a payment of $10,000.00.  Attached as Exhibit "A" is a copy of the settlement agreement (the "Lott Settlement Agreement").[2]

## RELIEF REQUESTED

8.      The Liquidation Trustee requests that the Court enter an order approving the Lott Settlement Agreement in substantially the same form as the proposed order attached as Exhibit "B".

---

[1]   As set forth in detail in the recitals to the Lott Settlement Agreement (as defined below), the Claimant's other claims have been disallowed.  The foregoing notwithstanding, pursuant to settlement agreement, the Claimant agrees to release any and all claims he has regardless of whether they are identified in the Lott Settlement Agreement or the Motion.

[2]   The terms of the settlement are set forth in the Lott Settlement Agreement.  The description contained in the Motion is merely a summary.  To the extent of any ambiguity, conflict, or the like, the terms set forth in the Lott Settlement Agreement shall control.

6421235.3                                              2

## THE STANDARD FOR APPROVAL

9.      Rule 9019 of the Federal Rules of Bankruptcy Procedure authorizes a bankruptcy court to approve a settlement agreement between interested parties.  *See* Fed. R. Bankr. P. 9019. "Compromises are favored in bankruptcy, especially where protracted litigation can erode the value of the estate and delay the administration of the case to the detriment of all creditors."  *In re Harbour E. Dev., Ltd.*, No. 10–20733–BKC–AJC, 2012 WL 1851015, at *5 (Bankr. S.D. Fla. May 21, 2012) (citations omitted); *see also Munford v. Munford, Inc.* (*In re Munford, Inc.*), 97 F.3d 449, 455 (11th Cir. 1996); 10 COLLIER ON BANKRUPTCY ¶ 9019.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("Compromises are favored in bankruptcy.").

10.      "In acting on [a Rule 9019] motion, an evidentiary hearing is not necessarily required." *Coleman v. Abdulla* (*In re Sportsman's Link, Inc.*), No. 07-10454, 2011 WL 7268047, at *11 (Bankr. S.D. Ga. Dec. 20, 2011) (citations omitted).  "Instead, the obligation of the court is to canvass [sic] the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Brown v. Harris*, No. 3:11–CV–25 (CDL), 2011 WL 3473312, at *2 n.5 (M.D. Ga. Aug. 9, 2011) (citation and internal quotation marks omitted); *see Martin v. Pahiakos*, 490 F.3d 1272, 1275 (11th Cir. 2007) (affirming approval of settlement because "it did not fall below the lowest point in the range of reasonableness").

11.      The decision to approve a settlement pursuant to Rule 9019 is within the sound discretion of the bankruptcy court.  *See*, *e.g.*, *GMGRSST, Ltd. v. Menotte* (*In re Air Safety Int'l, L.C.*), 336 B.R. 843, 852 (S.D. Fla. 2005) ("A bankruptcy court's decision to approve a settlement is within its sound discretion, and will not be disturbed on appeal absent proven abuse of that discretion.").

12.     In *Wallis v. Justice Oaks II, Ltd.*, (*In re Justice Oaks II, Ltd.*), 898 F.2d 1544 (11th Cir. 1990), the Eleventh Circuit articulated four factors that a court should evaluate in deciding whether to approve a proposed settlement: "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable view in the premises." *Justice Oaks*, 898 F.2d at 1549 (citations omitted).  But "[i]n examining the relevant factors, courts have deferred to the [t]rustee's business judgment when reasonable."  *Sportsman's Link*, 2011 WL 7268047, at *11 (citation omitted).

13.     Here, the Liquidation Trustee believes that settlement is in the best interests of the Trust and the Beneficiaries (as that term is defined in the Trust) for many of the same reasons that the Liquidation Trustee contends that the settlement with the Settlement Claimants (as that term is defined in the Motion to Approve Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 [Bankr. Docket No. 1333] (the "Earlier 9019 Motion")) is in the best interests of the Trust and the Beneficiaries.

