UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| SEA ISLAND COMPANY, *et al*., | ) | |
| | ) | Case No. 10-21034 - JSD |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Judge John S. Dalis |
| | ) | |

**THE FOURTEENTH MOTION TO EXTEND THE
CLAIMS OBJECTION DEADLINE AND GRANT OTHER RELIEF**

Robert H. Barnett as the Liquidation Trustee (the "Liquidation Trustee") under the Sea Island Company Liquidation Trust (the "Trust") files the Fourteenth Motion to Extend the Claims Objection Deadline and Grant Other Relief (the "Motion") and shows the Court the following:

**INTRODUCTION**

1.      Since the entry of the order granting the current extension of the Claims Objection Deadline,[1] the Liquidation Trustee has (a) made progress with claims resolution and disallowance and (b) worked diligently to maximize various real estate interests of the Trust.

2.      As to *claims resolution and disallowance*, the Liquidation Trustee obtained an order approving a settlement where a claimant waived a class 4 claim in the amount of $898,555.26—without receiving *any* distribution—in exchange for a release of fraudulent transfer claims. In addition, the Liquidation Trustee has entered into settlement agreements resolving four asserted class 4 claims in the total asserted amount of $1,000,000.00 that are purportedly based on "dues-free-for-life" memberships purportedly arising because of the

---

[1]  Capitalized but undefined terms shall have the meaning ascribed to them in the Plan (as defined below).

claimant being a "founding member" of the Sea Island Club or the Frederica Club. The Liquidation Trustee has also settled in principle—he is only waiting on one executed settlement agreement which counsel for the claimant have "approved"—one similar claim in the asserted amount of $250,000.00 and expects in the near future to file one motion to approve all three settlement agreements resolving claims in the aggregate amount of $1.25 million. The Liquidation Trustee also obtained orders granting the twenty-third and twenty-fourth omnibus claims objections collectively disallowing claims in an amount of over $725,000.00. And although such claims objections were filed during the last extension period and there was no written response filed to the twenty-third omnibus claims objection, the latter only occurred because counsel for the Liquidation Trustee had multiple discussions and exchanged various correspondence with counsel for one of the claimants. This was necessary in large part because the objection was not based on a run-of-the-mill legal theory.

3.      As to the Liquidation Trustee's *various real estate interests*, he was able to obtain the entry of a consent order on the stay relief motion of Grassy Pond Land Management, LLC. Such order as a practical matter makes it likely that the Court will *not* need to hear such motion until it becomes ripe—*i.e.*, *after* the Court rules whether the Liquidation Trustee or Sea Island Acquisition, LLC ("SIA LLC") owns the real estate in question. In addition, the Liquidation Trustee has worked diligently to streamline the contested matter over the disputed ownership of the Kings Point Property Owners Association, Inc. common elements and certain other reserved real estate interests. In that regard, he has settled in principle with SIA LLC. Last, the Liquidation Trustee has been negotiating with Bank of the Ozarks regarding the Liquidation Trustee's right of first refusal with regard to certain real property, which appears to

6453112.1

have material value, and is hopeful that he can reach an agreement in the near term with BOTO regarding the marketing of the property and distribution of the sale proceeds.

4.      Given the foregoing progress and given that the Liquidation Trustee believes he can continue to resolve large claims more promptly, efficiently, and cost-effectively through negotiation rather than through litigation, the Liquidation Trustee submits that "cause" exists to grant an extension through December 10, 2015.

## **BACKGROUND**

5.      The above-referenced debtors (the "Debtors") filed with the Court their voluntary petitions for relief under Chapter 11 Title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), on August 10, 2010.

6.      On September 24, 2010, the Debtors filed their Amended and Restated Joint Chapter 11 Plan as of August 10, 2010 [Bankr. Docket No. 217] (the "Plan"), which was confirmed pursuant to an order entered on or about November 8, 2010 [Bankr. Docket No. 372] (the "Confirmation Order").

