IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By cking at 12:44 pm, Nov 25, 2015

| | |
|---|---|
| IN RE: ) | CHAPTER 11 CASE |
| ) | NUMBER <u>10-21034</u> |
| SEA ISLAND COMPANY, et al. ) | |
| ) | |
| Debtors ) | |
| _____ ) | |
| SEA ISLAND ACQUISITION LLC ) | |
| ) | |
| Movant ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT H. BARNETT, ) | |
| LIQUIDATION TRSUTEE UNDER ) | |
| THE SEA ISLAND LIQUIDATION ) | |
| TRUST, ) | |
| ) | |
| and ) | |
| ) | |
| KINGS POINT PROPERTY OWNERS ) | |
| ASSOCIATION INC. ) | |
| ) | |
| Respondents ) | |

**OPINION AND ORDER REGARDING THE SUFFICIENCY OF KINGS POINT PROPERTY OWNERS ASSOCIATION INC.'S RESPONSE TO THE LIQUIDATION TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION AND SETTING <u>DISCOVERY DEADLINE AND HEARING DATE</u>**

This matter came on for hearing on the Liquidation Trustee's Motion Regarding the Sufficiency of Kings Point Property Owners Association Inc.'s Response to the Liquidation Trustee's First Set of Requests for Admission, to Extend the Discovery and Summary Judgment Deadlines, and in the Alternative for an

Expedited Hearing ("Motion"). As part of the discovery in this contested matter, the Liquidation Trustee served its first set of requests for admission ("Requests for Admission") on Kings Point Property Owners Association Inc. ("Kings Point POA"), to which Kings Point POA timely responded. The Liquidation Trustee then brought the Motion challenging the sufficiency of the responses.

Kings Point POA's responses to the Liquidation Trustee's Requests for Admission are sufficient except the responses to the requests numbered 34, 35, 47, 67, 68, 75, 90, 91, 104, and 114. Accordingly, Kings Point POA has 10 days from the date of this order to amend its insufficient responses so as to admit or deny the requests.

### FINDINGS OF FACT

The Motion challenges the sufficiency of individual responses made by Kings Point POA to the Requests for Admission. (ECF No. 1368.) The Motion organizes the challenged responses into three groups represented by Appendix A, Appendix B, and Appendix C. (ECF No. 1368 at 6-7.) Each appendix contains responses that raise the same singular issue. Id. A determination as to each of the three issues will resolve the challenges made to the sufficiency of individual responses.

2

AO 72A
(Rev. 8/82)

The responses and issues corresponding to the three appendices are as follows:

- Appendix A – Third-party diligence

    Response to requests numbered 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 40, 41, 42, 45, 46, 47, 50, 56, 57, 59, 61, 65, 66, 67, 68, 69, 75, 87, 88, 90, 104, 114, 121, 122, 123, 125, 128.[1] (ECF No. 1368-1.)

- Appendix B - Application of law to fact

    Response to requests numbered 2, 3, 6, 10, 16, 72, 74, 84, 106, 109, 111, 113, 116, 117, 119, 120, 124, 126, and 127.[2] (ECF No. 1368-2.)

- Appendix C - Subsidiary issues

    Response to requests numbered 7, 73, and 105. (ECF No. 1368-3.)

## CONCLUSIONS OF LAW

### I. Kings Point POA Does Not Share an Identity of Interest with Or Have Control over the Third Parties Identified in the Requests for Admission Set Forth in Appendix A.

The Liquidation Trustee challenges the sufficiency of Kings Point POA's responses to the Requests for Admission set forth in

---

[1] The Motion identifies 52 responses pertaining to the issue of third party diligence, but Appendix A contains 45 challenged responses. Compare ECF No. 1368 at 7 and ECF No. 1368-1.

[2] The Motion identifies 22 responses pertaining to the issue of application of law to fact, but Appendix B contains 19 responses. Compare ECF No. 1368 at 7 and ECF No. 1368-2.

3

Appendix A on the grounds that Kings Point POA did not make a reasonable inquiry of the third parties identified in the requests. Reasonable inquiry is required under Rule 36(a)(4) of the Federal Rules of Civil Procedure:

> The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).[3]

The Liquidation Trustee focuses on the terms "reasonable inquiry" and "readily obtain" to argue that Rule 36 requires a responding party to perform a minimum level of third-party diligence as a form of reasonable inquiry. The Motion relies heavily on Uniden Am. Corp. v. Ericsson Inc., 181 F.R.D. 302 (M.D.N.C. 1998). Specifically on the issue of third-party diligence and reasonable inquiry, the court held that "a party must make inquiry of a third party when there is some identity of interest manifested." Id. at 304.

Kings Point POA correctly identifies two important points Uniden made in reaching its conclusion. First, the court acknowledged that "[g]enerally, a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control." Id. at 304 (citation

---

[3] Rule 36(a)(4) of the Federal Rules of Civil Procedure is made applicable here under Rule 7036 of the Federal Rules of Bankruptcy Procedure.

