## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA

In re:                 )

                       )     Chapter 11

SEA ISLAND COMPANY, *et al*.,    )

                       )     Case No. 10-21034 - JSD

                       )     Jointly Administered

         Debtors.       )

                       )     Judge John S. Dalis

_____ )

### MOTION TO APPROVE COMPROMISE AND
### SETTLEMENT ON AN EXPEDITED BASIS PURSUANT
### TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

Robert H. Barnett as the Liquidation Trustee (the "Liquidation Trustee") under the Sea Island Company Liquidation Trust files this motion to approve the settlement agreement with Hog Hammock, LLC ("Hog Hammock") and Katharine Jones O'Connor (collectively, the "Hog Hammock Parties") pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion"). In support of the Motion, the Liquidation Trustee shows the Court the following:

### JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The legal predicate for the requested relief is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND

#### The Filing of the Bankruptcy Cases
#### and Appointment of the Liquidation Trustee

3. The above-referenced debtors (the "Debtors") filed with the Court their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on August 10, 2010.

4.      On September 24, 2010, the Debtors filed their Amended and Restated Joint Chapter 11 Plan as of August 10, 2010 [Bankr. Docket No. 217] (the "Plan"), which was confirmed pursuant to an order entered on or about November 8, 2010 [Bankr. Docket No. 372] (the "Confirmation Order").

5.      The Trust Agreement of Sea Island Company Creditors Liquidation Trust (the "Trust") dated December 15, 2010, incorporated by reference in the Confirmation Order, approved Robert H. Barnett as the Liquidation Trustee.  *See* Bankr. Docket No. 449-1.

<u>The Procedural History of the Hog Hammock Motion</u>

6.      As the Court is aware, on September 11, 2015, Hog Hammock filed the Motion to Determine the Rights of the SIC Trust Under a Right of First Refusal, to Authorize the Sale of Property Free and Clear of any Rights or Claims of the SIC Trust, and Other Relief (the "Hog Hammock Motion").  *See* Bankr. Docket No. 1381.

7.      The Liquidation Trustee filed an objection to the Hog Hammock Motion raising both procedural and substantive objections.  *See* Bankr. Docket No. 1396.

8.      On October 8, 2015, the Court held a hearing on the Hog Hammock Motion but did not rule on such Motion, pending a possible amendment thereto or the filing of an adversary proceeding.

9.      The Court has entered four orders extending the time for Hog Hammock to amend the Hog Hammock Motion or file an adversary proceeding, the latest extending the deadline to January 21, 2016.  *See* Bankr. Docket Nos. 1414, 1422, 1437 and 1453.

<u>Negotiations After the October 8 Hearing</u>

10.     Subsequent to the October 8 hearing, the Liquidation Trustee and Hog Hammock engaged in vigorous and arms-length negotiations in an effort to resolve the Hog Hammock

Motion, including a several hour in-person meeting in late December, 2015, resulting in the parties reaching a settlement of the issues raised in the Hog Hammock Motion.

11.     As the Court is aware, the relief sought in the Hog Hammock Motion is related to the proposed sale to a third-party purchaser (the "Purchaser") of a parcel of real property (the "Property") in which the Liquidation Trustee claims an interest.

12.     Counsel for Hog Hammock has advised counsel for the Liquidation Trustee that the Purchaser strongly desires to close on the purchase of the Property no later than February 1, 2016, and has further advised that Hog Hammock cannot guarantee that the Purchaser will still be willing to consummate the proposed purchase if the closing happens thereafter.[1]

## THE SETTLEMENT

13.     The Liquidation Trustee and Hog Hammock have entered into a settlement agreement, a copy of which is attached as Exhibit "A."[2]

14.     Pursuant to the Settlement Agreement, Hog Hammock has agreed to pay the Liquidation Trustee One Hundred Seventy-Five Thousand Dollars ($175,000.00) in exchange for the Liquidation Trustee, on behalf of himself, the Sea Island Company Creditors' Liquidation Trust, the above-captioned Debtors, and the above-captioned Debtors' bankruptcy estates, releasing any and all interests such parties may hold in and to the Property, including, but not limited to, any rights the Liquidation Trustee may have as a result of a certain right of first refusal (as described in the Hog Hammock Motion), from the beginning of time through and

---

[1]     It should be noted that the Purchaser originally contemplated closing on or about September 22, 2015, and has had a $200,000 earnest money deposit in escrow since such date.

