UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By cking at 2:37 pm, Jul 27, 2016

In re:                                  )
                                        )   Chapter 11
SEA ISLAND COMPANY, et al.,             )
                                        )   Case No. 10-21034 - JSD
                                        )   Jointly Administered
            Debtors.                    )
                                        )   Judge John S. Dalis
_____)

### ORDER GRANTING, SUBJECT TO OBJECTION ON THE TERMS SET FORTH BELOW, MOTION FOR EXPEDITED APPROVAL OF SALE OF THE LIQUIDATION TRUST'S INTEREST IN LOT 16 OF SEA ISLAND LAKE COTTAGES

This matter came before the Court upon the Motion for Expedited Approval of Sale of the Liquidation Trust's Interest in Lot 16 of Sea Island Lake Cottages [Bankr. Docket No.1591] (the "Motion").[1] As set forth below by their signatures, Gregory and Jennifer Holcomb (collectively, the "Buyers") consent to the relief granted below and agree that this Order constitutes a "Sale Order" for purposes of the Sale Agreement. The Plan and the Trust Agreement do not require the Liquidation Trustee to obtain the Court's approval of the Sale, so there is no prejudice to the Beneficiaries associated with the objection period set forth below. Finding that cause exists to grant the relief requested, it is hereby:

ORDERED, ADJUDGED AND DECREED that the Motion is GRANTED as set forth below; and it is

**FURTHER ORDERED that the Sale Agreement, a copy of which is attached as Exhibit "A" to the Motion, is hereby approved and is incorporated herein by reference and the Sale is authorized in all respects, subject only to a party in interest with standing filing**

---

[1] Capitalized, but undefined, terms used herein have the meaning ascribed to such terms in the Motion.

{01482311.DOCXv3}

a written objection with the Court on or before noon on the day that is fourteen (14) days after the entry of this Order (the "Objection Deadline"); and it is

**FURTHER ORDERED** that, if a timely written objection is filed with the Court by a party in interest with standing, the Court shall hold a hearing at 1:00p .m. on August 11, 2016 at U.S. Courthouse, 801 Gloucester Street, Third Floor, Brunswick, Georgia 31520, (the "Hearing"), and the Court shall consider at the Hearing whether to approve the Sale and grant the other relief set forth in this Order; and it is

FURTHER ORDERED that, unless a written objection filed by a party with standing appears on the docket of the Clerk of Court (as reflected on Pacer) by the Objection Deadline, the relief granted in this Order shall become immediately enforceable without any further order of the Court or action by any party; and it is

FURTHER ORDERED that any party filing an objection to the Motion shall set forth the legal and factual bases for the objection and shall identify by schedule (or proof of claim) number, the amount, and the bases for the claim(s) upon which it asserts standing; and it is

FURTHER ORDERED that only creditors of the Liquidation Trust and the United States Trustee shall have standing to file an objection; and it is

FURTHER ORDERED that the Liquidation Trustee shall hereby be entitled to the Payment and to transfer such funds from an escrow amount to the account for the General Unsecured Creditors Fund (as that term is defined in the Plan); and it is

FURTHER ORDERED that the Liquidation Trust's Interest in Lot 16 of Sea Island Lake Cottages shall hereby be deemed quitclaimed to the Buyers on an "AS IS," "WHERE IS," and "WITH ALL FAULTS" basis; and it is

{01482311.DOCXv3}

2

FURTHER ORDERED that all other provisions of this Order and the Sale Agreement notwithstanding, in no event shall the real property quitclaimed by virtue of the foregoing paragraph be any larger than 787 square feet; and it is

FURTHER ORDERED that in no event shall the Sale or any matter authorized under this Order or the Sale Agreement result in any liability to or obligation on the Liquidation Trust or the Liquidation Trustee; and it is

FURTHER ORDERED that the Clerk of the Superior Court in Glynn County, Georgia is hereby ordered to accept this Order for filing in the clerk's real property records, and this Order may be recorded in such real property records and shall be deemed to be in recordable form; and it is

FURTHER ORDERED that—in the event that the Court must construe the Order—the parties do not intend for there to be—and there shall be no—presumption against the drafter; and it is

FURTHER ORDERED that notwithstanding any Federal Rule of Bankruptcy Procedure to the contrary, the Order shall be immediately enforceable as set forth above; and it is

FURTHER ORDERED that the Court hereby retains exclusive venue and jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of the Sale Agreement and this Order; and it is

[remainder of the page intentionally left blank]

{01482311.DOCXv3}

3

FURTHER ORDERED that pursuant to ECF Local Rule 9, the Electronic Case File notice automatically sent to attorneys who have filed a pleading in these cases shall constitute service on such attorneys and their clients of the Motion and this Order. Within one (1) business day of the entry of this Order, the Liquidation Trustee shall also mail a copy of the Motion and Order to Gregory and Jennifer Holcomb at 415 West Rutherford Street, Athens, Georgia 30606. No other or further notice or service shall be required.

SO ORDERED this 27th day of July, 2016.
~~Brunswick~~, Georgia

Judge John S. Dalis
United States Bankruptcy Court

Prepared and presented by:

_____
Robert M.D. Mercer
Georgia Bar No. 502317
Eric J. Silva *(admitted pro hac vice)*
Georgia Bar No. 442808
SCHULTEN WARD TURNER & WEISS LLP
260 Peachtree Street
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800 Telephone
(404) 688-6840 Facsimile

*Counsel for Robert H. Barnett as the Liquidation Trustee under the Sea Island Company Creditors Liquidation Trust*

Consented to by:

_____
Gregory Holcomb

_____
Jennifer Holcomb

{01482311.DOCXv2}

4