UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| SEA ISLAND COMPANY, *et al.*, ) | |
| ) | Case No. 10-21034 - JSD |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Judge John S. Dalis |
| _____) | |

**MOTION FOR APPROVAL OF SALE OF THE
LIQUIDATION TRUST'S INTEREST IN A CERTAIN
RIGHT OF FIRST REFUSAL TO S. TAYLOR GLOVER**

Robert H. Barnett, as the Liquidation Trustee (the "Liquidation Trustee") under the Sea Island Company Creditors Liquidation Trust (the "Liquidation Trust"), files the Motion for Approval of Sale of the Liquidation Trust's Interest in a Certain Right of First Refusal to S. Taylor Glover (the "Motion"). In support of the Motion, the Liquidation Trustee shows the Court the following:

**JURISDICTION**

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. The legal predicate for the requested relief is section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**BACKGROUND**

*The Filing of the Bankruptcy Cases
and Appointment of the Liquidation Trustee*

3. The above-referenced debtors (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on August 10, 2010.

{01501827.DOCXv3}

4. On September 24, 2010, the Debtors filed their Amended and Restated Joint Chapter 11 Plan as of August 10, 2010 [Bankr. Docket No. 217] (the "Plan"), which was confirmed pursuant to an order entered on or about November 8, 2010 [Bankr. Docket No. 372] (the "Confirmation Order").

5. The Trust Agreement of Sea Island Company Creditors Liquidation Trust (the "Trust Agreement") dated December 15, 2010, incorporated by reference in the Confirmation Order, approved Robert H. Barnett as the Liquidation Trustee. *See* Bankr. Docket No. 449-1.

### The Role of the Liquidation Trustee

6. One of the purposes of the Liquidation Trust is to marshal, liquidate, and sell the Trust Assets (as defined in the Trust Agreement). *See* Trust Agreement § 2.3(a).

7. The Liquidation Trustee is expressly empowered "to manage, liquidate, sell, assign, transfer, or deal in any other manner with the Trust Assets or any part thereof or any interest therein, and to sell and dispose of the Trust Assets for cash or upon such terms and for such consideration as the Trustee deems proper in its discretion." *See id.* § 4.4(vi).

8. Unless otherwise specified in the Plan or the Trust Agreement, the Liquidation Trustee "need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred" pursuant to the Trust Agreement. *See id.* § 4.3(a).

9. In his discretion and judgment, the Liquidation Trustee may, however, seek explicit approval of the Bankruptcy Court of proposed action to be taken by the Liquidation Trustee with regard to the Trust Assets. *See id.* § 4.3(b). Indeed, the Trust Agreement specifically grants the Liquidation Trustee "the power and authority to seek Bankruptcy Court approval to *sell any Trust Asset* . . . ." *See id.* § 4.3(d) (emphasis added).

10. The Trust Agreement is explicit that the Liquidation Trustee has *no* implied obligations. *See* Trust Agreement at § 5.6.

11. Based on the foregoing, the Court previously entered an order stating that the "Plan and Trust Agreement do *not* require the Liquidation Trustee to obtain the Court's approval" of a sale. *See In re Sea Island Co., et. al.,* Case No. 10-21034, Bankr. Docket No. 1594, at *1 (Bankr. S.D. Ga. July 27, 2016)[1] (emphasis added).

The Negotiations Between the Parties

12. On June 3, 2016, the owners of the underlying property originally approached the Liquidation Trustee and suggested a purchase price of $25,000.00 for the right of first refusal he is selling pursuant to the letter agreement attached as Exhibit "A" (the "Sale Agreement"). Subsequently, on August 4, 2016, such owners offered $50,000.00 on a take-it-or-leave-it basis. But through negotiations—which included getting various parties to offer to contribute—the Liquidation Trustee was ultimately able to get the Buyer (as defined below) alone to be responsible[2] for paying $275,000.00 for such right of first refusal (or over five (5) times as much as the original offer and eleven (11) times the original suggested price).

