UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

In re:

SEA ISLAND COMPANY, et al.,

Debtors.

Chapter 11

Case No. 10-21034 - JSD
Jointly Administered

Judge John S. Dalis

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By cking at 2:20 pm, Sep 26, 2016

## ORDER GRANTING, SUBJECT TO OBJECTION ON THE TERMS SET FORTH BELOW, MOTION FOR APPROVAL OF SALE OF THE LIQUIDATION TRUST'S INTEREST IN A CERTAIN RIGHT OF FIRST REFUSAL TO S. TAYLOR GLOVER

This matter came before the Court upon the Motion for Approval of Sale of the Liquidation Trust's Interest in a Certain Right of First Refusal to S. Taylor Glover [Bankr. Docket No. 1666] (the "Motion").[1] As indicated by his signature below, S. Taylor Glover consents to the relief granted below and agrees that this Order constitutes an "Approval Order" for purposes of the Sale Agreement. The Court's entry of this order on negative notice is especially appropriate given that neither the Plan nor the Trust Agreement require the Liquidation Trustee to obtain the Court's approval of the Sale. Finding that cause exists to grant the relief requested, it is hereby:

ORDERED, ADJUDGED AND DECREED that the Motion is GRANTED as set forth below; and it is

FURTHER ORDERED that the Sale Agreement, a copy of which is attached as Exhibit "A" to the Motion, is hereby approved and incorporated herein by reference and the Sale is authorized in all respects, subject only to a party in interest with standing filing

---

[1] Capitalized, but undefined, terms used herein have the meaning ascribed to such terms in the Motion.

{01501827.DOCXv3}

a written objection with the Court on or before the day that is twenty-one (21) days after the entry of this Order (the "Objection Deadline"); and it is

**FURTHER ORDERED** that, if a timely written objection is filed with the Court by a party in interest with standing, the Court shall hold a hearing at 1 :00 p.m. on November 10, 2016 at U.S. Courthouse, 801 Gloucester Street, Third Floor, Brunswick, Georgia 31520, (the "Hearing"), and the Court shall consider at the Hearing whether to approve the Sale and grant the other relief set forth in this Order; and it is

FURTHER ORDERED that, unless a written objection filed by a party with standing appears on the docket of the Clerk of Court (as reflected on Pacer) by the Objection Deadline, the relief granted in this Order shall become immediately enforceable without any further order of the Court or action by any party; and it is

FURTHER ORDERED that any party filing an objection to the Motion shall set forth the legal and factual bases for the objection and shall identify by schedule (or proof of claim) number, the amount, and the bases for the claim(s) upon which it asserts standing; and it is

FURTHER ORDERED that only the Beneficiaries of the Liquidation Trust and the United States Trustee shall have standing to file an objection; and it is

FURTHER ORDERED that in accordance with the terms of the Sale Agreement, the Liquidation Trustee shall hereby be entitled to the Payment on an irrevocable, unavoidable basis and shall hereby be entitled to transfer such funds to the account for the General Unsecured Creditors Fund (as that term is defined in the Plan); and it is

FURTHER ORDERED that, subject to the terms of the Sale Agreement, and without any representations or warranties by the Liquidation Trustee, the Liquidation Trust's interest in the

{01501827.DOCXv3}

ROFR shall hereby be deemed quitclaimed to Cheapside, Inc. on an "AS IS," "WHERE IS," and "WITH ALL FAULTS" basis; and it is

FURTHER ORDERED that in no event shall the Sale or any matter authorized under or contemplated by this Order or the Sale Agreement result in any liability to or any obligation for the Liquidation Trust or the Liquidation Trustee; and it is

FURTHER ORDERED that the Clerk of the Superior Court in Glynn County, Georgia is hereby ordered to accept this Order for filing in the Clerk's real property records, and this Order may be recorded in such real property records and shall be deemed to be in recordable form; and it is

FURTHER ORDERED that—in the event that the Court must construe the Order—the parties do not intend for there to be any—and there shall be no—presumption against the drafter; and it is

FURTHER ORDERED that notwithstanding any Federal Rule of Bankruptcy Procedure to the contrary, the Order shall be immediately enforceable as set forth above; and it is

FURTHER ORDERED that the Court hereby retains exclusive venue and jurisdiction to hear and determine all matters arising from or related to one or more of the following: the implementation, interpretation, and enforcement of the Sale Agreement or this Order; and it is

[remainder of the page intentionally left blank]

FURTHER ORDERED that pursuant to ECF Local Rule 9, the Electronic Case File notice automatically sent to attorneys who have filed a pleading in these cases shall constitute service on such attorneys and their clients of the Motion and this Order. No other or further notice or service shall be required.

SO ORDERED this 26 day of September, 2016.
Brunswick, Georgia

Judge John S. Dalis
United States Bankruptcy ourt

Prepared and presented by:

Robert M.D. Mercer
Georgia Bar No. 502317
Eric J. Silva *(admitted pro hac vice)*
Georgia Bar No. 442808
SCHULTEN WARD TURNER & WEISS LLP
260 Peachtree Street
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800 Telephone
(404) 688-6840 Facsimile

*Counsel for Robert H. Barnett as the
Liquidation Trustee under the Sea Island
Company Creditors Liquidation Trust*

Consented to by:

S. Taylor Glover

{01501827.DOCXv1}