UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
*By cking at 10:44 am, Dec 07, 2016*

In re:                                    )
                                          )          Chapter 11
SEA ISLAND COMPANY, et al.,               )
                                          )          Case No. 10-21034 - JSD
                                          )          Jointly Administered
        Debtors.                          )
                                          )          Judge John S. Dalis
_____)

### ORDER GRANTING, SUBJECT TO OBJECTION ON THE TERMS SET FORTH BELOW, THE MOTION TO APPROVE COMPROMISES AND SETTLEMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AND MOTION TO APPROVE DISTRIBUTION OF FUNDS

Upon the Motion to Approve Compromises and Settlements Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Motion to Approve Distribution of Funds [Bankr. Docket No. 1709] (as supplemented by Bankr. Docket No. 1710, the "Motion") filed by Robert H. Barnett as the Liquidation Trustee (the "Liquidation Trustee") under the Sea Island Company Creditors Liquidation Trust (the "Liquidation Trust" or "Trust"), as evidenced by their counsel's signature below, the Lenders[1] hereby approve of and consent to the entry of this order, and finding that cause exists to grant the relief set forth below and that the Court has *in rem* jurisdiction and jurisdiction pursuant to 28 U.S.C. § 1334(b), it is hereby

ORDERED, ADJUDGED AND DECREED that the Motion is hereby GRANTED on the terms set forth below; and it is

FURTHER ORDERED that, if a timely written objection is filed with the Court, the Court shall hold a hearing at *10 : 00 A*m. on *December 1*, 2016 at U.S. Courthouse *Brunswick, GA.* , (the "Hearing"), and the Court shall consider at the Hearing

_____

[1] Capitalized but undefined terms shall have the meaning ascribed to them in the Motion.

{01526323.DOCXv3}

1

whether to grant the relief set forth in this Order. The Hearing may be rescheduled by the Court at the Hearing by oral notice without any further notice; and it is

FURTHER ORDERED that the relief set forth below is hereby granted subject to a written objection to the Motion of any entity (as that term is defined in section 101(15) of the Bankruptcy Code) filed with the Court no later than 5:00 p.m. two (2) business days before the Hearing (the "Objection Deadline"); and it is

FURTHER ORDERED that if a written objection is not filed on or before the Objection Deadline, the relief set forth in this Order shall immediately become effective and final; and it is

FURTHER ORDERED that if any entity (as that term is defined in section 101(15) of the Bankruptcy Code) in interest files a written objection, it must attach evidence to the written objection upon which it relies, cite specific supporting authority upon which it relies in the written objection, and appear at the Hearing to oppose the Motion. Failure to do all of the foregoing may result in the overruling of such objection; and it is

FURTHER ORDERED that the PBGC Settlement Agreement, a copy of which is attached as Exhibit "D" to the Motion, and the Lender Settlement Agreement, a copy of which is attached as Exhibit "E" to the Motion, are approved and authorized in all respects, subject to a party in interest filing a written objection on or before the Objection Deadline as set forth above; and it is

FURTHER ORDERED that the PBGC Settlement Agreement and the Lender Settlement Agreement (collectively, the "Settlement Agreements") are adopted and incorporated in their entirety herein by reference; and it is

FURTHER ORDERED that the claims asserted in the following three proofs shall be hereby allowed when—but only if—this order becomes a Final Order (as defined in the Plan) and the Lenders receive their distribution under the Lender Settlement Agreement: Epiq Claim Nos.

{01526323.DOCXv3}

2

560, 950, and 951; at the same time that such claims are allowed, the Liquidation Trustee's objection to such claims shall be deemed permanently resolved with both parties bearing their own costs; for the avoidance of doubt, the foregoing allowance shall not affect in any way the PBGC Settlement Agreement or the distributions the Liquidation Trustee should make on account of such settlement agreement; and it is

FURTHER ORDERED that from the time that this order is entered until this order becomes a Final Order (as defined in the Plan) and the Lenders receive their distribution under the Lender Settlement Agreement, the Liquidation Trustee's objection to the claims of the Pension Benefit Guaranty Corporation shall be stayed; and it is

FURTHER ORDERED that the Notice of Status Conference [Bankr. Docket No. 1708] scheduled for 1:00 p.m. on December 8, 2016 be removed from the calendar and shall not be held; and it is

FURTHER ORDERED that all other provisions of the order notwithstanding, the Liquidation Trustee is hereby authorized and directed to take all actions contemplated by the Settlement Agreements; and it is

