**IT IS ORDERED as set forth below:**



**Date: November 1, 2017**

Edward J. Coleman, III
United States Bankruptcy Court Judge

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| SEA ISLAND COMPANY, et al., | ) | |
| | ) | Case No. 10-21034 - EJC |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Judge Edward J. Coleman, III |
| | ) | |

**ORDER GRANTING, SUBJECT TO OBJECTION ON THE TERMS SET
FORTH BELOW, MOTION FOR APPROVAL OF SALE
OF THE LIQUIDATION TRUST'S INTEREST IN THE
TURK PROPERTY TO COTTAGE 429, LLC**

This matter came before the Court upon the Motion for Approval of Sale of the

Liquidation Trust's Interest in the Turk Property to Cottage 429, LLC [Bankr. Docket No. 1732]

(the "Motion").[1]  As indicated by the signature of its counsel below, Cottage 429, LLC (the

---

[1]  Capitalized, but undefined, terms used in this Order have the meaning ascribed to such terms
in the Motion.

"Buyer") consents to the relief granted below and agrees that this Order constitutes an "Approval Order" for purposes of the Sale Agreement.   Finding that cause exists to grant the relief requested, it is hereby:

ORDERED, ADJUDGED AND DECREED that the Motion is GRANTED as set forth below; and it is

**FURTHER ORDERED that the Sale Agreement, a copy of which is attached as Exhibit "A" to the Motion, and all of the terms of the Sale Agreement are hereby approved and incorporated in this Order by reference and the Sale is authorized in all respects, subject only to a party in interest with standing filing a written objection with the Court on or before November 27, 2017 (the "Objection Deadline"); and it is**

**FURTHER ORDERED that, if a timely written objection is filed with the Court by a party in interest with standing, the Court shall hold a hearing at 10:00 a.m. on December 4, 2017, at the U.S. Courthouse, 125 Bull Street, Courtroom 228, Savannah, Georgia 31401 (the "Hearing"), and the Court shall consider at the Hearing whether to approve the Sale and grant the other relief set forth in this Order; and it is**

FURTHER ORDERED that, unless a written objection filed by a party with standing appears on the docket of the Clerk of Court (as reflected on Pacer) by the Objection Deadline, the relief granted in this Order shall become immediately enforceable without any further order of the Court or action by any party; and it is

FURTHER ORDERED that the Turk Property (as that term is defined in the Sale Agreement) shall consist of no more than 34,000 square feet of real property;[2] and it is

---

[2]   The Plat incorporated into the Quitclaim Deed (as defined below) states the Turk Property is comprised of 31,384 square feet of real property.

FURTHER ORDERED that any party filing an objection to the Motion shall set forth the legal and factual bases for the objection and shall identify by schedule (or proof of claim) number, the amount, and the bases for the claim(s) upon which it asserts standing; and it is

FURTHER ORDERED that only the Beneficiaries of the Liquidation Trust and the United States Trustee shall have standing to file an objection; and it is

FURTHER ORDERED that in accordance with the terms of the Sale Agreement, the Liquidation Trustee shall hereby be entitled to the Payment on an irrevocable, unavoidable basis; and it is

FURTHER ORDERED that in no event shall the Sale or any matter or event authorized under, contemplated by, or leading up to the entry of this Order or the execution of the Sale Agreement result in any liability to, any obligation for, or Trust Cost (as that term is defined in the Trust Agreement) for the Liquidation Trust or the Liquidation Trustee other than the obligation to execute a deed conveying the Turk Property in substantially the same form as the quitclaim deed attached as an exhibit to the Sale Agreement (the "Quitclaim Deed"); and it is

FURTHER ORDERED that when the Order becomes a Final Order, the Liquidation Trustee shall promptly execute and deliver the Quitclaim Deed to the Buyer; and it is

FURTHER ORDERED that the Clerk of the Superior Court in Glynn County, Georgia is hereby ordered to accept this Order for filing in the Clerk's real property records, and this Order may be recorded in such real property records and shall be deemed to be in recordable form; and it is

FURTHER ORDERED that—in the event that the Court must construe the Order—the parties do not intend for there to be any—and there shall be no—presumption against the drafter; and it is

{01633132.DOCXv1}

FURTHER ORDERED that any Federal Rule of Bankruptcy Procedure to the contrary notwithstanding, the Order shall be immediately enforceable as set forth above; and it is

FURTHER ORDERED that the Court hereby retains exclusive venue and jurisdiction to hear and determine all matters arising from or related to one or more of the following: the implementation, interpretation, and enforcement of the Sale Agreement or this Order; and it is

FURTHER ORDERED that pursuant to ECF Local Rule 9, the Electronic Case File notice automatically sent to attorneys who have filed a pleading in these cases shall constitute service on such attorneys and their clients of the Motion and this Order.  No other or further notice or service of the Motion or this Order shall be required.

[END OF DOCUMENT]

[Signatures of Counsel appear next page]

Prepared and presented by:


_____*/s/ Robert M.D. Mercer*_____
Robert M.D. Mercer
Georgia Bar No. 502317
SCHULTEN WARD TURNER & WEISS LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia  30303
(404) 688-6800  Telephone
(404) 688-6840  Facsimile

*Counsel for Robert H. Barnett as the*
*Liquidation Trustee under the Sea Island*
*Company Creditors Liquidation Trust*

Consented to by:


_____*/s/ David W. Cranshaw*_____
David W. Cranshaw
Georgia Bar No. 193450
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
(404) 233-7000 Telephone
(404) 365-9532 Facsimile

*Counsel for Cottage 429, LLC*