14.     The Liquidation Trustee contends that the Claimant's claim should be disallowed for six reasons.[3]

15.     *First*, the Liquidation Trustee contends that section II(F) of the Sea Island Club Membership Program (the "Membership Program") absolves the Debtors from any liability to the Claimant associated with the Agreement.  Specifically, section II(F) of the Membership

---

[3] Unlike the Settlement Claimants, the Claimant did not—and the Liquidation Trustee did not press him to—make arguments as to why he is entitled to an allowed claim.  This was the case given that the Claimant had a relatively small claim at stake, the Liquidation Trustee was able to settle the claim on a nuisance basis, and the Liquidation Trustee was already very familiar with the issues from having negotiated at considerable length with counsel for the Settlement Claimants.  Accordingly, no arguments of the Claimant are set forth in the Motion.

Program grants Sea Island Company the "sole and absolute discretion . . . to sell or otherwise dispose of the Club Facilities in any manner whatsoever and to any person whomsoever, [or] to terminate any and all types of Membership." *See* Membership Program § II(F).

16.      *Second*, the Liquidation Trustee contends that the Claimant does not have a viable claim because it is a matter of black letter law that a party cannot sue on a contract that the other party is free to amend. *See McClelland v. Westview Cemetery, Inc.*, 148 Ga. App. 447, 448–51, 251 S.E.2d 351 (1978) (affirming grant of summary judgment in favor of cemetery for changing landscaping around burial lot because cemetery reserved the "right to alter, amend, and modify such plans"). And, as set forth below, the Membership Program provides in at least four places that the terms and conditions of the Membership Program are subject to change by Sea Island Company:

<u>**Provisions Allowing for Amendment of the Membership Program**</u>

| <u>Provision of Program</u> | <u>Relevant Language</u> |
|---|---|
| Membership Program at p. 4 | "All Membership privileges will be subject to this Membership Program, the Rules and Regulations and the Application for Membership, *as each may be amended by The Club from time to time*." (emphasis added). |
| Membership Program at p. 5 | "All privileges and rights of Membership and use of the Club Facilities shall be limited as set forth in the Membership Program, The Club Rules and Regulations and the Application for Membership, *as amended from time to time*." (emphasis added). |
| Membership Program at p. 13 | "*Such Rules and Regulations may be amended from time to time by The Club*." (emphasis added). |
| Membership Program at p. 13 | "Members agree by execution of the Membership Application to be bound by the Membership Program and Rules and Regulations of The Club and by the Application for Membership, *as they may be* |

| | *amended from time to time*.") (emphasis added). |
|---|---|

17.     *Third*, the Liquidation Trustee contends that the Claimant's claim is unavailing based on the doctrine of contract merger.  When membership applications were executed, the signatories agreed to be bound by the Membership Program as amended from time to time.  *See* Membership Program at p. 13 ("Members agree by execution of the Membership Application to be bound by the Membership Program and Rules and Regulations of The Club and by the Application for Membership as they may be amended from time to time.").  Given that the Claimant presumably executed such an application *subsequent* to executing the Agreement, the Liquidation Trustee contends that the terms of the Agreement are superseded by the membership application, thereby negating the terms of the Agreement including, without limitation, any "incentives."  *See Perkins v. Am. Int'l Specialty Lines Ins. Co.* (*In re Int'l Mgmt. Assocs., LLC*), No. 10-06090, 2012 WL 2105908, at *16 (Bankr. N.D. Ga. April 3, 2012) ("[U]nder the contract principle of merger, a later contract supersedes an earlier one covering the same subject matter.") (dispute involving an investment management insurance policy).

18.     *Fourth*, the Liquidation Trustee contends that the Declaration of Covenants, Conditions, Restrictions, and Easements for the Sea Island Resort Tracts (the "Declaration") confirms that Sea Island Company had the discretion to shut down the Sea Island Club.  *See Knight Indus., Inc. v. Turner Mktg., Inc.*, 157 Ga. App. 177, 177−78, 276 S.E.2d 860 (1981). Specifically, the Declaration states that Sea Island Company had the "sole and absolute discretion without notice, to amend or waive the terms and conditions of their respective Private Amenities and to terminate use rights altogether."  *See* Declaration at Article VII.

19.    And the Liquidation Trustee contends that the "Private Amenities" means the Sea Island Club property:

> Any property and facilities located within, adjacent to, or near the Property owned by anyone other than the Association which owned and operated for commercial, recreational and related purposes are "Private Amenities."