7.      The Trust Agreement of Sea Island Company Creditors Liquidation Trust dated December 15, 2010, incorporated by reference in the Confirmation Order, approved Robert H. Barnett as the Liquidation Trustee.  *See* Bankr. Docket No. 449-1.

8.      The Debtors filed a Notice of Effective Date indicating that the Plan became effective on December 16, 2010.  *See* Bankr. Docket No. 444.

9.      Because the Effective Date was December 16, 2010, the Claims Objection Deadline was originally April 14, 2011.

10.     Pursuant to Section 8.04 of the Plan, the Liquidation Trustee shall have through and including the Claims Objection Deadline to object to any Claim.  *See* Plan § 8.04.

6453112.1

11.     The Court entered an order on March 11, 2011, which clarified the date of the Initial Distribution Date as being April 14, 2011.  *See* Bankr. Docket No. 547.

12.     The Court entered an order on April 1, 2011, which, among other things, extended the Claims Objection Deadline through and including August 12, 2011.  *See* Bankr. Docket No. 574.

13.     The Court entered an order on July 27, 2011, which, among other things: (i) scheduled a hearing on the second extension motion for August 12, 2011; (ii) extended the Claims Objection Deadline on an interim basis through August 22, 2011; and (iii) extended the Claims Objection Deadline, subject to objection (parties in interest were required to file an objection on or before August 10, 2011), through December 12, 2011.  *See* Bankr. Docket No. 622.

14.     The Court entered an order on November 29, 2011, which, among other things: (i) scheduled a hearing on the third extension motion for January 12, 2012; (ii) extended the Claims Objection Deadline on an interim basis through February 1, 2012; and (iii) extended the Claims Objection Deadline, subject to objection (parties in interest were required to file an objection on or before December 20, 2011), through April 23, 2012.  *See* Bankr. Docket No. 710.

15.     On April 10, 2012, the Court entered an order, which, among other things: (i) scheduled a hearing on the fourth extension motion for May 17, 2012; (ii) extended the Claims Objection Deadline on an interim basis through June 18, 2012; and (iii) extended the Claims Objection Deadline, subject to objection (parties in interest were required to file an objection on or before May 7, 2012), through August 27, 2012.  *See* Bankr. Docket No. 844.

16.     On May 7, 2012, Dennie McCrary ("McCrary") filed an objection to the fourth extension motion.  *See* Bankr. Docket No. 866.  After various pleadings were filed, the hearing

6453112.1

on the fourth extension motion was held.  On May 18, 2012, the Court entered an order granting the Liquidation Trustee's motion and overruling McCrary's objection.  *See* Bankr. Docket No. 883.

17.     On August 22, 2012, the Court entered an order, which, among other things: (i) scheduled a hearing on the fifth extension motion for September 13, 2012; (ii) extended the Claims Objection Deadline on an interim basis through September 28, 2012; and (iii) extended the Claims Objection Deadline, subject to objection (parties in interest were required to file an objection on or before September 7, 2012), through December 20, 2012.  *See* Bankr. Docket No. 982.

18.     On September 7, 2012, McCrary filed a limited objection to the fifth extension motion.  *See* Bankr. Docket No. 988.  On September 13, 2012, the Court held a hearing on the fifth extension motion.   On September 27, 2012, the Court entered an order overruling McCrary's objection to the Liquidation Trustee's fifth motion to extend the claims objection deadline but sustaining McCrary's objection to the Liquidation Trustee's motion to extend the Initial Distribution Deadline and grant "related relief."  *See* Bankr. Docket No. 994.

19.     On December 13, 2012, the Court entered an order, which, among other things: (i) scheduled a hearing on the sixth extension motion for January 10, 2013; (ii) extended the Claims Objection Deadline on an interim basis through January 25, 2013; and (iii) extended the Claims Objection Deadline, subject to objection (parties in interest were required to file an objection on or before December 26, 2012), through April 26, 2013.  *See* Bankr. Docket No. 1016.

20.     On April 23, 2013, the Court entered an order, which, among other things: (i) scheduled a hearing on the seventh extension motion for June 13, 2013; and (ii) extended the Claims Objection Deadline, subject to objection (parties in interest were required to file an

objection on or before fifteen (15) days before the hearing), through August 29, 2013. *See* Bankr. Docket No. 1035.