4

omitted). Second, the court acknowledged the Advisory Notes to the 1970 amendment of Rule 36 which stated "what constitutes 'reasonable inquiry' and what material is 'readily obtainable' is a relative matter that depends upon the facts of each case." Id. at 304 (citation omitted).

Central to the issue of the reasonable inquiry of the third parties involved in this particular set of facts is the element of control. Kings Point POA correctly defines control as "the legal right to obtain the documents requested upon demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984). While the term "control" is not found in the text of Rule 36, Kings Point POA's response in opposition to the Motion demonstrates that control has been widely included in the interpretation of the scope of the rule. See A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 254 (C.D. Cal. 2006); U.S. ex rel. Englund v. Los Angeles Cnty., 235 F.R.D. 675, 685 (E.D. Cal. 2006); T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997).

The Liquidation Trustee's Requests for Admission set forth in Appendix A require Kings Point POA to admit or deny information that could only be verified as true or false by the third parties identified in those requests. Without control over the third parties, Kings Point POA does not have the legal right to obtain the necessary information from those parties. Nor do

5

AO 72A
(Rev. 8/82)

those parties have any obligation to turn the necessary information over to Kings Point POA.

The requirement for a shared identity of interest or control over the third party ensures that the respondent admits or denies with the requisite belief that the information provided is correct. Without a sufficient identity of interest with or level of control over any of the third parties in Appendix A, forcing Kings Point POA to admit or deny the requests would require third-party discovery with each of those third parties to compel and test the accuracy of any response. This task would extend beyond a "reasonable inquiry," and the requested information would go beyond what Kings Point POA could "readily obtain."

Kings Point POA does not have a shared identity of interest with or any level of control over the third parties identified in Appendix A; therefore Kings Point POA's responses are sufficient.

### II. Kings Point POA's Responses to the Requests for Admission Set Forth in Appendix B Stand as Denials.

The Liquidation Trustee contends that Kings Point POA's responses to the Liquidation Trustee's Requests for Admission set forth in Appendix B contain improper conclusion-of-law objections. Rule 36(a)(4) states "[i]f a matter is not admitted, the answer must specifically deny it" and the "denial must fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4).

6

Looking to Kings Point POA's responses contained in Appendix B, each and every request is initially objected to on the grounds that it seeks the admission of a matter that is a conclusion of law, followed by a statement of denial. In addition to denying the Requests for Admission in its responses, Kings Point POA again denied the requests set forth in Appendix B on the record at the hearing.

Notwithstanding the objections made by Kings Point POA, its responses to the Requests for Admission set forth in Appendix B stand as denials and are therefore sufficient.

### III. Kings Point POA's Responses to the Requests for Admission Set Forth in Appendix C Appropriately Admit in Part and Deny in Part.

The Motion raises two different challenges to Kings Point POA's responses set forth in Appendix C. First, the Liquidation Trustee asserts that Kings Point POA "cannot satisfy its 'burden of persuasion to justify' the conclusion-of-law objections set forth in Appendix C." (ECF No. 1368 at 17.) Second, the Liquidation Trustee argues that the responses "[do] not 'fairly meet the substance of the request[s].'" (ECF No. 1368-3.)

In its response opposing the Motion, Kings Point POA indicates that it did not object to the Requests for Admission in Appendix C, thus appropriately responding to the first challenge. (ECF No. 1380 at 17.)

7

AO 72A
(Rev. 8/82)

However, in its reply in support of the Motion, the Liquidation Trustee states that Kings Point POA has ignored the challenge to its responses. (ECR No. 1388 at 21.) In fact, Kings Point POA did not ignore the challenge, but instead responded to one of the two challenges raised by the Motion.

Regardless of which challenge the Liquidation Trustee intended to raise, both challenges are without merit. Rule 36(a)(4) requires that "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).

Kings Point POA has appropriately admitted in part and denied in part each of its responses in Appendix C; therefore the responses are sufficient.

**ORDER**

Based on the foregoing Findings of Fact and Conclusions of Law, Kings Point POA is **ORDERED TO ADMIT OR DENY** the Liquidation Trustee's Requests for Admission numbred 34, 35, 47, 67, 68, 75, 90, 91, 104, and 114; and

AO 72A
(Rev. 8/82)

**FURTHER ORDERED** that Kings Point POA submit its amended responses to the Liquidation Trustee's Requests for Admission within 10 days of the entry of this order;[4] and

**FURTHER ORDERED** that the discovery deadline shall be extended through January 15, 2016; and

**FURTHER ORDERED** that a hearing on the underlying contested matter will be held at 10:00 a.m. on January 19, 2016, at the United States Bankruptcy Court for the Southern District of Georgia, 801 Gloucester Street, Brunswick, Georgia 31520.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
This 21 day of November, 2015.

---

[4] On November 20, 2015, prior to the entry of this order, Kings Point POA served its amended responses to the Liquidation Trustee's Requests for Admission.

9