[2]     The settlement agreement shall be referred to as the "Settlement Agreement." The description of the settlement contained in the Motion is a partial summary. To the extent of any ambiguity, conflict, or the like, the terms set forth in the Settlement Agreement shall control.

including in perpetuity. *See* Settlement Agreement ¶¶ 3-4. Further, the parties have agreed to mutual releases of any claims related to the Property. *See* Settlement Agreement ¶ 5.

15. Given the need to close the sale of the Property on February 1, 2016, the Settlement Agreement shall become effective immediately after the Objection Deadline. *See* Settlement Agreement ¶ 1.

## RELIEF REQUESTED

16. The Liquidation Trustee requests that the Court enter an order approving the Settlement Agreement in substantially the same form as the proposed order attached as Exhibit "B."

## BASES FOR RELIEF REQUESTED

17. Rule 9019 of the Federal Rules of Bankruptcy Procedure authorizes a bankruptcy court to approve a settlement agreement between interested parties. *See* Fed. R. Bankr. P. 9019. "Compromises are favored in bankruptcy, especially where protracted litigation can erode the value of the estate and delay the administration of the case to the detriment of all creditors." *In re Harbour E. Dev., Ltd.*, No. 10–20733–BKC–AJC, 2012 WL 1851015, at *5 (Bankr. S.D. Fla. May 21, 2012) (citations omitted); *see also Munford v. Munford, Inc.* (*In re Munford, Inc.*), 97 F.3d 449, 455 (11th Cir. 1996); 10 COLLIER ON BANKRUPTCY ¶ 9019.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("Compromises are favored in bankruptcy.").

18. "In acting on [a Rule 9019] motion, an evidentiary hearing is not necessarily required." *Coleman v. Abdulla* (*In re Sportsman's Link, Inc.*), No. 07-10454, 2011 WL 7268047, at *11 (Bankr. S.D. Ga. Dec. 20, 2011) (citations omitted). "Instead, the obligation of the court is to canvass [sic] the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Brown v. Harris*, No. 3:11–CV–25 (CDL), 2011 WL 3473312, at *2

n.5 (M.D. Ga. Aug. 9, 2011) (citation and internal quotation marks omitted); *see also Martin v. Pahiakos*, 490 F.3d 1272, 1275 (11th Cir. 2007) (affirming approval of settlement because "it did not fall below the lowest point in the range of reasonableness").

19.     The decision to approve a settlement pursuant to Rule 9019 is within the sound discretion of the bankruptcy court. *See*, *e.g*., *GMGRSST, Ltd. v. Menotte* (*In re Air Safety Int'l, L.C.*), 336 B.R. 843, 852 (S.D. Fla. 2005) ("A bankruptcy court's decision to approve a settlement is within its sound discretion, and will not be disturbed on appeal absent proven abuse of that discretion.").

20.     In *Wallis v. Justice Oaks II, Ltd.*, (*In re Justice Oaks II, Ltd.*), 898 F.2d 1544 (11th Cir. 1990), the Eleventh Circuit articulated four factors that a court should evaluate in deciding whether to approve a proposed settlement: "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable view in the premises." *Justice Oaks*, 898 F.2d at 1549 (citations omitted). But "[i]n examining the relevant factors, courts have deferred to the [t]rustee's business judgment when reasonable." *Sportsman's Link*, 2011 WL 7268047, at *11 (citation omitted).

21.     Here, the Liquidation Trustee believes that the settlement is in the best interests of the Trust and the Beneficiaries (as that term is defined in the Trust). While the Liquidation Trustee is confident that he would prevail on the merits, litigating the issues would almost certainly result in Hog Hammock losing its current purchaser. And the value of the rights being released is directly tied to Hog Hammock having a party willing to buy the Property.

22.     The savings associated with the settlement is an additional factor given the expense associated with litigating all of the issues raised by the Hog Hammock Motion.  *See Justice Oaks*, 898 F.2d at 1549 (requiring consideration of, among other things, the "complexity of the litigation involved, and the expense . . . necessarily attending it"); *Harbour E. Dev., Ltd.*, 2012 WL 1851015, at *5 ("Compromises are favored in bankruptcy, especially where protracted litigation can erode the value of the estate  . . .  to the detriment of all creditors.").