## THE PROPOSED SALE

13. Pursuant to the Sale Agreement,[3] S. Taylor Glover or his assignee, Cheapside, Inc. (the "Buyer")[4] has agreed to buy, and the Liquidation Trustee has agreed to quitclaim his rights, if any, in the ROFR (as defined in the Sale Agreement) with no representations or

---

[1] Such order was entered on negative notice, and no parties filed an objection to it.
[2] The Liquidation Trustee is unaware of the exact arrangement between the owners of the underlying property, the lender to such owners, the real estate broker for the underlying sale, and the Buyer as to how much, if any, each party is contributing.
[3] The description of the Sale Agreement contained in this Motion is a partial summary. In all events, the terms set forth in the Sale Agreement shall control.
[4] The Buyer is also buying the underlying real property.

warranties for the payment of $275,000.00 (the "Payment") to the Liquidation Trustee (the "Sale"). *See* Sale Agreement ¶ b.[5]

14. On September 21, 2016, the Buyer executed the Sale Agreement, and $275,000.00 (or the entire purchase price) of readily available funds was wired to an account of the Liquidation Trustee the same day.[6] The Liquidation Trustee is holding such funds in escrow pursuant to paragraph c of the Sale Agreement.

15. The only condition for the Liquidation Trust to be immediately entitled to the $275,000.00 held in escrow on an irrevocable, unavoidable basis is the Approval Order[7] (as defined in the Sale Agreement) becoming enforceable.[8] *See* Sale Agreement ¶ d.

### RELIEF REQUESTED

16. The Liquidation Trustee requests that the Court enter an order approving the Sale and the Sale Agreement in substantially the same form as the proposed order attached as Exhibit "B."

### BASES FOR RELIEF REQUESTED

17. Section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, a trustee may sell property of the estate outside of the ordinary course of business. *See* 11 U.S.C. § 363(b)(1). In this district, the issue is whether the "[t]rustee exercised sound business judgment, as determined by his articulation of a good-faith basis for recommending the

---

[5] In exchange for retaining the Payment, the Liquidation Trustee has also agreed not to challenge the sale between the Buyer and Katharine J. O'Connor and Paul F. O'Connor for the Property (as defined in the Sale Agreement).
[6] According to counsel for Mr. Glover, his firm wired $50,000.00 as a disbursement from the closing statement, and Cheapside, Inc. wired $225,000.00.
[7] Mr. Glover has consented to the relief in the proposed Approval Order including that such order constitutes an "Approval Order" under the Sale Agreement.
[8] Pursuant to the Sale Agreement, the Approval Order becomes "enforceable" when it has been entered on the docket, and it is not stayed pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure. *See* Sale Agreement n.3.

sale for the price offered and by his employment of adequate procedures in procuring the offer . . ..." *See In re Stuart*, No. 02-43724, 2003 WL 26099304, at *2 (Bankr. S.D. Ga. May 2, 2003); *see also Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (requiring a finding of a good business reason to approve a 363 sale); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *Big Shanty Land Corp. v. Comer Properties, Inc.*, 61 B.R. 272, 278 (N.D. Ga. 1985).

18. This inquiry essentially amounts to a "business judgment test," *see In re Tom's Foods, Inc.*, No. 05-40683 RFH, 2005 WL 3022022, at *2 (Bankr. M.D. Ga. Sept. 23, 2005), with a trustee's "judgment on the sale and the procedure for the sale" being "entitled to respect and deference from the Court, so long as the burden of giving sound business reasons is met," *see Stuart*, 2003 WL 26099304, at *3.

19. In an exercise of his business judgment, the Liquidation Trustee believes that the Sale is in the best interests of the Liquidation Trust and the Beneficiaries (as that term is defined in the Trust Agreement). While the Liquidation Trustee contends that the interest of the Liquidation Trust in the ROFR could be valuable, given the nature of such rights, there is a thin market for them. And as set forth above, the sale price of $275,000.00 is over five (5) times as much as the original offer and eleven (11) times the original suggested price.

20. Under the circumstances, the Liquidation Trustee submits that the Approval Order should be entered on negative notice. Given the potential for avoiding the cost and expense of a hearing[9] and the deferential standard for approving sales[10] especially here where—as the Court

---

[9] *See* Fed. R. Bankr. P. 1001 ("These rules shall be construed to secure the just, speedy, and *inexpensive* determination of every case and proceeding.") (emphasis added).
[10] *See Stuart*, 2003 WL 26099304, at *3.

has previously recognized—court approval is not required,[11] the Liquidation Trustee submits that approval on such basis is appropriate.[12]

WHEREFORE, Robert H. Barnett as the Liquidation Trustee respectfully requests that the Court enter an order substantially in the form attached as Exhibit "B" and grant such other and further relief as the Court may deem just and proper.