FURTHER ORDERED that the Proposed Distribution is hereby approved and the Liquidation Trustee is hereby authorized to distribute the funds in the Liquidation Trust pursuant to the Proposed Distribution; and it is

FURTHER ORDERED that every entity (as that term is defined in section 101(15) of the Bankruptcy Code) is hereby barred from asserting any "Trust Costs" (as that term is defined in the Trust Agreement) that have accrued on or before the date of the distribution to the Lenders unless the Liquidation Trustee agrees otherwise in writing; for the avoidance of doubt, the Liquidation Trustee can so agree at any point; and it is

FURTHER ORDERED that every entity (as that term is defined in section 101(15) of the Bankruptcy Code) is hereby barred from asserting any and all claims, causes of action, damages, liabilities, contentions, controversies, suits, demands, and any other assertion of liability of every kind and nature whatsoever including, but not limited to, any equitable or legal form of relief arising from or in any way related to the above-reference bankruptcy cases or the Liquidation Trust against the Liquidation Trust, Robert H. Barnett as well as the Liquidation Trustee's current and former employees, advisors, advisory firms, consultants, attorneys, law firms, accountants, professionals, professional service firms, agents, representatives, heirs and assigns; and it is

FURTHER ORDERED that Robert H. Barnett along with  the Liquidation Trustee's current and former employees, advisors, advisory firms, consultants, attorneys, law firms, accountants, professionals, professional service firms, agents, representatives, heirs and assigns are hereby forever exculpated and released from any and all claims, causes of action, damages, liabilities, contentions, controversies, suits, demands, and any other assertion of liability of every kind and nature whatsoever including, but not limited to, any equitable or legal form of relief arising from or in any way related to the above-reference bankruptcy cases or the Liquidation Trust;  and it is

FURTHER ORDERED that (a) the claims set forth on Exhibit A" to the Motion are the only class 4 claims; (b) the claims set forth on Exhibit "B" to the Motion are the only class 5 claims; and (c) the claims set forth on Exhibit "C" to the Motion are the only class 6 claims; and it is

FURTHER ORDERED that notwithstanding any Federal Rule of Bankruptcy Procedure to the contrary, the Order shall be immediately enforceable upon its entry; and it is

{01526323.DOCXv3}

FURTHER ORDERED that the Court hereby retains the exclusive venue and jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of the this Order; and it is

FURTHER ORDERED that the provisions of this order are non-severable and mutually dependent; and it is

FURTHER ORDERED that—if this order is entered at or before 3:00 p.m.—the Liquidation Trustee shall mail a copy of the original Motion, the supplemental motion, and this order (collectively, the "Pleadings") the same business day as its entry to the entities (as that term is defined in section 101(15) of the Bankruptcy Code) set forth on Exhibit "A" on Bankr. Docket No. 1430 or Exhibit "A" to Bankr. Docket No. 1490.  If this order is entered after 3:00 p.m., the Liquidation Trustee shall mail a copy of the Pleadings the business day following its entry to the entities (as that term is defined in section 101(15) of the Bankruptcy Code) set forth on Exhibit "A" on Bankr. Docket No. 1430 or Exhibit "A" to Bankr. Docket No. 1490.  For the avoidance of doubt, however, if a claim has been disallowed, the Liquidation Trustee shall not be required to mail a copy of the Pleadings to such claimant.  No other or further service or notice shall be required.

SO ORDERED this 7th day of December, 2016
Brunswick, Georgia

JOHN S. DALIS
UNITED STATES BANKRUPTCY JUDGE

[the remainder of the page intentionally left blank]

{01526323.DOCXv3}

5

Prepared and presented by:

      */s/ Robert M.D. Mercer*
Robert M.D. Mercer
Georgia Bar No. 502317
Eric J. Silva (*admitted pro hac vice*)
Georgia Bar No. 442808
SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W., Suite 2700
Atlanta, Georgia 30303
(404) 688-6800 Telephone

*Counsel for Robert H. Barnett as the Liquidation Trustee Under the Sea Island Company Creditors Liquidation Trust*

Consented to by:

      */s/ David S. Wender*
David A. Wender, GA Bar No. 748117
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
david.wender@alston.com
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777

*Attorneys for Synovus Bank, for itself as a Lender and in its capacity as Agent on behalf of itself, Bank of Scotland PLC, and Bank of America, N.A., as signatories to the Restructuring Agreement, dated July 20, 2009*

{01526323.DOCXv3}

6