Declaration at Article VII.  As such, the Liquidation Trustee contends that the Declaration is consistent with the Agreement corroborating the Liquidation Trustee's position.  *Compare* Declaration at Article VII *with* Motion at ¶ 15.  Indeed, the Liquidation Trustee contends that the Agreement and the Declaration are "contemporaneous writings" within the meaning of O.C.G.A. § 24-3-3(a) and that, as such, the Declaration is admissible to explain the Agreement—especially given that they both use the phrase "sole and absolute discretion" and both refer to the same subject matter.  *See* O.C.G.A. § 24-3-3(a).  With "contemporaneous writings," integration clauses are irrelevant.  *See Baker v. Jellibeans, Inc.*, 252 Ga. 458, 459, 314 S.E.2d 874 (1984) (rejecting argument that integration clause and failure to cross reference precludes the admission of a "contemporaneous writing").  Indeed, unlike parol evidence, the Liquidation Trustee contends that the Declaration would be admissible to explain the Agreement without even the necessity of showing an ambiguity in the Agreement.  *See Duke v. KHD Duetz of Am. Corp*., 221 Ga. App. 452, 471 S.E.2d 537 (1996).  And as the Georgia Supreme Court has recognized, "contemporaneous writings" provide the best evidence of intent of the parties.  *See Baker*, 252 Ga. at 459; *see also Duke*, 221 Ga. App. at 452.

20.    *Sixth*, the Liquidation Trustee contends that the claim of the Claimant was satisfied when he opted into the "New Membership Program" (as defined in the Plan) and, accordingly, should be disallowed pursuant to section 6.06 of the Plan.

6421235.3                                  7

21.     Although the Liquidation Trustee believes that he has good chance of disallowing the claim, the cost and expense associated with prosecuting a claim objection to disallow such claim confirm that the proposed settlement is in the best interests of the Trust and its Beneficiaries, especially given the size of the proposed settlement payment.  *See Justice Oaks*, 898 F.2d at 1549 (requiring consideration of, among other things, the "complexity of the litigation involved, and the expense . . . necessarily attending it"); *Harbour E. Dev., Ltd.*, 2012 WL 1851015, at *5 ("Compromises are favored in bankruptcy, especially where protracted litigation can erode the value of the estate . . . to the detriment of all creditors.").

22.     The Liquidation Trustee contends that he would be contractually entitled to recover his attorneys' fees if he prevailed in disallowing the claim of the Claimant pursuant to section 5.03 of the Agreement as the "prevailing party":

> SECTION  5.03.    Prevailing Party's Attorneys'
> Fees.  In connection with any litigation initiated by
> a party hereto against the other party hereto and
> arising out of this Agreement or any instrument or
> document executed pursuant hereto, the party
> adjudicated to be the substantially prevailing party
> shall be entitled to recover reasonable attorneys'
> fees and disbursements from the other party.

Agreement § 5.03.  And the Liquidation Trustee contends that the Claimant is not entitled to recover attorneys' fees from the Liquidation Trustee if he prevails because section 12.16 of the Plan expressly prohibits him from doing so.  *See* Plan § 12.16 ("No attorneys' fees will be paid by the Debtors with respect to any Claim or Interest except as expressly specified herein or by order of the Bankruptcy Court.").  But of course, there is no guarantee that the Liquidation Trustee would prevail.  And even if there were, there would be no assurance that all of the Liquidation Trustee's attorneys' fees and expenses could be collected without difficulty, given that the Claimant would presumably object to such fees and expenses.  *See Justice Oaks*, 898

F.2d at 1549 (requiring consideration of, among other things, the "difficulties, if any, to be encountered in the matter of collection").

23.       In addition, as evidenced by the issues set forth in more detail in the Earlier 9019 Motion, the Liquidation Trustee believes that litigation associated with disallowing the claim of the Claimant would be complicated, *see* Earlier 9019 Motion at ¶¶ 22−31, and could hinder a distribution to class 4 claimants,[4] *see Justice Oaks*, 898 F.2d at 1549 (requiring consideration of, among other things, the "complexity of the litigation involved, and the . . . *delay* necessarily attending it") (emphasis added) (citations omitted); *Harbour E. Dev., Ltd.*, 2012 WL 1851015, at *5 ("Compromises are favored in bankruptcy, especially where protracted litigation can . . . *delay* the administration of the case to the detriment of all creditors.") (emphasis added); *see also* Fed. R. Bankr. P. 1001 ("These rules shall be construed to secure the just, *speedy*, and inexpensive determination of every case and proceeding.") (emphasis added).