21.   On August 27, 2013, the Court entered an order, which among other things: (i) scheduled a hearing on the eighth extension motion for October 10, 2013; and (ii) extended the Claims Objection Deadline, subject to objection (parties in interest were required to file an objection on or before fifteen (15) days before the hearing), through December 19, 2013. *See* Bankr. Docket No. 1039.

22.   On December 16, 2013, the Court entered an order, which among other things: (i) scheduled a hearing on the ninth extension motion for February 13, 2014; and (ii) extended the Claims Objection Deadline, subject to objection (parties in interest were required to file an objection on or before fifteen (15) days before the hearing), through April 25, 2014. *See* Bankr. Docket No. 1092.

23.   On April 23, 2014, the Court entered an order, which among other things: (i) scheduled a hearing on the tenth extension motion for June 12, 2014; (ii) extended the Claims Objection Deadline on an interim basis through and including fifteen (15) days after the hearing date; and (iii) extended the Claims Objection Deadline, subject to objection (parties in interest were required to file an objection on or before fifteen (15) days before the hearing), through August 29, 2014. *See* Bankr. Docket No. 1135.

24.   On August 11, 2014, the Court entered an order, which among other things: (i) scheduled a hearing on the eleventh extension motion for September 11, 2014; (ii) extended the Claims Objection Deadline on an interim basis through and including fifteen (15) days after the hearing date; and (iii) extended the Claims Objection Deadline, subject to objection (parties in

interest were required to file an objection on or before fifteen (15) days before the hearing), through December 30, 2014.  *See* Bankr. Docket No. 1227.

25.     On December 15, 2014, the Court entered an order, which among other things: (i) scheduled a hearing on the twelfth extension motion for January 15, 2015; (ii) extended the Claims Objection Deadline on an interim basis through and including fifteen (15) days after the hearing date; and (iii) extended the Claims Objection Deadline, subject to objection (parties in interest were required to file an objection on or before fifteen (15) days before the hearing), through April 30, 2015.  *See* Bankr. Docket No. 1279.

26.     On April 20, 2015, the Court entered an order, which among other things: (i) scheduled a hearing on the thirteenth extension motion for May 14, 2015; (ii) extended the Claims Objection Deadline on an interim basis through and including thirty (30) days after the hearing date; and (iii) extended the Claims Objection Deadline, subject to objection (parties in interest were required to file an objection on or before fifteen (15) days before the hearing), through August 31, 2015.  *See* Bankr. Docket No. 1341.

27.     The Claims Objection Deadline is currently August 31, 2015.

**RELIEF REQUESTED**

28.     As set forth below, the Liquidation Trustee requests that the Court enter an order in substantially the same form as the order attached as Exhibit "A," pursuant to Section 105 of the Bankruptcy Code, Rule 9006 of the Federal Rules of Bankruptcy Procedure, and Sections 1.01 and 8.04 of the Plan: (i) scheduling a hearing (to be held if there is a timely objection filed by a party in interest); (ii) extending the Claims Objection Deadline on an interim basis through and including thirty (30) days after the hearing date; and (iii) extending the Claims Objection

6453112.1

Deadline through and including December 10, 2015 (subject to timely objection by a party in interest).

**BASES FOR RELIEF**

**I.     Claims Objection Deadline**

29.     Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, the Court has the authority to extend the Claims Objection Deadline for "cause." As set forth below, cause exists in these cases to extend the Claims Objection Deadline.

30.     Moreover, Section 8.04 of the Plan also provides that the Court may extend the Claims Objection Deadline:

> *Unless otherwise ordered by the Court after notice and a hearing,* the Debtors and the Liquidation Trustee shall have the right, on and after the Effective Date, to File objections to Claims (except those specifically Allowed by this Plan) and shall serve a copy of each such objection upon the holder of the claim to which the objection is made as soon as practicable, but in no event later than the applicable Claims Objection Deadline. *The foregoing deadlines may be extended by order of the Court.*

Plan § 8.04 (emphasis added).