23.     Under the circumstances, the Liquidation Trustee submits that the Settlement Agreement should be approved by entry of an order subject to objection on negative notice. Given the deferential standard for approving settlement agreements, *see Sportsman's Link*, 2011 WL 7268047, at *19, and the avoidance of expense associated with potentially avoiding a hearing, *see* Fed. R. Bankr. P. 1001 ("These rules shall be construed to secure the just, speedy, and *inexpensive* determination of every case and proceeding.") (emphasis added), the Liquidation Trustee submits that approval on such basis is appropriate, *see* 11 U.S.C. § 102(1)(B)(i); *Roberts v. Pierce* (*In re Pierce*), 435 F.3d 891, 892 (8th Cir. 2006) (discussing 11 U.S.C. § 102(1)(B)(i) and concluding: "[n]egative notices are therefore authorized by the Code.") (citation omitted); *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 618 (7th Cir. 2002) ("A requirement of 'notice and a hearing' really means notice and *the opportunity for* a hearing.") (emphasis in the original).

24.     In addition, as noted above, Hog Hammock has advised the Liquidation Trustee that the Purchaser wants to close on or before February 1, 2016 and that the Purchaser may not be willing to proceed with the transaction if the closing happens thereafter.  Accordingly, the Liquidation Trustee requests that the Court shorten the objection period and requests that the

Court set the objection deadline for January 29, 2016, and schedule a hearing on any such objection as soon thereafter as it is convenient for the Court.

25.     The Liquidation Trustee submits that "cause" exists pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure to enter the proposed order with a shortened negative notice objection period and an expedited hearing if there is a timely written objection filed.  Here, the Liquidation Trustee does not anticipate any objections to the settlement and he is concerned that—if the objection period is not shortened—Hog Hammock may lose the Purchaser which will prejudice the $175,000.00 recovery to the Trust.  *See* 10 COLLIER ON BANKRUPTCY ¶ 9006.09[1] (16th ed. 2015).  (When "considering . . . motions [to shorten time], courts should balance possible prejudice to other parties against the reasons advanced for reducing time.")

WHEREFORE, Robert H. Barnett as the Liquidation Trustee respectfully requests that the Court enter an order substantially in the form attached as Exhibit "B": (i) granting the relief requested and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: January 13, 2016.

_____*/s/ Robert M.D. Mercer*_____
Robert M.D. Mercer
Georgia Bar No. 502317
J. Zachary Zimmerman *(admitted pro hac vice)*
Georgia Bar No. 785135
SCHULTEN WARD & TURNER LLP
260 Peachtree Street
Suite 2700
Atlanta, Georgia  30303
(404) 688-6800  Telephone
(404) 688-6840  Facsimile

*Counsel for Robert H. Barnett as the*
*Liquidation Trustee under the Sea Island*
*Company Liquidation Trust*

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-21034 |
| | ) | Jointly Administered |
| SEA ISLAND COMPANY, et al., | ) | |
| | ) | CHAPTER 11 |
| Debtors. | ) | |
| | ) | JUDGE JOHN S. DALLIS |

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is made and entered into between
(i) ROBERT H. BARNETT, Liquidation Trustee under the Sea Island Company Creditors'
Liquidation Trust (the "Trustee"), for and on behalf of himself solely in his capacity as the Trustee,
the Sea Island Company Creditors' Liquidation Trust, the above-captioned Debtors, and the above-
captioned Debtors' bankruptcy estates; (ii) HOG HAMMOCK, LLC ("Hog Hammock"); and
(iii) KATHARINE JONES O'CONNOR ("O'Connor") in the above-styled jointly administered
case (the "Bankruptcy Case") (the Trustee, Hog Hammock, and O'Connor are individually
referred to herein as a "Party" and collectively as the "Parties").

WHEREAS[1] each of the above-captioned Debtors (the "Debtors") filed a voluntary petition
for relief under Chapter 11, Title 11, United States Code (the "Bankruptcy Code") on August 10,
2010 (the "Petition Date"), with the United States Bankruptcy Court for the Southern District of
Georgia, Brunswick Division (the "Bankruptcy Court");

WHEREAS on September 24, 2010, the Debtors filed their Amended and Restated Joint
Chapter 11 Plan as of August 10, 2010 [Docket No. 217] (the "Plan"), which was confirmed

---

[1] The recitals set forth herein in the unnumbered paragraphs are not intended to have any binding effect and
are included solely for the purpose of defining terms.