Dated: September 23, 2016.

/s/ Robert M.D. Mercer
Robert M.D. Mercer
Georgia Bar No. 502317
Eric J. Silva *(admitted pro hac vice)*
Georgia Bar No. 442808
SCHULTEN WARD TURNER & WEISS LLP
260 Peachtree Street
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800 Telephone
(404) 688-6840 Facsimile

*Counsel for Robert H. Barnett as the Liquidation Trustee under the Sea Island Company Creditors Liquidation Trust*

---

[11] *See* Motion ¶ 11.
[12] *See* 11 U.S.C. § 102(1)(B)(i); *Roberts v. Pierce (In re Pierce)*, 435 F.3d 891, 892 (8th Cir. 2006) (discussing 11 U.S.C. § 102(1)(B)(i) and concluding: "[n]egative notices are therefore authorized by the Code.") (citation omitted); *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 617-8 (7th Cir. 2002) ("A requirement of 'notice and a hearing' really means notice and *the opportunity for* a hearing.") (emphasis in the original).

**EXHIBIT "A"**

{01501827.DOCXv3}

ROBERT H. BARNETT
The Liquidation Trustee under the
Sea Island Company Creditors Liquidation Trust
1075 Peachtree Street, N.E., Suite 3675
Atlanta, Georgia 30309

September 20, 2016

Mr. S. Taylor Glover
c/o W. Robert Hancock, Esq.
Glover and Davis, P.A.
1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269

      Re:    *In re Sea Island Company, et al.*, Chapter 11 Bankruptcy Cases; United States Bankruptcy Court for the Southern District of Georgia (the "Bankruptcy Court"); Case No. 10-21034-JSD

Dear Mr. Glover:

    I have set forth below the terms of the agreement between Robert H. Barnett as the Liquidation Trustee (the "Liquidation Trustee") under the Sea Island Company Creditors Liquidation Trust (the "Liquidating Trust") in the above referenced jointly administered bankruptcy cases pending in the Bankruptcy Court on the one hand and S. Taylor Glover or his assignee, Cheapside, Inc. (the "Buyer") on the other hand. The Liquidation Trustee and the Buyer shall be collectively referred to as the "Parties" and individually as a "Party." The terms set forth in this letter shall be referred to as the "Agreement."

    a.    Katherine J. O'Connor and Paul F. O'Connor (the "O'Connors") are seeking to sell (the "Sale") to the Buyer their interest in some or all of the property known as 50 Cheapside Lane, St. Simons Island, Georgia described in that certain agreement dated December 10, 2001, by and between Sea Island Company and Katherine J. O'Connor and Paul F. O'Connor[1] (the "Property").[2] The Liquidation Trustee asserts a right of first refusal in the Property pursuant to the ROFR Agreement.

---

[1] Such agreement shall be referred to as the "ROFR Agreement." The rights, if any, of the Liquidation Trustee as it relates to the right of first refusal set forth in the ROFR Agreement—but only to the extent such right of first refusal is directly related to the Property—shall be referred to as the "ROFR."

[2] For the avoidance of doubt, the Property shall only refer to that real property actually sold to the Buyer as part of the Sale.

{01500179.DOCXv4}

b. Subject to the Approval Order (as defined below) becoming enforceable,[3] the Buyer agrees to pay the Liquidation Trustee $275,000.00. The foregoing shall occur as set forth below.

c. Upon execution of the Agreement, the Buyer shall transfer $275,000.00 of readily available funds to the account of the Liquidation Trustee set forth on Exhibit "A." The Liquidation Trustee shall hold such funds in escrow in accordance with the Agreement. To the extent not addressed in the Agreement, the funds shall be subject to direction by an order entered by the Bankruptcy Court. The Liquidation Trustee shall have no liability for complying with the terms of the Agreement or an order entered by the Bankruptcy Court.