24.       In terms of structuring the settlement, the Liquidation Trustee believes that being able to offer a cash payment to resolve this disputed claim greatly enhanced his ability to reach, and is critical to consummate, the settlement.

25.       Under the circumstances, especially given the size of the settlement, the Liquidation Trustee submits that the Lott Settlement Agreement should be approved by entry of an order subject to objection on negative notice.

---

[4]     The risks of delaying a class 4 distribution is not as high as it was with the Settlement Claimants for two reasons.  *First*, given the claim at stake, the Claimant has substantially less incentive to litigate than the Settlement Claimants had.  *Compare* Motion at ¶ 6 *with* Earlier 9019 Motion at ¶ 6.  *Second*, given its size, the Claimant's claim would have less of an effect on the Liquidation Trustee being able to make a distribution to class 4.  *Compare* Motion at ¶ 6 *with* Earlier 9019 Motion at ¶ 6.

26.     Given the deferential standard for approving settlement agreements, *see Sportsman's Link*, 2011 WL 7268047, at *19, and the avoidance of expense associated with potentially avoiding a hearing, *see* Fed. R. Bankr. P. 1001 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."), the Liquidation Trustee submits that approval on the basis of negative notice is appropriate, *see* 11 U.S.C. § 102(1)(B)(i); *Roberts v. Pierce* (*In re Pierce*), 435 F.3d 891, 892 (8th Cir. 2006) (discussing 11 U.S.C. § 102(1)(B)(i) and concluding: "[n]egative notices are therefore authorized by the Code.") (citation omitted); *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 618 (7th Cir. 2002) ("A requirement of 'notice and a hearing' really means notice and *the opportunity for* a hearing.") (emphasis in the original).

[remainder of the page intentionally left blank]

WHEREFORE, Robert H. Barnett as the Liquidation Trustee respectfully requests that the Court enter an order substantially in the form attached as Exhibit "B": (i) granting the relief requested and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: April 15, 2015.

James L. Drake, Jr.
Georgia Bar No. 229250
James L. Drake, Jr., P.C.
7 East Congress Street, Suite 901
Savannah, GA 31412
(912) 790-1533 Telephone


_____/s/ Robert M.D. Mercer_____
Robert M.D. Mercer
Georgia Bar No. 502317
BRYAN CAVE LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3488
(404) 572-6600 Telephone

*Counsel for Robert H. Barnett as the Liquidation Trustee Under the Sea Island Company Liquidation Trust*

6421235.3

11

# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This **SETTLEMENT AGREEMENT** (the "Agreement") is made as of the 12th day of March, 2015 (the "Settlement Date"), by and between Robert H. Barnett as the Liquidation Trustee (the "Liquidation Trustee") under the Sea Island Company Liquidation Trust in the Sea Island Company, *et al.* bankruptcy cases, Case No. 10-21034-JSD, Jointly Administered (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the Southern District of Georgia (the "Bankruptcy Court") and J. Dan Lott (the "Claimant") (the Liquidation Trustee and the Claimant are collectively referred to as the "Parties" or individually as a "Party").

### WITNESSETH

**WHEREAS,** on August 10, 2010, Sea Island Company, *et al.* (the "Debtors") initiated the Bankruptcy Cases by filing their voluntary petitions under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court and the Bankruptcy Cases are currently pending in the Bankruptcy Court;

**WHEREAS,** on September 24, 2010, the Debtors filed their Amended and Restated Joint Chapter 11 Plan as of August 10, 2010 [Bankr. Docket No. 217] (the "Plan"), which was confirmed pursuant to an order entered on or about November 8, 2010 [Bankr. Docket No. 372] (the "Confirmation Order");

**WHEREAS,** the Trust Agreement of Sea Island Company Creditors Liquidation Trust (the "Trust") dated December 15, 2010, incorporated by reference in the Confirmation Order, approved Robert H. Barnett as the Liquidation Trustee. *See* Bankr. Docket No. 449-1;