31.     Further, the definition of the Claims Objection Deadline also makes it clear that the Court may extend such deadline. *See* Plan § 1.01 (emphasis added) ("Claims Objection Deadline" "means the latest of: (a) 120 days after the Effective Date; or (b) *such other date as may be fixed by the Bankruptcy Court, whether fixed before or after the date specified in clause (a) above*.") (emphasis added).

32.     The Liquidation Trustee submits that "cause" exists to extend the Claims Objection Deadline and, accordingly, files the Motion requesting the Court to, among other

8

things, extend the initial Claims Objection Deadline from August 31, 2015 through and including December 10, 2015.

33.     The Liquidation Trustee has (a) made progress with claims resolution and disallowance and (b) worked diligently to maximize the value of various real estate interests of the Trust.

      A.     <u>Claims Resolution and Disallowance</u>

34.     **The Bob Flight Settlement.**     During the extension period, the Liquidation Trustee obtained an order approving a settlement with Bob Flight ("Flight"). *See* Bankr. Docket No. 1361. Flight, a former officer of the Debtors, filed a proof of claim (Epiq Claim No. 0000000601) asserting an unsecured claim in the amount of $898,555.26 based on the Debtors' stock appreciation rights plan. Given the bases that the Liquidation Trustee had to disallow Flight's claim, *see* Bankr. Docket No. 1360 at ¶¶ 13-24, and Flight's constructive fraudulent transfer exposure, *see id.* at ¶¶ 25-28, the Liquidation Trustee was able to get Flight to waive his asserted claim in exchange for a release, *see id.* at ¶ 6, which was a good deal for the Liquidation Trustee given concerns over Flight's collectibility, *see id.* at ¶¶ 29-31.

35.     **Settlement and Settlement in Principle of Purported "Dues for Life" Claims.** The Liquidation Trustee has entered into settlement agreements resolving four asserted class 4 claims—*see* Epiq Claim Nos. 0000000741, 0000000743, 0000000750 & 0000000753—in the total asserted amount of $1,000,000.00 that are purportedly based on "dues-free-for-life" memberships arising purportedly because of the claimant being a "founding member" of the Sea Island Club or the Frederica Club. The Liquidation Trustee has settled in principle one more similar claim—*see* Epiq Claim No. 0000000760—but has not yet received the executed settlement agreement. But counsel for such claimant have "approved" the settlement agreement.

9

Such claim is in the asserted amount of $250,000.00 and is also purportedly based on a "dues-free-for-life" membership arising purportedly because of the claimant being a "founding member" of the Frederica Club.  Because all of the claimants are represented by the same lawyers and given that the Liquidation Trustee has already received two of the executed settlement agreements, the Liquidation Trustee is optimistic that he will receive the other executed settlement agreement shortly and will be able to file one consolidated motion to approve all three settlement agreements at the same time resolving claims in the aggregate amount of $1.25 million.  The requested basis for approval of such settlements in large part is similar to previous requests to approve settlements.  *See, e.g.*, Bankr. Docket No. 1333 at §§ III and IV (setting for the basis for such settlement and rationale for settlement of a group of "dues-free-for-life" membership claims).

36.   **Omnibus Claims Objections.**   During the extension period, the Liquidation Trustee obtained orders granting the twenty-third and twenty-fourth omnibus claims objections. *See* Bankr. Docket Nos. 1365 & 1366.  The collective disallowance from both orders resulted in a reduction of claims in an amount of over $725,000.00.  *See* Bankr. Docket Nos. 1332 & 1338. And although such claims objections were filed during the last extension period and there was no written response filed to the twenty-third omnibus claims objection, the latter only occurred because counsel for the Liquidation Trustee had numerous discussions and exchanged correspondence with counsel for one of the claimants regarding the basis for the disallowance. The foregoing was necessary because this was not a run-of-the-mill claim objection. Specifically, the Liquidation Trustee sought disallowance of such claims—even though the claimants asserted that they did not sign a new membership agreement—because the claimants did so by implication because they were seeking to get a refund of their membership deposit

from Sea Island Acquisition, LLC. *Compare* Bankr. Docket No. 1332 at ¶ 14 *with Sims v. Bayside Capital, Inc.*, 327 Ga. App. 47, 755 S.E.2d 520, 525 (2014) (denying summary judgment to an employer that had not expressly assumed an employment contract because the employer had accepted the benefit of the employee's compliance with the agreement).