1

pursuant to an Order entered on or about November 8, 2010 [Docket No. 372] (the "Confirmation Order");

WHEREAS the Trust Agreement of Sea Island Company Creditors Liquidation Trust dated December 15, 2010 (the "SIC Trust"), approved the Trustee as the Liquidation Trustee of the SIC Trust [Docket No. 449, Section 3.1];

WHEREAS pursuant to the Confirmation Order, the Debtors and Sea Island Acquisition, LP, now known as Sea Island Acquisition, LLC ("SIA") entered into an Asset Purchase Agreement dated as of October 19, 2010 [Docket No. 293] (the "APA");

WHEREAS by Warranty Deed dated May 15, 2002, recorded in Deed Book 880, Page 156 - 161, Camden County, Georgia records, as amended by that certain Corrective Warranty Deed dated October 20, 2002, recorded in Deed Book 1079, Pages 504 - 510, aforesaid records, Sea Island Company (now, one of the Debtors in the Bankruptcy Case) ("Sea Island") conveyed to O'Connor certain real property located in Camden County, Georgia, known as 5452 Harriett's Bluff Road, Woodbine, Georgia, Tax Map No.: 118-036 and more particularly described in the aforesaid Corrective Warranty Deed (the "Property");

WHEREAS for estate tax purposes, the Property was transferred to Hog Hammock without consideration as evidenced by that certain Quit-Claim Deed dated December 30, 2004, recorded in Deed Book 1112, Pages 206 - 212, Camden County, Georgia records;

WHEREAS at the time of the initial conveyance, Sea Island retained a right of first refusal, which is set forth in both the deed of conveyance and a separate Agreement dated May 15, 2002, recorded in Deed Book 880, Pages 172 - 181, Camden County, Georgia records (the right of first refusal shall be referred to as the "ROFR");

WHEREAS SIA, as purchaser under the Asset Purchase Agreement, has agreed that it will not claim any interests in the Property under the ROFR or any other reserved interests under the deed of conveyance to Katharine Jones O'Connor and has further agreed that it will not defend against the claims of others under said agreement and deed;

WHEREAS the Liquidation Trustee contends that under the Asset Purchase Agreement the SIC Trust holds the rights previously held by the Sea Island Company under the ROFR;

WHEREAS Hog Hammock has entered into a contract (the "Purchase Agreement") with a third party (the "Purchaser") for the purchase and sale of the Property;

WHEREAS Hog Hammock contends that, in accordance with the ROFR, it has offered to sell the Property to the SIC Trust on terms substantially identical to those of the Purchase Agreement;

WHEREAS the Trustee disputes that Hog Hammock has complied with the terms of the ROFR; and

WHEREAS, the Parties believe that it is in their respective best interests to enter into the Settlement Agreement any and all disputes associated with the sale of the Property and the ROFR;

NOW, THEREFORE, in consideration of the foregoing and the covenants hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed by the parties as follows:

1.      This Settlement Agreement is subject to the approval of the Bankruptcy Court. Upon the entry of an order by the Bankruptcy Court approving this Settlement Agreement (the "Approval Order"), and with no objections having been filed to the Approval Order on or before the objection deadline set forth in the Approval Order (the "Objection Deadline") (it being anticipated that the Approval Order may be entered on negative notice), the Settlement Agreement

shall become effective immediately after the Objection Deadline (the "<u>Effective Date</u>"). So long as such Approval Order is consistent with this Settlement Agreement, Hog Hammock shall consent to the entry of the Approval Order, and neither Hog Hammock, O'Connor, nor Paul F. O'Connor shall object in any way to the Approval Order.

2.    On or after the Effective Date, Hog Hammock may proceed to close the sale of the Property to the Purchaser, or, in the alternative, may proceed to close any alternative sale of the Property to any other purchaser on such terms as Hog Hammock may elect, in its sole and absolute discretion.

3.    Concurrent with – and as a condition precedent to – the closing of the sale of the Property, Hog Hammock shall pay or cause to be paid to the Trustee, in immediately available funds, the sum of one hundred and seventy-five thousand dollars ($175,000.00) (the "<u>Settlement Payment</u>") for the benefit of the SIC Trust.

4.    Concurrent with – and as a condition precedent to – the closing of the sale of the Property, the Trustee shall execute a quitclaim deed (the "<u>Quitclaim Deed</u>") in favor of the Purchaser (or such other purchaser as Hog Hammock may designate) releasing all interests of the Trustee, the SIC Trust, the Debtors and the Debtors' bankruptcy estates in and to the Property, including, but not limited to, any rights the Trustee may have as a result of the ROFR, from the beginning of time through and including in perpetuity. The Parties agree that should the Trustee fail to comply with his obligations under this Paragraph, Hog Hammock shall be entitled to specific performance of the Trustee's obligations hereunder, it being agreed that monetary damages would be inadequate to compensate Hog Hammock for any breaches of the Trustee's obligations under this Paragraph.