d. The "Approval Order" shall mean an order entered by the Bankruptcy Court, which, among other things, approves the Liquidation Trustee's agreement not to challenge the Sale of the Property and effectuates the Liquidation Trustee's quitclaim of the ROFR to the Buyer in exchange for receiving the payment of $275,000.00 for the benefit of the Liquidation Trust. Such transfer shall be on an "as is," "where is," and "with all faults" basis. Upon the Approval Order becoming enforceable, the Liquidation Trustee shall immediately be entitled to the $275,000.00 held in escrow on an irrevocable, unavoidable basis without the need for any further order by the Bankruptcy Court or action by the Liquidation Trustee or any other person.

e. Without reliance on any promise or representation by the Liquidation Trustee, the Buyer agrees to these terms based upon his own informed determination of title and any and all encumbrances affecting title with regard to the Lot that may currently exist.

f. The Parties shall each bear their respective attorneys' fees, expenses, and costs relating to or associated with the Agreement.

g. The Agreement may not be revised, superseded, or otherwise modified, except in a written document that (i) explicitly refers to the Agreement, (ii) states explicitly therein that the writing is intended to modify the Agreement, and (iii) is signed by the Parties.

h. The Parties hereby consent and agree that the Agreement shall be governed by and construed in accordance with the laws of the State of Georgia. The Parties also consent and agree that the Bankruptcy Court shall have exclusive venue and jurisdiction with regard to the enforcement and interpretation of the Agreement.

i. Each Party warrants and represents to the other Party that it is authorized to execute the Agreement and has full power and authority to enter into the Agreement and that the Agreement is duly executed and delivered and constitutes a valid, binding agreement in accordance with its terms.

---

[3] Such order shall be become "enforceable" when it has been entered on the docket, and it is not stayed pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

2

{01500179.DOCXv4}

j. Each Party warrants and represents to the other Party that it is sophisticated and had the opportunity for counsel to help draft the Agreement. As a consequence, the Parties do not intend that the presumptions relating to the interpretation of contracts against the drafter should be applied to the Agreement and, therefore, waive the effects of such presumption. Each Party warrants and represents to the other Party that it has independently conducted its own diligence in connection with entering into the Agreement and is not relying upon any warranty, promise, or representation by the other Party.

k. The Agreement embodies the entire understanding and terms of the agreement between the Parties and supersedes, modifies, and replaces any prior written and/or oral agreements between the Parties. No understanding or oral representation not incorporated in the Agreement shall survive the Agreement, and no promises or representations not expressly stated in the Agreement are included by implication. Unless explicitly set forth in the Agreement, neither Party is relying upon any promise or representation from the other Party to enter into the Agreement.

[remainder of the page intentionally left blank]

{01500179.DOCXv4}

If you agree to the foregoing terms, please execute the Agreement below.

Thank you for your attention to these matters.

Very truly yours,

Robert H. Barnett

Not individually, but
as the Liquidation Trustee

I have read and understand the terms and
conditions set forth in this letter and agree to
them.

By: S. Taylor Glover

Date: 9.21-16

# EXHIBIT "A"

Exhibit "A" intentionally omitted

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| SEA ISLAND COMPANY, et al., ) | |
| ) | Case No. 10-21034 - JSD |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Judge John S. Dalis |
| ) | |

## ORDER GRANTING, SUBJECT TO OBJECTION ON THE TERMS SET FORTH BELOW, MOTION FOR APPROVAL OF SALE OF THE LIQUIDATION TRUST'S INTEREST IN A CERTAIN RIGHT OF FIRST REFUSAL TO S. TAYLOR GLOVER

This matter came before the Court upon the Motion for Approval of Sale of the Liquidation Trust's Interest in a Certain Right of First Refusal to S. Taylor Glover [Bankr. Docket No. __ ] (the "Motion").[1]  As indicated by his signature below, S. Taylor Glover consents to the relief granted below and agrees that this Order constitutes an "Approval Order" for purposes of the Sale Agreement.  The Court's entry of this order on negative notice is especially appropriate given that neither the Plan nor the Trust Agreement require the Liquidation Trustee to obtain the Court's approval of the Sale.  Finding that cause exists to grant the relief requested, it is hereby:

ORDERED, ADJUDGED AND DECREED that the Motion is GRANTED as set forth below; and it is

**FURTHER ORDERED that the Sale Agreement, a copy of which is attached as Exhibit "A" to the Motion, is hereby approved and incorporated herein by reference and the Sale is authorized in all respects, subject only to a party in interest with standing filing**

---

[1] Capitalized, but undefined, terms used herein have the meaning ascribed to such terms in the Motion.