**WHEREAS,** the Debtors filed a Notice of Effective Date indicating that the Plan became effective on December 16, 2010. *See* Bankr. Docket No. 444;

1

6413456.1

WHEREAS, the Claimant filed Claim No. 0000000172 asserting a general unsecured claim in the amount of $85,000 for membership deposit fees and Claim No. 0000000695 and Claim No. 0000000874 asserting general unsecured claims in the amount of $169,775.00 for membership dues (collectively, the "Filed Claims");

WHEREAS, the Debtors scheduled the Claimant as having a contingent, unliquidated claim (Schedule Claim No. 34028260) and an unsecured claim of $85,000 (Schedule Claim No. 34028250) (collectively, the "Schedule Claims") (the Filed Claims and the Schedule Claims, along with any other claim the Claimant may hold or assert against the Liquidation Trustee, the Trust, or the Debtors, shall be collectively referred to as the "Claims");

WHEREAS, Claim No. 0000000172 was disallowed pursuant to the Order Sustaining the Liquidation Trustees Fourth Omnibus Objection to Claims Pursuant to 502(b) of the Bankruptcy Code and Rule 3007 [Bankr. Docket No. 750];

WHEREAS, Claim Register No. 68, the duplicative proof of claim of 0000000695 filed with the Clerk of the Bankruptcy Court, was disallowed pursuant to the Order Sustaining the Liquidation Trustees Twenty-First Omnibus Objection to Claims Pursuant to 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 [Bankr. Docket No. 1268];

WHEREAS, Schedule Claim No. 34028250 was disallowed pursuant to the Order Sustaining the Liquidation Trustees Fifth Omnibus Objection to Claims Pursuant to 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 [Bankr. Docket No. 851];

WHEREAS, the Claimant represents that the Claims are entitled to be treated as Class 4 claims under the Plan;[1]

WHEREAS, the Liquidation Trustee denies and disputes the Claims;

---

[1]  All Capitalized but undefined terms shall have the meaning ascribed to them in the Plan.

2

6413456.1

**WHEREAS,** the Parties wish to resolve their disputes in their entirety by this Agreement; and

**WHEREAS,** the Parties have engaged in extensive negotiations and concluded that the execution and delivery by the respective Party of this Agreement will avoid protracted and expensive litigation.

**NOW THEREFORE,** in consideration of the promises, releases, agreements, and covenants set forth in this Agreement, the Parties hereby stipulate and agree as follows:

1.     <u>Settlement</u>.  In full and final satisfaction of the Claims subject to the provisions of this Agreement (including, but not limited to, the condition precedent in paragraph 7) and the entry of the Approval Order (as defined below) on or before the Payment Deadline (as defined below), the Liquidation Trustee shall pay the Claimant $10,000.00 (the "Settlement Payment"). The Liquidation Trustee shall make the Settlement Payment by initiating a wire transfer in the amount of $10,000.00 to the Claimant based on the wiring instructions set forth on Exhibit "A."

2.     <u>Release by the Claimant</u>. In consideration for the Settlement Payment, the Claimant fully, completely, unconditionally, absolutely and irrevocably waives, releases, acquits, and discharges all manners of action, causes of action, suits, debts, liabilities, obligations, agreements, demands, accounts, promises, warranties, damages and consequential damages, costs, expenses, claims or demands whatsoever, of any kind or nature whether known or unknown, liquidated or unliquidated, asserted or unasserted, disputed or undisputed, contingent, inchoate or matured, in law or in equity that the Claimant holds or may hold (including, but not limited to, the Claims) relating in any way to the Bankruptcy Cases or the Debtors against (i) the Liquidation Trustee, (ii) the Trust, (iii) the Debtors, and (iv) attorneys, financial advisors, and other professionals representing or acting on behalf of the Liquidation

3

Trustee; provided, however, that the Claimant does not waive, release, acquit, or discharge his rights under this Agreement.

    3.    **No Admission of Liability**. The Parties understand that this Agreement is a compromise of disputed claims and that no statement contained herein shall be construed as an admission of any liability by any of the Parties.

    4.    **Fees and Costs**. The Parties shall each bear their respective attorneys' fees and costs relating to or associated with (i) this Agreement or (ii) the Bankruptcy Cases.