37.     **Reconciliation of Class 4 Claims Motion.**  The Liquidation Trustee intends to file a motion in the near future approving his reconciliation of class 4 claims to reduce the universe of potential class 4 claims.  Such reduction of potential class 4 claims will, among other things, assist the Liquidation Trustee to complete his review and resolution (through settlement or objection) of class 4 claims.  The Liquidation Trustee believes that the foregoing is appropriate for two reasons. *First*, given that there were approximately 6,000 claims on the Effective Date (as that term is defined in the Plan) and the fact that they were not electronically or otherwise linked to the ballots, the Liquidation Trustee believes it is prudent to give all claimants an opportunity to speak up if they believe that they hold a class 4 claim. *Second*, based on previous communications with claimants asserting that they hold class 4 claims, the Liquidation Trustee believes that there may be some claimants who assert that their claims fall within class 4 while others, including the Liquidation Trustee, may dispute such classification. Accordingly, the Liquidation Trustee believes that it is prudent to ensure that all parties are given notice and an opportunity to be heard before they are barred from asserting a class 4 claim.

B.     Real Estate Interests

38.     **Consent Order on Grassy Pond Land Management, LLC's Stay Relief Motion.**  The Liquidation Trustee obtained the entry of consent order procedurally resolving the stay relief motion of Grassy Pond Land Management, LLC ("Grassy Pond") for the time being. *See* Bankr. Docket No. 1355 & 1357.  The resolution provides that the hearing on the stay relief

6453112.1

motion shall be continued until *after* the order resolving the contested matter between the Liquidation Trustee, SIA LLC, and Kings Point Property Owners Association, Inc. ("Kings Point POA") becomes a Final Order (as that term is defined in the Plan) with the stay remaining in place in the meantime.  *See* Bankr. Docket No. 1357 at pp. 1 & 2.  While either party may request that the Court set a hearing before such time, such hearing will only be held after *sixty days* written notice.  *See id.* at p. 1.  This procedural resolution occurred only after many discussions and the exchange of legal positons between the parties.  This was beneficial because it prevented the Liquidation Trustee from having to spend time and money litigating, among other things, Grassy Pond's asserted adverse possession rights as to certain mineral rights purportedly arising under O.C.G.A. § 44-5-168 *et seq.* and the effect of, among other things, the following on such asserted rights: (a) the automatic stay; (b) section 544(3) of the Bankruptcy Code; (c) section 5.04 of the Plan; (d) injunctive provisions of the Plan and Confirmation Order; and (e) implicit preemption of the Bankruptcy Code over applicable state law.  Indeed, the resolution will in all likelihood prevent the Liquidation Trustee from having to litigate these issues—assuming that they are not settled in the meantime—until they become ripe—*i.e., after* the Court decides whether the Liquidation Trustee owns such property in the first place.

39.     **Real Estate Contested Matter – SIA LLC.**  Subject to the approval of the Court, the Liquidation Trustee and SIA LLC have settled in principle where (i) SIA LLC agrees, among other things, not to contest the relief the Liquidation Trustee seeks in such contested matter and (ii) the Liquidation Trustee releases SIA LLC for violating injunctions contained in the Plan and Confirmation Order by filing and prosecuting its motion to clarify.[2]  However, the

_____

[2]  SIA LLC, of course, maintains that it did not violate any injunctions.

agreement[3] contemplates that it will not prejudice the rights of the Liquidation Trustee or Kings Point POA with respect to the Common Areas (as that term is defined in the second paragraph of Bankr. Docket No. 1161).  The Liquidation Trustee has executed the settlement agreement and sent it to counsel for SIA LLC.  He anticipates that SIA LLC will execute and return it shortly. Thereafter, he will seek the Court's approval.