5.      Contingent upon the Approval Order becoming effective, the closing of the sale of the Property, the Trustee's receipt of the Settlement Payment, and the Purchaser's receipt of the Quitclaim Deed, the Trustee on behalf of himself, the SIC Trust, the Debtors and the Debtors' bankruptcy estates, on the one hand, and Hog Hammock and O'Connor, on the other hand, hereby release, acquit and forever discharge each other, and the Trustee on behalf of himself, the SIC Trust, the Debtors and the Debtors' bankruptcy estates further releases, acquits and forever discharges Paul F. O'Connor, from any and all claims, counterclaims, rights, demands, obligations, costs, damages, losses, liabilities, attorneys' fees, actions, lawsuits and causes of action, of whatever kind or nature, known or unknown, fixed or contingent, which either has, had or may hereafter claim to have in law or in equity, arising on or before the date of this Settlement Agreement, relating to the Property in any way, form or fashion, including but not limited to, fraudulent transfer claims related to the Property, claims based on the ROFR, and/or claims based on any action or inaction on the part of O'Connor (in any capacity, including, but not limited to, in her capacity as a director of Sea Island) related to the transfer of the Property (a) from Sea Island to O'Connor, (b) from O'Connor to Hog Hammock, or (c) from Hog Hammock to the Purchaser (collectively, the "Released Claims").  The Released Claims shall not include, however, claims resulting from the Parties' respective obligations under this Settlement Agreement.   This Settlement Agreement resolves all Released Claims that could have been alleged by any Party no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs, and attorneys' fees.

6.      It is understood and agreed that this Settlement Agreement is being made in connection with the settlement and compromise of disputed claims and that such settlement is not

to be construed as an admission or concession of liability by any party.  If this Settlement Agreement is not approved by the Bankruptcy Court for any reason, then this Settlement Agreement shall be null and void, and inadmissible against any party, and the parties shall be returned in all respects to the *status quo ante.*

7.      The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorneys' fees or costs from the other Party.

8.      The Parties intend this Settlement Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates.  The Parties agree that there are no third-party beneficiaries of this Settlement Agreement other than Paul F. O'Connor.

9.      This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Georgia.  The provisions of this Settlement Agreement are mutually dependent, and thus, should any provision be declared or be determined by any court to be illegal or invalid, this Settlement Agreement shall be null and void.  Moreover, this Settlement Agreement shall not be construed against either Party as the author or drafter of the Settlement Agreement.

10.     Except as provided herein, this Settlement Agreement shall be, and remain, in effect despite any alleged breach of this Settlement Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true.  Notwithstanding the foregoing, nothing in this Settlement Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Settlement Agreement.

11. Any dispute, action, or proceeding arising out of or relating to this Settlement Agreement shall be within the jurisdiction of the Bankruptcy Court. In the event the Bankruptcy Court declines jurisdiction, the parties agree that jurisdiction is proper in the state or federal courts of the State of Georgia.

12. This Settlement Agreement, along with the documents referred to herein, constitute the entire agreement among the parties with regard to the subject matter hereof. This Settlement Agreement may not be modified or amended except in writing signed by all signatories hereto or their successors in interest.

13. This Settlement Agreement may be executed in any number of counterparts, including by a "PDF" thereof or by facsimile, each of which shall be deemed to be an original but all of which shall constitute one and the same document.

14. The undersigned persons represent and warrant that they have full authority to execute this Settlement Agreement on behalf of the respective parties and that the respective parties have full knowledge of and have consented to this Settlement Agreement. In entering into this Settlement Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Settlement Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise.

**SIGNATURES ON NEXT PAGE**

This __12th__ day of January, 2016.

ROBERT H. BARNETT, Liquidation Trustee
under the Sea Island Company Creditors'
Liquidation Trust

By: _____
Name: __Robert H. Barnett__
Title: __Liquidation Trustee__

HOG HAMMOCK, LLC

By:_____
Name:_____
Title:_____

KATHERINE JONES O'CONNOR

By:_____
Name:_____
Title:_____

This \_\_12th\_\_ day of January, 2016.