{01501827.DOCXv3}

a written objection with the Court on or before the day that is twenty-one (21) days after the entry of this Order (the "Objection Deadline"); and it is

**FURTHER ORDERED** that, if a timely written objection is filed with the Court by a party in interest with standing, the Court shall hold a hearing at __:__ _.m. on _____ __, 2016 at U.S. Courthouse, 801 Gloucester Street, Third Floor, Brunswick, Georgia 31520, (the "Hearing"), and the Court shall consider at the Hearing whether to approve the Sale and grant the other relief set forth in this Order; and it is

FURTHER ORDERED that, unless a written objection filed by a party with standing appears on the docket of the Clerk of Court (as reflected on Pacer) by the Objection Deadline, the relief granted in this Order shall become immediately enforceable without any further order of the Court or action by any party; and it is

FURTHER ORDERED that any party filing an objection to the Motion shall set forth the legal and factual bases for the objection and shall identify by schedule (or proof of claim) number, the amount, and the bases for the claim(s) upon which it asserts standing; and it is

FURTHER ORDERED that only the Beneficiaries of the Liquidation Trust and the United States Trustee shall have standing to file an objection; and it is

FURTHER ORDERED that in accordance with the terms of the Sale Agreement, the Liquidation Trustee shall hereby be entitled to the Payment on an irrevocable, unavoidable basis and shall hereby be entitled to transfer such funds to the account for the General Unsecured Creditors Fund (as that term is defined in the Plan); and it is

FURTHER ORDERED that, subject to the terms of the Sale Agreement, and without any representations or warranties by the Liquidation Trustee, the Liquidation Trust's interest in the

ROFR shall hereby be deemed quitclaimed to Cheapside, Inc. on an "**AS IS**," "**WHERE IS**," and "**WITH ALL FAULTS**" basis; and it is

FURTHER ORDERED that in no event shall the Sale or any matter authorized under or contemplated by this Order or the Sale Agreement result in any liability to or any obligation for the Liquidation Trust or the Liquidation Trustee; and it is

FURTHER ORDERED that the Clerk of the Superior Court in Glynn County, Georgia is hereby ordered to accept this Order for filing in the Clerk's real property records, and this Order may be recorded in such real property records and shall be deemed to be in recordable form; and it is

FURTHER ORDERED that—in the event that the Court must construe the Order—the parties do not intend for there to be any—and there shall be no—presumption against the drafter; and it is

FURTHER ORDERED that notwithstanding any Federal Rule of Bankruptcy Procedure to the contrary, the Order shall be immediately enforceable as set forth above; and it is

FURTHER ORDERED that the Court hereby retains exclusive venue and jurisdiction to hear and determine all matters arising from or related to one or more of the following: the implementation, interpretation, and enforcement of the Sale Agreement or this Order; and it is

[remainder of the page intentionally left blank]

FURTHER ORDERED that pursuant to ECF Local Rule 9, the Electronic Case File notice automatically sent to attorneys who have filed a pleading in these cases shall constitute service on such attorneys and their clients of the Motion and this Order. No other or further notice or service shall be required.

SO ORDERED this _____ day of _____, 2016.
Brunswick, Georgia

                                      JOHN S. DALIS
                                      UNITED STATES BANKRUPTCY JUDGE

Prepared and presented by:

Robert M.D. Mercer
Georgia Bar No. 502317
Eric J. Silva *(admitted pro hac vice)*
Georgia Bar No. 442808
SCHULTEN WARD TURNER & WEISS LLP
260 Peachtree Street
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800 Telephone
(404) 688-6840 Facsimile

*Counsel for Robert H. Barnett as the Liquidation Trustee under the Sea Island Company Creditors Liquidation Trust*

Consented to by:

S. Taylor Glover

{01501827.DOCXv1}

4