    5.    **Miscellaneous**. The Parties agree to execute, exchange, deliver, and/or file any further documents necessary to effectuate the terms of this Agreement. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together, shall constitute one agreement that shall be binding on the Parties. Signature or signature pages provided by facsimile or electronic mail shall have the same force and effect as originals. Each Party warrants and represents to the other Party that he has read this Agreement and that the terms and conditions of this Agreement have been read and explained to him by his counsel, and that this Agreement has been entered into willingly and voluntarily in order to settle and compromise disputed claims. Each Party warrants and represents to the other Party that he is sophisticated. As a consequence, the Parties do not intend that the presumptions relating to the interpretation of contracts against the drafter should be applied to this Agreement and, therefore, waive the effects of such presumption. Each Party warrants and represents to the other Party that he has independently conducted his own diligence in connection with entering into the Agreement and is not relying upon any warranty, promise, or representation by the other Party except as otherwise expressly set forth herein. Each Party warrants and represents to the other Party that he is authorized to execute this Agreement and has full power and authority to enter

6413456.1

4

into this Agreement and that this Agreement is duly executed and delivered and constitutes a valid, binding agreement in accordance with its terms. The Parties hereby consent and agree that this Agreement shall be governed by and construed in accordance with the laws of the State of Georgia. The Parties also consent and agree that the Bankruptcy Court shall have exclusive jurisdiction with regard to the enforcement and interpretation of this Agreement. The Claimant represents and warrants (i) that he is the owner and holder of the Claims, (ii) that the Claims are unencumbered, and (iii) that he has not has transferred, assigned, or encumbered any Claim in any way whatsoever. The Claimant acknowledges that the Liquidation Trustee is justifiably relying to his detriment on all of his representations and warranties. Captions of the paragraphs of this Agreement are for convenience and reference only, and the words contained therein shall in no way be employed to explain, modify, amplify or aid in the interpretation, construction or meaning of the provisions of this Agreement. Where appropriate, to obtain the broadest possible meaning, the singular form of a word should be interpreted in the plural and vice versa, and the gender neutral form of the word shall be interpreted to also include the masculine form.

6. **Modification**. This Agreement may not be revised, superseded, or otherwise modified, except in a written document that (i) explicitly refers to this Agreement, (ii) states explicitly therein that the writing is intended to modify this Agreement, and (iii) is signed by the Party to be charged.

7. **Bankruptcy Court Approval**. The Agreement is subject to the entry of an order by the Bankruptcy Court approving the Agreement (the "Approval Order"). The Approval Order shall, among other things, authorize the Settlement Payment and shall disallow all Claims currently or previously asserted or held by the Claimant. The Claimant covenants and agrees to support, and shall not in any way oppose, the Liquidation Trustee requesting the entry of

5

6413456.1

the Approval Order.  The Liquidation Trustee shall have 60 days from the Settlement Date to obtain the entry of the Approval Order.  For the avoidance of doubt, it shall satisfy the foregoing deadline if the order by the Bankruptcy Court approving the Agreement is entered on negative notice.  The "Payment Deadline" shall mean ten business days after the Approval Order becomes a Final Order.  A further condition precedent to the Liquidation Trustee's obligation to make the Settlement payment shall be the Claimant providing to the Liquidation Trustee such information as he may reasonably request to allow him to make the necessary reporting to taxing agencies. Thereafter, the Liquidation Trustee shall have three business days to make the Settlement Payment as set forth in paragraph 1 above.

8.    **Entire Agreement**.  This Agreement embodies the entire understanding and terms of the agreement between the Parties and supersedes, modifies, and replaces any prior written and/or oral agreements between the Parties. No understanding or oral representation not incorporated in this Agreement shall survive this Agreement and no promises or representations not expressly stated in this Agreement are included by implication.  Unless explicitly set forth in this Agreement, neither Party is relying upon any promise or representation from the other Party to enter into this Agreement.