40.  **Real Estate Contested Matter – Kings Point POA.**  The Liquidation Trustee has been working diligently to resolve the dispute over the Kings Point POA common elements and other reserved interests in a streamlined and efficient manner.  Toward that end, the Liquidation Trustee and Kings Point POA have exchanged lengthy drafts of proposed stipulations to govern the contested matter in an attempt to avoid the need for discovery.  The parties also talked at length trying to resolve their differences over the drafts of proposed stipulations, but were ultimately unable to do so. The parties' disagreement over the proposed stipulations largely parallels their disagreements over Kings Points POA's responses to the Liquidation Trustee's requests to admit.  As such, the Liquidation Trustee raised such issues with Kings Points POA on several occasions including a lengthy in-person meeting at the end of July. When such discussions still did not resolve the disagreement, the Liquidation Trustee sent Kings Points POA a comprehensive letter with  the goal of resolving the discovery dispute and streamlining the contested matter.  Because the letter and various subsequent correspondence and discussions did not resolve the disagreement, the Liquidation Trustee filed a motion challenging the sufficiency of Kings Points POA's responses and objections to his requests to admit.  *See* Bankr. Docket No. 1368.  The Liquidation Trustee submits that the Court's ruling on such motion will help streamline the resolution of the contested matter.

---

[3]  The summary of such agreement is not intended to change, alter, or the like the terms of the agreement.

41.     **Contested Right of First Refusal.**  The Liquidation Trustee has also spent a good deal of time negotiating with Bank of the Ozarks ("BOTO") regarding the parties' rights with respect to real property for which the Liquidation Trustee asserts that he holds a right of first refusal.  BOTO purportedly foreclosed on such real property and recoded a deed under power reflecting that it paid $432,500 for it.  *See* Deed Under Power, Book 1730 Page 00632 at 00633.  It appears that such property may be worth materially more than such amount.  As such, the Liquidation Trustee asserts that he—or his assignee, *see Corbin v. Regions Bank*, 258 Ga. App. 490, 574 S.E.2d 616, 619 (2002) ("Rights and duties under a contract are freely assignable.")—is entitled to purchase the property from BOTO for $432,500, *see Hornsby v. Holt*, 257 Ga. 341, 341-43, 359 S.E.2d 646 (1987) (enforcing right of first refusal against a successful bidder in a sale contained in a security deed).  As such, the right of first refusal may have material value.  Although the Liquidation Trustee's assertion of his right of first refusal is disputed, the Liquidation Trustee is hopeful that he can reach an agreement in the near term with BOTO regarding the marketing of the property and distribution of the sale proceeds.

42.     The Liquidation Trustee believes he can continue to resolve large claims more promptly, efficiently, and cost-effectively through negotiation rather than through litigation. Under these circumstances, the Liquidation Trustee submits that "cause" exists to grant the requested extension.

43.     Under such circumstances, it is in the best interest of the Beneficiaries (as defined in the Trust Agreement), and will be most efficient, if the Liquidation Trustee has sufficient time to thoroughly review and object to claims.

6453112.1

44.     Accordingly, the Liquidation Trustee requests that the Court extend the Claims Objection Deadline through and including December 10, 2015, without prejudice to the Liquidation Trustee's right to request a further extension.

## II.     Request for a Temporary Extension

45.     As noted above, the Claims Objection Deadline is currently August 31, 2015. Because it is unlikely that the Court will hear the Motion before August 31, 2015, the Liquidation Trustee requests that the Court grant an interim extension of the Claims Objection Deadline until thirty (30) days after the hearing on the Motion.  Such requested relief is substantially similar to the relief granted in the Court's previous orders extending the Claims Objection Deadline.  *See, e.g.,* Bankr. Docket Nos. 622, 710, 844, 982, 1016, 1035, 1039, 1092, 1135, 1227 & 1341.  For these reasons, the Liquidation Trustee requests that the Court enter the proposed order including such interim relief.