ROBERT H. BARNETT, Liquidation Trustee
under the Sea Island Company Creditors'
Liquidation Trust

HOG HAMMOCK, LLC

By: _Katharine Jones O'Connor_
Name: _Hog Hammock, LLC_
Title: _Managing Partner_

By:_____
Name:_____
Title:_____

KATHERINE JONES O'CONNOR

By: _Katharine Jones O'Connor_
Name: _KATHARINE JONES O'CONNOR_
Title: _Managing Partner_

8

# EXHIBIT "B"

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| SEA ISLAND COMPANY, et al., | ) | |
| | ) | Case No. 10-21034 - JSD |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Judge John S. Dalis |
| | ) | |

**ORDER GRANTING, SUBJECT TO OBJECTION ON THE TERMS SET FORTH
BELOW, THE MOTION TO APPROVE THE COMPROMISE AND SETTLEMENT
<u>PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019</u>**

This matter came before the Court upon the Motion of Robert H. Barnett, Liquidation Trustee, for an Order Approving the Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 [Bankr. Docket No. __ ] (the "Motion").[1] As set forth below by the signature of its counsel, given that the Order is consistent with the Settlement Agreement, Hog Hammock, LLC hereby consents to the relief granted below. Finding that cause exists to grant the relief requested, including, but not limited to, shortening notice on the Motion pursuant to Fed. R. Bankr. P. 9006(c)(1), it is hereby:

ORDERED, ADJUDGED AND DECREED that the Motion is GRANTED as set forth below; and it is

FURTHER ORDERED that the Settlement Agreement,[2] a copy of which is attached as Exhibit "A" to the Motion, is approved and authorized in all respects, subject to a party in interest filing a written objection with the Court on or before **January 29, 2016**; and it is

---

[1] Capitalized but undefined terms used herein have the meaning ascribed to them in the Motion.

[2] To the extent of conflict, ambiguity, or otherwise, the terms of this Order shall prevail over the terms of the Settlement Agreement.

FURTHER ORDERED that, if a timely objection is filed with the Court, the Court shall hold a hearing at __:__ _.m. on _____ __, 2016 at U.S. Courthouse _____, (the "Hearing"), and the Court shall consider at the Hearing whether to approve the Settlement Agreement and grant the other relief set forth in this Order; and it is

FURTHER ORDERED that any party filing an objection to the Motion shall set forth (a) the legal and factual bases for the objection and (b) shall identify by schedule (or proof of claim) number, the amount, and the bases for the claim(s) upon which it asserts standing; and it is

FURTHER ORDERED that the Settlement Agreement is adopted and incorporated in its entirety herein by reference; and it is

FURTHER ORDERED that neither Hog Hammock, LLC, Katharine Jones O'Connor, nor Paul F. O'Connor shall object in any way to the Order; and it is

FURTHER ORDERED that notwithstanding any Federal Rule of Bankruptcy Procedure to the contrary, the Order shall be immediately enforceable upon its entry; and it is

FURTHER ORDERED that the Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of the Settlement Agreement and this Order; and it is

[remainder of page intentionally left blank]

FURTHER ORDERED that within one (1) business day of entry of this Order the Liquidation Trustee shall serve the Order and the Motion on the same parties and in the same manner as in the certificate of service appearing at Bankr. Docket No. 1363; provided however, that no service shall be required for any party whose claims have been disallowed.  However, for the avoidance of doubt, pursuant to ECF Local Rule 9, the Electronic Case File notice automatically sent to attorneys who have filed a pleading in these cases shall constitute service on such attorneys and their clients.  No other or further notice shall be required.

SO ORDERED this ____ day of _____, 2016.
Brunswick, Georgia

_____
JOHN S. DALIS
UNITED STATES BANKRUPTCY JUDGE

Prepared and presented by:                    Consented to by:


_____*/s/ Robert M.D. Mercer*_____          _____*/s/ R. Michael Souther*_____
Robert M.D. Mercer                            R. Michael Souther
Georgia Bar No. 502317                        State Bar No. 668325
J. Zachary Zimmerman *(admitted pro hac vice)*   R. MICHAEL SOUTHER, P.C.
Georgia Bar No. 785135                        P. O. Box 978
SCHULTEN WARD & TURNER LLP                     Brunswick, Georgia  31521
260 Peachtree Street                          Telephone:  (912) 265-5544
Suite 2700                                    msouther@mikesoutherlaw.com
Atlanta, Georgia  30303
(404) 688-6800  Telephone                      *Counsel for Hog Hammock, LLC*
(404) 688-6840  Facsimile

*Counsel for Robert H. Barnett as the*
*Liquidation Trustee under the Sea Island*
*Company Liquidation Trust*

3