[remainder of this page intentionally blank]

6413456.1

6

**IN WITNESS WHEREOF,** the Parties have executed this Agreement on the dates set forth below.

**The Liquidation Trustee under the Sea Island Company Liquidation Trust**

By: _____
    *Robert H. Barnett, not individually,*
    *but as the Liquidation Trustee*

**J. Dan Lott**

By: _____
    *J. Dan Lott*

7

6413456.1

# Exhibit A

## Wiring Instructions

Bank of America
Route # 061000052
Acct # 000001118889

6413456.1

**EXHIBIT "B"**

6421235.3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| SEA ISLAND COMPANY, et al., | ) | |
| | ) | Case No. 10-21034 - JSD |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Judge John S. Dalis |
| | ) | |

**ORDER GRANTING, SUBJECT TO OBJECTION ON THE TERMS SET FORTH
BELOW, THE MOTION TO APPROVE THE COMPROMISE AND SETTLEMENT
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

This matter came before the Court upon the Motion of Robert H. Barnett, Liquidation Trustee, for an Order Approving the Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion").[1]  Finding that cause exists to grant the relief requested, it is hereby:

ORDERED, ADJUDGED AND DECREED that the Motion is GRANTED as set forth below; and it is

FURTHER ORDERED that the Lott Settlement Agreement,[2] a copy of which was attached as Exhibit "A" to the Motion, is approved and authorized in all respects, subject to a party in interest filing a written objection with the Court on or before twenty-one (21) days after the entry of this Order; and it is

FURTHER ORDERED that, if a timely objection is filed with the Court, the Court shall hold a hearing at __:__ _.m. on _____ __, 2015 at U.S. Courthouse _____, (the "Hearing"), and the Court shall consider at the Hearing

---

[1] Capitalized but undefined terms used herein have the meaning ascribed to them in the Motion.

[2] To the extent of conflict, ambiguity, or otherwise, the terms of this Order shall prevail over the terms of the Lott Settlement Agreement.

1

6421235.3

whether to approve the Lott Settlement Agreement and grant the other relief set forth in this Order; and it is

FURTHER ORDERED that the Lott Settlement Agreement is adopted and incorporated in its entirety herein by reference; and it is

FURTHER ORDERED that the Liquidation Trustee is authorized and directed to take all actions contemplated by the Lott Settlement Agreement; and it is

FURTHER ORDERED that the Liquidation Trustee is authorized to pay the Claimant $10,000.00 pursuant to the terms of the Lott Settlement Agreement; and it is

FURTHER ORDERED that such payment shall be treated and accounted for by the Liquidation Trustee in terms of an allocation between class 4 and class 5 as he deems appropriate; provided, however, the following shall apply: (i) such allocation shall be subject to adjustment by the Court upon entry of an order after notice and a hearing and (ii) to the extent that the Liquidation Trustee allocates the payment to class 5, it shall be treated and accounted for by the Liquidation Trustee as a class 5 distribution under the Plan on account of the Claimant's claim; and it is

FURTHER ORDERED that the Claims (as defined in the Lott Settlement Agreement) are hereby disallowed in their entirety, and the Claimant shall not have any claims against the Trust or the Liquidation Trustee; and it is

FURTHER ORDERED that notwithstanding any Federal Rule of Bankruptcy Procedure to the contrary, the Order shall be immediately enforceable upon its entry; and it is

FURTHER ORDERED that the Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of the Lott Settlement Agreement and this Order; and it is

2

FURTHER ORDERED that within three (3) business days of entry of this Order the Liquidation Trustee shall serve the Order and the Motion on the same parties and in the same manner as in the certificate of service appearing at Bankr. Docket No. 1308; provided however, that no service shall be required for any party whose claims have been disallowed.  However, for the avoidance of doubt, pursuant to ECF Local Rule 9, the Electronic Case File notice automatically sent to attorneys who have filed a pleading in these cases shall constitute service on such attorneys and their clients.  No other or further notice shall be required.

SO ORDERED this _____ day of _____, 2015.
Brunswick, Georgia

_____
JOHN S. DALIS
UNITED STATES BANKRUPTCY JUDGE

Prepared and presented by:


_____/s/ Robert M.D. Mercer_____
Robert M.D. Mercer
Georgia Bar No. 502317
BRYAN CAVE LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3488
(404) 572-6600 Telephone

*Counsel for Robert H. Barnett as the Liquidation Trustee*
*Under the Sea Island Company Liquidation Trust*

3

6421235.3