## CONCLUSION

46.     Given the scope and complexity of these cases and the progress the Liquidation Trustee has made during the current period, the Liquidation Trustee respectfully requests that the Court grant the Motion.

[remainder of the page intentionally left blank]

15

WHEREFORE, Robert H. Barnett as the Liquidation Trustee requests that the Court enter an order in substantially the same form as the proposed order attached as Exhibit "A": (i) scheduling a hearing (to be held if there is a timely objection filed by a party in interest); (ii) extending the Claims Objection Deadline on an interim basis through and including thirty (30) days after the hearing date; (iii) extending the Claims Objection Deadline through and including December 10, 2015 (subject to timely objection by a party in interest); and (iv) granting such other and further relief as is just.

Dated: August 19, 2015.

_____*/s/ Robert M.D. Mercer*_____
Robert M.D. Mercer
Georgia Bar No. 502317
BRYAN CAVE LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3488
(404) 572-6600 Telephone

*Counsel for Robert H. Barnett as the Liquidation Trustee Under the Sea Island Company Liquidation Trust*

16

# EXHIBIT "A"

6453112.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| SEA ISLAND COMPANY, et al., | ) | |
| | ) | Case No. 10-21034 - JSD |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Judge John S. Dalis |
| | ) | |

**ORDER GRANTING, SUBJECT TO OBJECTION ON THE
TERMS SET FORTH BELOW, THE FOURTEENTH MOTION TO EXTEND
THE CLAIMS OBJECTION DEADLINE AND GRANT OTHER RELIEF**

Upon the Fourteenth Motion to Extend the Claims Objection Deadline (the "Motion") filed by Robert H. Barnett as the Liquidation Trustee (the "Liquidation Trustee") under the Sea Island Company Liquidation Trust (the "Trust Agreement"), and finding that cause exists to grant the relief requested set forth below, it is hereby

ORDERED, ADJUDGED AND DECREED that the Claims Objection Deadline (as defined in the Amended and Restated Joint Chapter 11 Plan as of August 10, 2010 [Bankr. Docket No. 217], the "Plan") is hereby extended through and including thirty (30) days after the Hearing Date (as defined below), and the Liquidation Trustee shall have through and including such date to object to any Claim (as defined in the Plan) on any basis whatsoever without regard to the passage of time by either filing an objection, adversary proceeding, or other pleading; without limiting the foregoing, such objections to Claims shall include, but not be limited to, one or more of the following: (i) objecting to Claims; (ii) seeking the disallowance (either on a partial or complete basis) of Claims; and (iii) seeking to re-characterize or subordinate Claims; and it is

**FURTHER ORDERED that the Claims Objection Deadline is hereby further extended through and including December 10, 2015 subject to a party in interest filing a**

6453112.1

written objection with the Court on or before fifteen (15) days in advance of the Hearing Date; if no objection is timely filed, the Claims Objection Deadline shall be and is hereby extended through and including December 10, 2015 on a final basis; and it is

FURTHER ORDERED that, if a timely objection is filed with the Court, the Court shall hold a hearing at __:__ _.m. on _____ __, 2015 (the "Hearing Date") at U.S. Courthouse _____, (the "Hearing"), and the Court shall consider at the Hearing whether to extend the Claims Objection Deadline beyond thirty (30) days after the Hearing Date through and including December 10, 2015; and it is

FURTHER ORDERED that the Liquidation Trustee shall have through and including the Claims Objection Deadline to object to any Claim on any basis whatsoever without regard to the passage of time by either filing an objection, adversary proceeding, or other pleading; without limiting the foregoing, such objections to Claims shall include, but not be limited to, one or more of the following: (i) objecting to Claims; (ii) seeking the disallowance (either on a partial or complete basis) of Claims; and (iii) seeking to re-characterize or subordinate Claims; and it is

FURTHER ORDERED that, once an objection, adversary proceeding, or other pleading is filed as to any Claim, the Claims Objection Deadline shall no longer apply to such Claim including, but not limited to, the following: (i) any amendment to the objection, adversary proceeding, or other pleading with respect to such Claim; or (ii) any further objection, adversary proceeding, other pleading, or amendment to any of the foregoing with respect to such Claim; and it is

FURTHER ORDERED that, all provisions of the Plan or the Trust Agreement notwithstanding, for Claims as to which the Liquidation Trustee has not filed an objection, adversary proceeding, or other pleading on or before the Claims Objection Deadline, the Initial

2

6453112.1

Distribution Date (as defined in the Plan) shall be, and the Liquidation Trustee shall not be required to make a Distribution (as defined in the Plan) until, the next Distribution Date (as defined in the Plan) occurring more than thirty (30) days after the Claims Objection Deadline; and it is

FURTHER ORDERED that, all provisions of the Plan or Trust Agreement notwithstanding, the Liquidation Trustee shall not be required to make a distribution on account of any Claim as to which the Liquidation Trustee has filed an objection, adversary proceeding, or other pleading unless and until the next Distribution Date occurring more than thirty (30) days after the entry of a Final Order (as defined in the Plan) allowing part or all of the Claim; and it is

FURTHER ORDERED that, other than as provided below, all provisions of the Plan or the Trust Agreement notwithstanding, all subsequent Distributions shall be made on the Distribution Dates; and it is

FURTHER ORDERED that, the occurrence of the Initial Distribution Date or a Distribution Date notwithstanding, the Liquidation Trustee shall not be required to make a Distribution unless the Liquidation Trustee in his judgment believes that the amount of the Distribution justifies making the Distribution; and it is

FURTHER ORDERED that service of an objection, complaint, or other pleading by the Liquidation Trustee in connection with seeking to object to, re-characterize, or subordinate a Claim shall be deemed made upon mailing (or otherwise effecting service under the Federal Rules of Bankruptcy Procedure or applicable law) and shall be deemed timely if such mailing (or other service under the Federal Rules of Bankruptcy Procedure or applicable law) occurs within twenty (20) business days of the Claims Objection Deadline; and it is

6453112.1

FURTHER ORDERED that the Liquidation Trustee's service of an objection, complaint, or other pleading in connection with seeking to object to, re-characterize, or subordinate a Claim upon claimants at the addresses and addressed to the claimants as set forth in proofs of claim (for claims asserted in proofs of claim) or in the Debtors' schedules (for claims reflected in the Debtors' schedules) shall constitute good and sufficient service; and it is

FURTHER ORDERED that, for the avoidance of doubt, other than specifically set forth above, the relief granted in this Order is granted on a permanent and not a temporary basis; and it is

FURTHER ORDERED that this Order is without prejudice to the right of the Liquidation Trustee to seek a further extension of the Claims Objection Deadline, the Initial Distribution Date, or any other deadline set forth above; and it is

[remainder of the page intentionally left blank]

6453112.1

FURTHER ORDERED that within three (3) business days of entry of this Order, the Liquidation Trustee shall serve the Motion and this Order on the same parties and in the same manner as the Thirteenth Motion to Extend the Claims Objection Deadline and Grant Other Relief [Bankr. Docket No. 1340] and the associated order [Bankr. Docket No. 1341] were served as reflected in the Affidavit of Service [Bankr. Docket No. 1353]; however, for the avoidance of doubt, pursuant to ECF Local Rule 9, the Electronic Case File notice automatically sent to attorneys who have filed a pleading in these cases shall constitute service on such attorneys and their clients.  No other or further service or notice shall be required.

SO ORDERED this _____ day of _____, 2015.
Brunswick, Georgia


_____
JOHN S. DALIS
UNITED STATES BANKRUPTCY JUDGE




[signature appears on the following page]

6453112.1

Prepared and presented by:


       */s/ Robert M.D. Mercer*
Robert M.D. Mercer
Georgia Bar No. 502317
BRYAN CAVE LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3488
(404) 572-6600 Telephone

*Counsel for Robert H. Barnett as the Liquidation Trustee*
*Under the Sea Island Company Liquidation Trust*

6